1 | **REMV**
2 | MICHAEL C. MILLS, ESQ.
   | Nevada Bar No. 003534
3 | BAUMAN LOEWE WITT & MAXWELL, PLLC
   | 3650 N. Rancho Dr., Ste. 114
4 | Las Vegas, Nevada  89130
   | Telephone No.:  702-240-6060
5 | Fax No.:  702-240-4267

6 | ERIC R. MCDONOUGH, ESQ.
   | (Pro Hac Vice Pending)
7 | AMY A. ABELOFF, ESQ.
   | (Pro Hac Vice Pending)
8 | SEYFARTH SHAW LLP
   | 2029 Century Park East, Ste. 3500
9 | Los Angeles, California 90067
   | Telephone No.:  310-277-7200
10 | Fax No.:  310-201-5219

11 | Attorneys for Defendant/Counterclaimant/Cross-Claimant,
   | Randstad Professionals US, LP

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| COUNT'S KUSTOMS, LLC, a Nevada corporation, | Case No.:   2:16-cv-00910-JAD-GWF |
| Plaintiff, | |
| vs. | |
| JOSEPH FRONTIERA, an individual, and RANDSTAD PROFESSIONALS US, LP, a Delaware limited partnership, d/b/a RANDSTAD PROFESSIONALS, DOES I through X, and DOE CORPORATIONS XI through XX, inclusive, | **AMENDED NOTICE OF REMOVAL** |
| Defendants. | |
| RANDSTAD PROFESSIONALS US, LP, | |
| Plaintiff-in-Counterclaim, | |
| COUNT'S KUSTOMS, LLC, | |
| Defendant-in-Counterclaim. | |
| RANDSTAD PROFESSIONALS US, LP, | |
| Cross-Claimant, | |
| JOSEPH FRONTIERA, | |
| Cross-Defendant. | |

2537582v1

## AMENDED NOTICE OF REMOVAL

To:     THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

Defendant/Counter-Claimant/Cross-Claimant, Randstad Professionals US. LP hereby Notice the Removal of this action to the United States District Court and, in support thereof, states as follows:

1.      On or about March 22, 2016, Plaintiff commenced an action in the Eighth Judicial District Court, Clark County, Nevada, entitled *Count's Kustoms, LLC, v. Joseph A. Frontiera, Randstad Professionals US, LP,* Case No. A-16-733821-C. A copy of Plaintiffs Complaint is attached Exhibit A.

2.      Service of Summons and Complaint upon Defendant/Counter-Claimant/Cross-Claimant, Randstad US, LP dba Randstad Professionals , c/o CSC Services of Nevada, Inc. as Registered Agent  was made on March 28, 2016.

3.      Defendant/Counter-Claimant/Cross-Claimant, Randstad US, LP filed an Answer to Plaintiffs Complaint, Counterclaims Against Defendant in Counterclaim Count's Kustoms, LLC, and Cross-Claims Against Cross-Defendant Joseph Frontiera And Request for Designation as Business Court Matter on April 18, 2016. A copy of Defendant Randstad US, LP's Answer, Cross-Claim and Counterclaim is attached a Exhibit B.

4.      This case was reassigned to Business Court , Case No. A-16-733821-B on April 18, 2016. The court's Notice of Reassignment is attached as Exhibit C.

**5.      When Defendant filed the original Notice of Removal, Plaintiff had filed a Motion to Strike Counterclaim or in the Alternative, Motion to Dismiss in the Eighth Judicial District Court, Case No. A-16-733821 that Defendant was unaware of. Attached as Exhibit D. A hearing has been scheduled for May 23, 2016 at 9:00 a.m. in the Eighth Judicial District Court, Department 13.**

6.      This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332. Further, this matter is one that may be removed to this Court pursuant to 28 U.S.C. §1441 because it is a civil action that is between citizens of

2537582v1

1  different states and in which the amount in controversy exceeds $75,000, exclusive of

2  interest and costs.

3       7.    Plaintiff alleges in the Complaint that at all times relevant, Count's

4  Kustoms, LLC is and was a duly licensed business incorporated in the State of Nevada.

5       8.    Plaintiff alleges in the Complaint that Defendant, Joseph Frontiera is now

6  believed to be a resident of DeFuniak Springs, Florida 32435.

7       9.    Defendant/Counter-Claimant/Cross-Claimant, Randstad US, LP is and at

8  all times relevant, a Delaware Corporation, duly licensed to conduct business in the

9  State of Nevada, County of Clark.

10      10.    DOES I-X and ROE CORPORATIONS I-X inclusive are named and sued

11  fictitiously and their citizenship is disregarded as a matter of law for purposes of removal

12  on grounds of diversity jurisdiction.

13      11.    There is now and was at the time of the commencement of this action

14  complete diversity between Plaintiff and all Defendants.

15      12.    The Complaint alleges claims for Breach of Contract, Breach of Covenant

16  of Good Faith & Fair Dealings, Fraud, Negligent Misrepresentation, Unjust Enrichment,

17  Conversion/Constructive Trust, Embezzlement – Civil Theft and Negligent Supervision.

18      13.    Plaintiff prays for an award of general, compensatory, and special

19  damages in amount in excess of $10,000.00, punitive damages in an amount sufficient

20  to deter similar conduct in the future, reasonable attorney's fees, costs and interest

21  incurred, and pre-judgment interest.

22      14.    Plaintiff's demand for settlement sought a recovery of $75,745.82.

23      15.    Thirty days have not elapsed since Defendant/Counter-Claimant/Cross-

24  Claimant, Randstad US, LP which was served with a summons on March 28, 2016.

25      16.    A true and correct copy of this Notice of Removal is being filed on this

26  date with the Clerk of the Eighth Judicial District Court, Clark County, Nevada.

27      17.    Based on the foregoing, Defendant/Counter-Claimant/Cross-Claimant

28  //

1  hereby removes the above-referenced action now pending in the Eighth Judicial District

2  Court, in and for the County of Clark, as Case No. A-16-733821-B to this Court.

3      DATED this 27th day of April 2016.

4                      BAUMAN LOEWE WITT & MAXWELL, PLLC

8                      MICHAEL C. MILLS, ESQ.
                    Nevada Bar No. 003534

9                      3650 N. Rancho Dr., Ste. 114
                    Las Vegas, NV 89130

10                     ERIC R. MCDONOUGH, ESQ.
                    (Pro Hac Vice Pending)

11                     AMY A. ABELOFF, ESQ.
                    (Pro Hac Vice Pending)

12                     SEYFARTH SHAW LLP
                    2029 Century Park East, Ste. 3500

13                     Los Angeles, California 90067
                    Telephone No.: 310-277-7200

14                     Fax No.: 310-201-5219

15                     Attorneys for Defendant/Plaintiff-in-
                    Counterclaim/Cross-Claimant

16                     Randstad Professionals US, LP

20 A Plaintiff's Complaint

21 B Defendant's Answer, Counter-claim and Cross Claim.
C Notice of Reassignment to Business Court.

22 D Plaintiffs Motion to Strike or Dismiss

EXHIBIT "A"

EXHIBIT "A"

Electronically Filed
03/22/2016 10:54:57 AM

*[signature]*

CLERK OF THE COURT

1  **COMP**
   STEVEN MACK, ESQ.
2  Nevada Bar No. 4000
   **BLACK & LOBELLO**
3  10777 W. Twain Ave., 3rd Fl.
   Las Vegas, Nevada 89135
4  (702) 869-8801
   (702) 869-2669 (fax)
5  smack@blacklobellolaw.com
6  Attorneys for Plaintiff

7                   **DISTRICT COURT**

8              **CLARK COUNTY, NEVADA**

9  COUNT'S KUSTOMS, LLC, a Nevada          Case No.: A- 16 - 733821 - C
   Corporation,                            Dept No.:
10                                                    XXVIII
                      Plaintiff,
11
   vs.
12                                         **COMPLAINT**
   JOSEPH A. FRONTIERA, an individual, and **EXEMPT FROM ARBITRATION, CLAIM**
13 RANDSTAD PROFESSIONALS US, LP, a        **OVER $50,000.00**
   Delaware   Corporation   dba  RANDSTAD
14 PROFESSIONALS;   DOES   I-X  and  ROE
   CORPORATIONS XI – XX, inclusive,
15
16                   Defendants.

17

18       COMES NOW, Plaintiff, COUNT'S KUSTOMS, LLC, ("Plaintiff" or "CK"), a Nevada

19 Corporation, by and through its attorneys of record, Steven Mack, Esq. of the law firm of Black

20 & LoBello, and hereby files this Complaint against the above-named Defendants, and alleges as

21 follows:

22                              **PARTIES**

23       1.     Plaintiff, Count's Kustoms, LLC, at all times relevant herein, is and was a duly

24 licensed business incorporated in the State of Nevada.

25       2..    Defendant, Joseph Frontiera, ("Frontiera") at all times relevant herein, was a

26 resident of the State of Nevada, County of Clark, and is now believed to be a resident of

27 DeFuniak Springs, Florida 32435.

28 ///

                              Page 1 of 10

BLACK & LOBELLO
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

BLACK & LOBELLO
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

1        3.     Defendant, Randstad Professionals UA, LLC dba Randstad Professionals

2  ("Randstad"), at all times relevant herein, is and was a Delaware Corporation, duly licensed to

3  conduct business in the State of Nevada, County of Clark.

4        4.     The true names and capacities of Defendants named herein DOES I through X

5  and ROE CORPORATIONS XI through XX, whether individual, corporate, business entities,

6  associates or otherwise, are set forth herein pursuant to Rule 10 of the Nevada Rules of Civil

7  Procedure as unknown to Plaintiff, who therefor sue said Defendants by such fictitious names.

8  Plaintiff is informed and believes, and therefore alleges, that each of the Defendants designated

9  herein as DOES I through XX and ROE CORPORATIONS I through XX, inclusive, are

10  responsible in some manner for the events and happenings herein referred to and negligently,

11  fraudulently, or in breach of contract caused injury and damages proximately thereby to the

12  Plaintiff as herein alleged. Plaintiff will ask leave of this Court to amend this Complaint to insert

13  the true names and capacities of said Defendants DOES I through XX and ROE

14  CORPORATIONS I through XX, inclusive, when the same have been ascertained by

15  PLAINTIFF, together with appropriate charging allegations, and to join such Defendants in this

16  action.

17                          **GENERAL ALLEGATIONS**

18        5.     On or about June 6, 2013, Defendant Frontiera was hired by CK through the

19  employment agency Defendant Randstad to serve as the General Manager to assist in the day to

20  day operations, including but not limited to hiring, marketing, accounting, daily operations

21  decisions, task assignments, inventory control, scheduling, collections, garage operations and

22  restoration projects in the absence of management.

23        6.     Plaintiff chose Randstad in order to hire a highly trained, qualified person who

24  had been screened and vetted, including reference checks, background checks and verifications.

25        7.     Plaintiff paid a fee to Randstad for their services in referring a person with a clear

26  background check including employment history and criminal history to it for employment as a

27  shop manager, i.e. Frontiera.

28  ///

8. Defendant Frontiera's main responsibilities were to keep operations running smoothly and to make sure the vehicles being worked on were completed in a timely manner.

9. CK relied on Randstad to perform all of the duties represented by it various marketing materials, written agreements and direct representations such that the person placed by Randstad into CK, could be fully trusted to perform their job and handle company assets.

10. Had Randstad performed its duties adequately, it would have discovered Frontiera's past employment history, which included prior charges for embezzlement when he was in a position of such access.

11. In order to effect his job, Defendant Frontiera was added as a signer to the accounts at Count's Kustoms.

12. Frontiera reported to Kevin Mack and Danial N. Koker, II, and was to run the business day to day, as well as in their absence.

13. Unbeknownst to Plaintiff, Frontiera had signature stamps made of Daniel N. Koker II and Kevin Mack for the purpose of stamping checks in their absence. Such signature stamps were not authorized by Daniel N. Koker II or Kevin Mack.

14. Further, upon hiring of Frontiera, he began using Plaintiff's finances for personal reasons not authorized by Plaintiff or Plaintiff's upper management.

15. CK monies were used by Frontiera for his personal use believed to be in excess of $75,000.00, and was discovered through investigation, including but not limited to:

    a. Down payment of personal vehicle, Land Rover Range Rover, in the amount of $5,800.00;

    b. Airline tickets for personal use in the amount of $5,104.00;

    c. Services paid for by Count's Kustoms for Defendant Frontiera's personal vehicles in the amount of $14,317.50.

16. In addition, Frontiera failed to perform his job adequately, such that he failed to cause fourth quarter 2013 payroll taxes to be timely paid, in the approximate amount of $47,858.04, which resulted in IRS penalties of $18,310.08.

17. Frontiera also failed to pay the Nevada State Department of Taxation timely,

BLACK & LOBELLO
1077 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

1   resulting in penalties and interest of $8,645.55

2          18.     Frontiera also failed to pay the Live Entertainment Tax, resulting in penalties of

3   $1,662.59.

4          19.     Frontiera also failed to pay the Sales & Use tax, resulting in penalties of

5   $2,115.70.

6                          FIRST CLAIM FOR RELIEF
                               (Breach of Contract)
7                                  (Randstad)

8          17. Plaintiff repeats and re-alleges each and every allegation heretofore stated and

9   incorporates same as thought fully set forth herein.

10         18. On or about June 6, 2013, Plaintiff and Defendants entered into an employment

11  contract for the hiring of Defendant Frontiera with Randstad.

12         19. Plaintiff performed all conditions, covenants, and promises required by it to be

13  performed in accordance with the parties

14         20. Defendant Randstad had allegedly performed a background screening of Defendant

15  Frontiera to ascertain any negative employment history and criminal convictions.

16         21. Defendant Randstad failed to perform the background screening and/or failed to

17  disclose to Plaintiff the results of said screening which should have revealed Defendant

18  Frontiera's negative employment history and criminal activity thereby failing to provide the very

19  services contracted.

20         22. As a result of Randstad's breach of contract, Plaintiff is entitled to damages in excess

21  of $10,000.00 to be proven at the time of trial on the merits.

22         23. It has become necessary for Plaintiff to retain the services of Black & LoBello to

23  prosecute this action and Plaintiff is entitled to an award of reasonable attorneys' fees and

24  interest under Nevada law.

25  ///

26  ///

27  ///

28

BLACK & LOBELLO
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

BLACK & LOBELLO
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

## SECOND CLAIM FOR RELIEF
### (Breach of Covenant of Good Faith & Fair Dealing)
### (Randstad)

24. Plaintiff repeats and re-alleges each and every allegation heretofore stated and incorporates same as thought fully set forth herein.

25. There exists in law and all contracts an implied covenant of good faith and fair dealing.

26. Randstad breached the covenant of good faith and fair dealing by failing to perform their contractual obligations, as set forth in the paragraphs above.

27. Randstad further breached the covenant of good faith and fair dealing by failing to perform its contractual duties of providing a vetted employee, or failed to inform Plaintiff of Frontiera's negative employment history and criminal background.

28. As a result of Randstad, breach of implied covenant of good faith and fair dealing, Plaintiff is entitled to damages in excess of $10,000.00 to be proven at the time of trial on the merits.

29. It has become necessary for Plaintiff to retain the services of Black & LoBello to prosecute this action and Plaintiff is entitled to an award of reasonable attorneys' fees and interest under Nevada law.

## THIRD CLAIM FOR RELIEF
### (Fraud)
### (Frontiera and Randstad)

30. Plaintiff repeats and re-alleges each and every allegation heretofore stated and incorporates same as thought fully set forth herein.

31. Defendant Frontiera was hired on June 6, 2013 by Plaintiff from Defendant Randstad Professional. Randstad Professional allegedly conducts background screening on all potential employees prior to referring them to clients for hire. Plaintiff relied upon Defendant Randstad's assertion that Defendant Frontiera was suitable for employment.

///

BLACK & LOBELLO
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

32. Defendant Randstad represented to Plaintiff that Defendant Frontiera was a qualified potential employee and had passed their background screening with no negative employment history or criminal history prior to being hired in June of 2013.

33. Further, Frontiera represented himself as a qualified employee without negative employment history or criminal history.

34. After Plaintiff began finding irregularities in its accounting as well as some of the clients' accounts and projects, Plaintiff conducted its own background screening and found that Defendant Frontiera had, in fact, a criminal history with a past employer in Florida for embezzlement and fraud.

35. Randstad knew or should have known the employment history and criminal history of Defendant Frontiera had it properly conducted the background screening as purported to Plaintiff.

36. Plaintiff further relied on Randstad's representation to its detriment, as it would not have employed Frontiera had Plaintiff been fully apprised of the true nature of Frontiera's employment history and criminal background by Randstad

37. Plaintiff has been monetarily damaged by relying upon Randstad's and Defendant Frontiera's misrepresentations or failures to disclose that Frontiera did not have a negative employment history nor did he have a criminal history, whereby Frontiera

38. Plaintiff is entitled to exemplary and punitive damages pursuant to NRS 42.005 for the misconduct of Defendants.

39. As a result of the Intentional Misrepresentation of Defendants', and each of them, Plaintiff is entitled to damages in excess of $10,000.00 to be proven at the time of trial on the merits.

40. It has become necessary for Plaintiff to retain the services of Black & LoBello to prosecute this action and Plaintiff is entitled to an award of reasonable attorneys' fees and interest under Nevada law.

///

///

BLACK & LOBELLO
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

## FOURTH CLAIM FOR RELIEF
### (Negligent Misrepresentation)
### (Randstad)

41. Plaintiff repeats and re-alleges each and every allegation heretofore stated and incorporates same as thought fully set forth herein.

42. Randstad owed a duty to Plaintiff to disclose all employment history and criminal history regarding Frontiera.

43. Plaintiff relied on Defendants representations to enter into an employment contract with Defendant Frontiera.

44. As a result of Defendants' representations regarding their purchase of the Subject Property, Plaintiff has suffered damages in excess of $10,000, the exact amount to be determined at the time of trial.

45. It has become necessary for Plaintiff to retain the services of Black & LoBello to prosecute this action and Plaintiff is entitled to an award of reasonable attorneys' fees and interest under Nevada law.

## FIFTH CLAIM FOR RELIEF
### (Unjust Enrichment)
### (Frontiera and Randstad)

46. Plaintiff repeats and re-alleges each and every allegation heretofore stated and incorporates same as thought fully set forth herein.

47. Randstad misrepresented Frontiera's background screening regarding his employment history and criminal history and received payment from Plaintiff, because Plaintiffs believed that they were obtaining a qualified and vetted employee.

48. Defendant Frontiera used his position as shop manager to his personal monetary advantage, without the approval of Plaintiff's upper management, and monetarily harming Plaintiff without benefit to Plaintiff.

49. It would be inequitable and unjust to allow Defendants, and each of them, to reap the benefits of their wrongful conduct.

50.  As a result of Defendants' actions set forth in the paragraphs above, Plaintiff has been damaged and Defendants have been unjustly enriched in an amount in excess of $10,000.00.

51. It has become necessary for Plaintiff to retain the services of Black & LoBello to prosecute this action and Plaintiff is entitled to an award of reasonable attorneys' fees and interest under Nevada law.

<u>SIXTH CLAIM FOR RELIEF</u>
(Conversion/Constructive Trust)
(Frontiera)

52.  Plaintiff repeats and re-alleges each and every allegation heretofore stated and incorporates same as thought fully set forth herein.

53. Defendant Frontiera wrongfully and inappropriately exerted an act of domain over Plaintiff's monies by virtue of and taking advantage of his position with Plaintiff.

54. The act was in denial of, or inconsistent with Plaintiff's property, including money, at its place of business or the act was in derogation, exclusion or defiance of Plaintiff's title or rights in the monetary or other property.

55. As a result of Defendants' actions set forth in the paragraphs above, Plaintiff has been damaged and Defendants have been unjustly enriched in an amount in excess of $10,000.00.

56. It has become necessary for Plaintiff to retain the services of Black & LoBello to prosecute this action and Plaintiff is entitled to an award of reasonable attorneys' fees and interest under Nevada law.

<u>SEVENTH CLAIM FOR RELIEF</u>
(Embezzlement – Civil Theft)
(Frontiera)

57.  Plaintiff repeats and re-alleges each and every allegation heretofore stated and incorporates same as thought fully set forth herein.

58. Defendant Frontiera, as the shop manager, was entrusted with business transactions, bank accounts, credit, money, property, employees and financial information of Plaintiff.

59. Defendant Frontiera used or appropriated the business transactions, money, property,

BLACK & LoBELLO
1077 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

BLACK & LoBELLO
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

1    employees and financial information, for another purpose than that for which he was entrusted

2    believed to be in excess of $75,000.00, including, but not limited to, the down payment for his

3    personal vehicle, a Land Rover Range Rover, in the amount of $5,800.00, airline tickets for

4    personal use in the amount of $5,104.00, services paid for Defendant Frontiera's personal

5    vehicles in the amount of $14,317.50, and payments for Defendant Frontiera's personal charge

6    accounts with Home Depot.

7        60. As a result of Defendants' actions set forth in the paragraphs above, Plaintiff has been

8    damaged and Defendants have been unjustly enriched in an amount in excess of $10,000.00.

9        61. Defendant Frontiera's actions were intentional, willful and malicious, and Plaintiff is

10   entitled to punitive and exemplary damages pursuant to NRS 42.005.

11       62. It has become necessary for Plaintiff to retain the services of Black & LoBello to

12   prosecute this action and Plaintiff is entitled to an award of reasonable attorneys' fees and

13   interest under Nevada law.

14   **EIGHTH CLAIM FOR RELIEF**
(Negligent Supervision)
(Randstad)

16       63. Plaintiff repeats and re-alleges each and every allegation heretofore stated and

17   incorporates same as thought fully set forth herein.

18       64. Randstad knew or should have known that Frontiera had a criminal background,

19   which included the allegations of prior similar bad acts, including prior allegations of

20   embezzlement.

21       65. That Randstad, understood the role that Frontiera was to be hired for at CK, yet

22   never-the-less, provided him to CK. Randstad represented Frontiera as a person that was vetted

23   and qualified to perform the functions, such that he could be trusted with autonomy and access to

24   financial information and accounts, in a position of great responsibility, access and power.

25       66. As a result of Defendants' actions set forth in the paragraphs above, Plaintiff has been

26   damaged and Defendants have been unjustly enriched in an amount in excess of $10,000.00.

27

28

Page 9 of 10

67. It has become necessary for Plaintiff to retain the services of Black & LoBello to prosecute this action and Plaintiff is entitled to an award of reasonable attorneys' fees and interest under Nevada law.

68. A judicial determination is necessary and appropriate at this time in order to determine the rights and duties of the parties.

WHEREFORE, Plaintiff requests the following relief:

1.     For an award of general, compensatory, and special damages as set forth above in an amount in excess of $10,000, a specific amount to be determined at trial;

2.     For an award of punitive damages in an amount sufficient to deter similar conduct in the future;

3.     For reasonable attorney's fees, costs and interest incurred;

4.     For an award of pre-judgment interest; and

5.     For such other further relief as the court deems proper.

DATED this ___ day of March 2016.

BLACK & LOBELLO

STEVEN MACK, ESQ.
Nevada Bar No. 4000
10777 W. Twain Ave., Third Floor
Las Vegas, Nevada 89135
Attorneys for Plaintiff

EXHIBIT "B"

EXHIBIT "B"

Electronically Filed
04/18/2016 11:57:14 AM

CLERK OF THE COURT

1  **AACC**
   MICHAEL C. MILLS, ESQ.
2  Nevada Bar No. 003534
   BAUMAN LOEWE WITT & MAXWELL, PLLC
3  3650 N. Rancho Dr., Ste. 114
   Las Vegas, Nevada 89130
4  Telephone No.: 702-240-6060
   Fax No.: 702-240-4267
5
   ERIC R. MCDONOUGH, ESQ.
6  (Pro Hac Vice Pending)
   AMY A. ABELOFF, ESQ.
7  (Pro Hac Vice Pending)
   SEYFARTH SHAW LLP
8  2029 Century Park East, Ste. 3500
   Los Angeles, California 90067
9  Telephone No.: 310-277-7200
   Fax No.: 310-201-5219
10
11 Attorney for Defendant/Counterclaimant/Cross-Claimant,
   Randstad Professionals US, LP
12
                    **DISTRICT COURT**
13
                **CLARK COUNTY, NEVADA**
14
15 COUNT'S KUSTOMS, LLC, a Nevada            Case No.: A-16-733821-C
   corporation,                              Dept. No.: XXVIII
16
          Plaintiff,                         REQUEST FOR DESIGNATION AS
17                                           "BUSINESS MATTER" PURSUANT TO
   vs.                                       EJDCR 1.61.
18
   JOSEPH FRONTIERA, an individual, and
19 RANDSTAD PROFESSIONALS US, LP,
   a Delaware limited partnership, d/b/a
20 RANDSTAD PROFESSIONALS, DOES I
   through X, and DOE CORPORATIONS XI
21 through XX, inclusive,
22        Defendants.
   ─────────────────────────────────
23 RANDSTAD PROFESSIONALS US, LP,
24        Plaintiff-in-Counterclaim,
25 COUNT'S KUSTOMS, LLC,
26        Defendant-in-Counterclaim.
   ─────────────────────────────────
27 ─────────────────────────────────────────────────────────────────
   DEFENDANT RANDSTAD PROFESSIONALS US, LP's ANSWER TO PLAINTIFF'S COMPLAINT,
28 COUNTERCLAIMS AGAINST DEFENDANT-IN-COUNTERCLAIM COUNT'S KUSTOMS, LLC, AND
   CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA AND
   REQUEST FOR DESIGNATION AS BUSINESS COURT MATTER

                        - Page 1 of 26 -

2530531v1

RANDSTAD PROFESSIONALS US, LP,

      Cross-Claimant,

JOSEPH FRONTIERA,

      Cross-Defendant.

**DEFENDANT RANDSTAD PROFESSIONALS US, LP's ANSWER TO PLAINTIFF'S COMPLAINT, COUNTERCLAIMS AGAINST DEFENDANT-IN-COUNTERCLAIM COUNT'S KUSTOMS, LLC, AND CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA AND REQUEST FOR DESIGNATION AS BUSINESS COURT MATTER**

COMES NOW Defendant/Plaintiff-in-Counterclaim/Cross-Claimant, Randstad Professionals US, LP ("Randstad"), by and through its counsel of record, Michael C. Mills, Esq., of the law firm of Bauman Loewe Witt & Maxwell, PLLC, and Eric R. McDonough, Esq. and Amy A. Abeloff, Esq., of the law firm of Seyfarth Shaw LLP, and requests that this Honorable Court designate this as a Business Court Matter pursuant to EJDCR 1.61(c)(2) files this Answer to Complaint, Counterclaims Against Defendant-in-Counterclaim Count's Kustoms, LLC ("CK"), and Cross-Claims Against Cross-Defendant Joseph Frontiera ("Frontiera") as follows:

## GENERAL ALLEGATIONS

1.     Answering Paragraph 1 of Plaintiff's Complaint, this answering Defendant, Randstad admits the allegations contained therein.

2.     Answering Paragraph 2 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to the truth or falsity of the allegations contained therein and upon said ground denies the same, and avers that Frontiera resided in the State of Nevada at the time of his employ with Plaintiff.

3.     Answering Paragraph 3 of Plaintiff's Complaint, this answering Defendant Randstad denies the allegations contained therein, and avers that Defendant Randstad

DEFENDANT RANDSTAD PROFESSIONALS US, LP's ANSWER TO PLAINTIFF'S COMPLAINT, COUNTERCLAIMS AGAINST DEFENDANT-IN-COUNTERCLAIM COUNT'S KUSTOMS, LLC, AND CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA AND REQUEST FOR DESIGNATION AS BUSINESS COURT MATTER

2530531v1

1   is a limited partnership organized under the laws of the State of Delaware.

2        4.    Answering Paragraph 4 of Plaintiff's Complaint, this answering Defendant

3   Randstad denies the allegations contained therein.

4        5.    Answering Paragraph 5 of Plaintiff's Complaint, this answering Defendant

5   Randstad denies the allegations contained therein, and avers that on or around June

6   17, 2013, Frontiera was hired by CK through the use of Randstad's services to serve as

7   Controller on a temporary basis.

8        6.    Answering Paragraph 6 of Plaintiff's Complaint, this answering Defendant

9   Randstad is without sufficient information upon which to base a belief as to the truth or

10  falsity of the allegations contained therein and upon said ground denies the same.

11       7.    Answering Paragraph 7 of Plaintiff's Complaint, this answering Defendant

12  Randstad denies the allegations contained therein, except admits that CK paid to

13  Randstad a fee, and avers that such fee was to compensate Randstad for services

14  rendered to CK as described in the Randstad Finance & Accounting Service Agreement

15  (the "Agreement") that Randstad prepared for CK's and Frontiera's signature.

16       8.    Answering Paragraph 8 of Plaintiff's Complaint, this answering Defendant

17  Randstad is without sufficient information upon which to base a belief as to the truth or

18  falsity of the allegations contained therein as the substance of Paragraph 8 does not

19  clearly designate to which of Frontiera's positions at CK Plaintiff refers, and upon said

20  ground denies the same.

21       9.    Answering Paragraph 9 of Plaintiff's Complaint, this answering Defendant

22  Randstad is without sufficient information upon which to base a belief as to the truth or

23  falsity of the allegations contained therein as the substance of Paragraph 9 does not

24  clearly designate to which of Frontiera's positions at CK Plaintiff refers and upon said

25  ground denies the same, and avers that the Agreement describes the rights,

26  expectations and obligations of all signatories.

27  DEFENDANT RANDSTAD PROFESSIONALS US, LP's ANSWER TO PLAINTIFF'S COMPLAINT,
    COUNTERCLAIMS AGAINST DEFENDANT-IN-COUNTERCLAIM COUNT'S KUSTOMS, LLC, AND
28  CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA AND
    REQUEST FOR DESIGNATION AS BUSINESS COURT MATTER

2530531v1

1        10.     Answering Paragraph 10 of Plaintiff's Complaint, this answering

2  Defendant Randstad denies the allegations contained therein.

3        11.     Answering Paragraph 11 of Plaintiff's Complaint, this answering

4  Defendant Randstad is without sufficient information upon which to base a belief as to

5  the truth or falsity of the allegations contained therein and upon said ground denies the

6  same.

7        12.     Answering Paragraph 12 of Plaintiff's Complaint, this answering

8  Defendant Randstad is without sufficient information upon which to base a belief as to

9  the truth or falsity of the allegations contained therein as the substance of Paragraph 12

10  does not clearly designate to which of Frontiera's positions at CK Plaintiff refers, and

11  upon said ground denies the same.

12        13.     Answering Paragraph 13 of Plaintiff's Complaint, this answering

13  Defendant Randstad is without sufficient information upon which to base a belief as to

14  the truth or falsity of the allegations contained therein and upon said ground denies the

15  same.

16        14.     Answering Paragraph 14 of Plaintiff's Complaint, this answering

17  Defendant Randstad is without sufficient information upon which to base a belief as to

18  the truth or falsity of the allegations contained therein and upon said ground denies the

19  same.

20        15.     Answering Paragraph 15 of Plaintiff's Complaint, this answering

21  Defendant Randstad is without sufficient information upon which to base a belief as to

22  the truth or falsity of the allegations contained therein and upon said ground denies the

23  same.

24        16.     Answering Paragraph 16 of Plaintiff's Complaint, this answering

25  Defendant Randstad is without sufficient information upon which to base a belief as to

26  the truth or falsity of the allegations contained therein and upon said ground denies the

27

28

DEFENDANT RANDSTAD PROFESSIONALS US, LP's ANSWER TO PLAINTIFF'S COMPLAINT,
COUNTERCLAIMS AGAINST DEFENDANT-IN-COUNTERCLAIM COUNT'S KUSTOMS, LLC, AND
CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA AND
REQUEST FOR DESIGNATION AS BUSINESS COURT MATTER

- Page 4 of 26 –

2530531v1

1 | same.

2 |      17.    Answering Paragraph 17 of Plaintiff's Complaint, this answering

3 | Defendant Randstad is without sufficient information upon which to base a belief as to

4 | the truth or falsity of the allegations contained therein and upon said ground denies the

5 | same.

6 |      18.    Answering Paragraph 18 of Plaintiff's Complaint, this answering

7 | Defendant Randstad is without sufficient information upon which to base a belief as to

8 | the truth or falsity of the allegations contained therein and upon said ground denies the

9 | same.

10 |      19.    Answering Paragraph 19 of Plaintiff's Complaint, this answering

11 | Defendant Randstad is without sufficient information upon which to base a belief as to

12 | the truth or falsity of the allegations contained therein and upon said ground denies the

13 | same.

14 | **FIRST CLAIM FOR RELIEF**

15 | **(Breach of Contract)**

16 | **(Randstad)**

17 |      20.    Answering mislabeled Paragraph 17 of Plaintiff's Complaint, this

18 | answering Defendant Randstad repeats and re-alleges his answers as set forth in

19 | Paragraphs 1 through 19 above with the same force and effect as though fully set forth

20 | herein.

21 |      21.    Answering mislabeled Paragraph 18 of Plaintiff's Complaint, this

22 | answering Defendant Randstad denies the allegations contained herein, and avers that

23 | on or around June 17, 2013, Frontiera was hired by CK through the use of Randstad's

24 | services to serve as Controller on a temporary basis.

25 |      22.    Answering mislabeled Paragraph 19 of Plaintiff's Complaint, this

26 | answering Defendant Randstad is without sufficient information upon which to base a

27 |
28 | DEFENDANT RANDSTAD PROFESSIONALS US, LP's ANSWER TO PLAINTIFF'S COMPLAINT, COUNTERCLAIMS AGAINST DEFENDANT-IN-COUNTERCLAIM COUNT'S KUSTOMS, LLC, AND CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA AND REQUEST FOR DESIGNATION AS BUSINESS COURT MATTER

2530531v1

1  belief as to the truth or falsity of the allegations contained therein and upon said ground

2  denies the same.

3      23.    Answering mislabeled Paragraph 20 of Plaintiff's Complaint, this

4  answering Defendant Randstad denies the allegations contained therein, except admits

5  that, per the terms and conditions outlined in the Agreement, Randstad conducted its

6  own reference checks on Frontiera and took reasonable steps to verify the accuracy of

7  such, and avers that it performed the contracted services described in the Agreement.

8      24.    Answering mislabeled Paragraph 21 of Plaintiff's Complaint, this

9  answering Defendant Randstad denies the allegations contained herein, and avers that

10  Randstad performed the contracted services described in the Agreement.

11      25.    Mislabeled Paragraph 22 of Plaintiff's Complaint calls for a legal

12  conclusion to which no answer is required, and to the extent it is, this answering

13  Defendant Randstad denies the same.

14      26.    Answering mislabeled Paragraph 23 of Plaintiff's Complaint, this

15  answering Defendant Randstad is without sufficient information upon which to base a

16  belief as to whether the retention of Black & LoBello's services were necessary, and

17  upon said ground denies the same, and every other assertion set forth therein.

18  **SECOND CLAIM FOR RELIEF**

19  **(Breach of Covenant of Good Faith & Fair Dealing)**

20  **(Randstad)**

21      27.    Answering mislabeled Paragraph 24 of Plaintiff's Complaint, this

22  answering Defendant Randstad repeats and re-alleges his answers as set forth in

23  Paragraphs 1 through 26 above with the same force and effect as though fully set forth

24  herein.

25      28.    Mislabeled Paragraph 25 of Plaintiff's Complaint calls for a legal

26  conclusion to which no answer is required, and to the extent it is, this answering

27

28
DEFENDANT RANDSTAD PROFESSIONALS US, LP's ANSWER TO PLAINTIFF'S COMPLAINT,
COUNTERCLAIMS AGAINST DEFENDANT-IN-COUNTERCLAIM COUNT'S KUSTOMS, LLC, AND
CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA AND
REQUEST FOR DESIGNATION AS BUSINESS COURT MATTER

2530531v1

1  Defendant Randstad denies the same.

2      29.    Answering mislabeled Paragraph 26 of Plaintiff's Complaint, this

3  answering Defendant Randstad denies the allegations contained therein.

4      30.    Answering mislabeled Paragraph 27 of Plaintiff's Complaint, this

5  answering Defendant Randstad denies the allegations contained therein.

6      31.    Mislabeled Paragraph 28 of Plaintiff's Complaint calls for a legal

7  conclusion to which no answer is required, and to the extent it is, this answering

8  Defendant Randstad denies the same.

9      32.    Answering mislabeled Paragraph 29 of Plaintiff's Complaint, this

10  answering Defendant Randstad is without sufficient information upon which to base a

11  belief as to whether the retention of Black & LoBello's services were necessary, and

12  upon said ground denies the same, and every other assertion set forth therein.

13                     **THIRD CLAIM FOR RELIEF**

14                          **(Fraud)**

15                    **(Frontiera and Randstad)**

16      33.    Answering mislabeled Paragraph 30 of Plaintiff's Complaint, this

17  answering Defendant Randstad repeats and re-alleges his answers as set forth in

18  Paragraphs 1 through 32 above with the same force and effect as though fully set forth

19  herein.

20      34.    Answering mislabeled Paragraph 31 of Plaintiff's Complaint, this

21  answering Defendant Randstad denies the allegations contained therein, and avers that

22  on or around June 17, 2013, Frontiera was hired by CK through the use of Randstad's

23  services to serve as Controller on a temporary basis, and further avers that it performed

24  the contracted services described in the Agreement.

25      35.    Answering mislabeled Paragraph 32 of Plaintiff's Complaint, this

26  answering Defendant Randstad denies the allegations contained therein, except admits

27  DEFENDANT RANDSTAD PROFESSIONALS US, LP's ANSWER TO PLAINTIFF'S COMPLAINT,
   COUNTERCLAIMS AGAINST DEFENDANT-IN-COUNTERCLAIM COUNT'S KUSTOMS, LLC, AND
28  CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA AND
   REQUEST FOR DESIGNATION AS BUSINESS COURT MATTER

                          - Page 7 of 26 –

2530531v1

1    that it conducted reference checks on Frontiera as referenced in the Agreement.

2         36.      Answering mislabeled Paragraph 33 of Plaintiff's Complaint, this

3    answering Defendant Randstad is without sufficient information upon which to base a

4    belief as to the truth or falsity of the allegations contained therein and upon said ground

5    denies the same.

6         37.      Answering mislabeled Paragraph 34 of Plaintiff's Complaint, this

7    answering Defendant Randstad is without sufficient information upon which to base a

8    belief as to the truth or falsity of the allegations contained therein and upon said ground

9    denies the same.

10         38.      Answering mislabeled Paragraph 35 of Plaintiff's Complaint, this

11    answering Defendant Randstad denies the allegations contained therein.

12         39.      Answering mislabeled Paragraph 36 of Plaintiff's Complaint, this

13    answering Defendant Randstad is without sufficient information upon which to base a

14    belief as to the truth or falsity of the allegations contained therein and upon said ground

15    denies the same.

16         40.      Answering mislabeled Paragraph 37 of Plaintiff's Complaint, this

17    answering Defendant Randstad is without sufficient information upon which to base a

18    belief as to the truth or falsity of the allegations contained therein and upon said ground

19    denies the same.

20         41.      Mislabeled Paragraph 38 of Plaintiff's Complaint calls for a legal

21    conclusion to which no answer is required, and to the extent it is, this answering

22    Defendant Randstad denies the same.

23         42.      Mislabeled Paragraph 39 of Plaintiff's Complaint calls for a legal

24    conclusion to which no answer is required, and to the extent it is, this answering

25    Defendant Randstad denies the same.

26         43.      Answering mislabeled Paragraph 40 of Plaintiff's Complaint, this

27
28

DEFENDANT RANDSTAD PROFESSIONALS US, LP's ANSWER TO PLAINTIFF'S COMPLAINT,
COUNTERCLAIMS AGAINST DEFENDANT-IN-COUNTERCLAIM COUNT'S KUSTOMS, LLC, AND
CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA AND
REQUEST FOR DESIGNATION AS BUSINESS COURT MATTER

- Page 8 of 26 –

2530531v1

1   answering Defendant Randstad is without sufficient information upon which to base a

2   belief as to whether the retention of Black & LoBello's services were necessary, and

3   upon said ground denies the same, and every other assertion set forth therein.

### FOURTH CLAIM FOR RELIEF

**(Negligent Misrepresentation)**

**(Randstad)**

7     44. Answering mislabeled Paragraph 41 of Plaintiff's Complaint, this

8   answering Defendant Randstad repeats and re-alleges his answers as set forth in

9   Paragraphs 1 through 43 above with the same force and effect as though fully set forth

10  herein.

11    45. Mislabeled Paragraph 42 of Plaintiff's Complaint calls for a legal

12  conclusion to which no answer is required, and to the extent that it is, this answering

13  Defendant Randstad denies the same.

14    46. Answering mislabeled Paragraph 43 of Plaintiff's Complaint, this

15  answering Defendant Randstad is without sufficient information upon which to base a

16  belief as to the truth or falsity of the allegations contained therein and upon said ground

17  denies the same.

18    47. Mislabeled Paragraph 44 of Plaintiff's Complaint calls for a legal

19  conclusion to which no answer is required, and to the extent it is, this answering

20  Defendant Randstad denies the same.

21    48. Answering mislabeled Paragraph 45 of Plaintiff's Complaint, this

22  answering Defendant Randstad is without sufficient information upon which to base a

23  belief as to whether the retention of Black & LoBello's services were necessary, and

24  upon said ground denies the same, and every other assertion set forth therein.

DEFENDANT RANDSTAD PROFESSIONALS US, LP's ANSWER TO PLAINTIFF'S COMPLAINT,
COUNTERCLAIMS AGAINST DEFENDANT-IN-COUNTERCLAIM COUNT'S KUSTOMS, LLC, AND
CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA AND
REQUEST FOR DESIGNATION AS BUSINESS COURT MATTER

- Page 9 of 26 –

2530531v1

## FIFTH CLAIM FOR RELIEF

### (Unjust Enrichment)

### (Frontiera and Randstad)

49.     Answering mislabeled Paragraph 46 of Plaintiff's Complaint, this answering Defendant Randstad repeats and re-alleges his answers as set forth in Paragraphs 1 through 48 above with the same force and effect as though fully set forth herein.

50.     Answering mislabeled Paragraph 47 of Plaintiff's Complaint, this answering Defendant Randstad denies the allegations contained therein.

51.     Answering mislabeled Paragraph 48 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to the truth or falsity of the allegations contained therein and upon said ground denies the same.

52.     Mislabeled Paragraph 49 of Plaintiff's Complaint calls for a legal conclusion to which no answer is required, and to the extent it is, this answering Defendant Randstad denies the same.

53.     Mislabeled Paragraph 50 of Plaintiff's Complaint calls for a legal conclusion to which no answer is required, and to the extent it is, this answering Defendant Randstad denies the same.

54.     Answering mislabeled Paragraph 51 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to whether the retention of Black & LoBello's services were necessary, and upon said ground denies the same, and every other assertion set forth therein.

DEFENDANT RANDSTAD PROFESSIONALS US, LP's ANSWER TO PLAINTIFF'S COMPLAINT, COUNTERCLAIMS AGAINST DEFENDANT-IN-COUNTERCLAIM COUNT'S KUSTOMS, LLC, AND CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA AND REQUEST FOR DESIGNATION AS BUSINESS COURT MATTER

- Page 10 of 26 –

2530531v1

## SIXTH CLAIM FOR RELIEF

### (Conversion/Constructive Trust)

### (Frontiera)

55. Answering mislabeled Paragraph 52 of Plaintiff's Complaint, this answering Defendant Randstad repeats and re-alleges his answers as set forth in Paragraphs 1 through 54 above with the same force and effect as though fully set forth herein.

56. Answering mislabeled Paragraph 53 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to the truth or falsity of the allegations contained therein and upon said ground denies the same.

57. Answering mislabeled Paragraph 54 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to the truth or falsity of the allegations contained therein and upon said ground denies the same.

58. Mislabeled Paragraph 55 of Plaintiff's Complaint calls for a legal conclusion to which no answer is required, and to the extent it is, this answering Defendant Randstad denies the same.

59. Answering mislabeled Paragraph 56 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to whether the retention of Black & LoBello's services were necessary, and upon said ground denies the same, and every other assertion set forth therein.

## SEVENTH CLAIM FOR RELIEF

### (Embezzlement - Civil Theft)

### (Frontiera)

60. Answering mislabeled Paragraph 57 of Plaintiff's Complaint, this

DEFENDANT RANDSTAD PROFESSIONALS US, LP's ANSWER TO PLAINTIFF'S COMPLAINT, COUNTERCLAIMS AGAINST DEFENDANT-IN-COUNTERCLAIM COUNT'S KUSTOMS, LLC, AND CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA AND REQUEST FOR DESIGNATION AS BUSINESS COURT MATTER

2530531 v1

1   answering Defendant Randstad repeats and re-alleges his answers as set forth in

2   Paragraphs 1 through 59 above with the same force and effect as though fully set forth

3   herein.

4        61.    Answering mislabeled Paragraph 58 of Plaintiff's Complaint, this

5   answering Defendant Randstad is without sufficient information upon which to base a

6   belief as to the truth or falsity of the allegations contained therein and upon said ground

7   denies the same.

8        62.    Answering mislabeled Paragraph 59 of Plaintiff's Complaint, this

9   answering Defendant Randstad is without sufficient information upon which to base a

10   belief as to the truth or falsity of the allegations contained therein and upon said ground

11   denies the same.

12        63.    Mislabeled Paragraph 60 of Plaintiff's Complaint calls for a legal

13   conclusion to which no answer is required, and to the extent it is, this answering

14   Defendant Randstad denies the same.

15        64.    Mislabeled Paragraph 61 of Plaintiff's Complaint calls for a legal

16   conclusion to which no answer is required, and to the extent it is, this answering

17   Defendant Randstad denies the same.

18        65.    Answering mislabeled Paragraph 62 of Plaintiff's Complaint, this

19   answering Defendant Randstad is without sufficient information upon which to base a

20   belief as to whether the retention of Black & LoBello's services were necessary, and

21   upon said ground denies the same, and every other assertion set forth therein.

22                 <u>EIGHTH CLAIM FOR RELIEF</u>

23                 (Negligent Supervision)

24                 (Randstad)

25        66.    Answering mislabeled Paragraph 63 of Plaintiff's Complaint, this

26   answering Defendant Randstad repeats and re-alleges his answers as set forth in

27   DEFENDANT RANDSTAD PROFESSIONALS US, LP's ANSWER TO PLAINTIFF'S COMPLAINT,
COUNTERCLAIMS AGAINST DEFENDANT-IN-COUNTERCLAIM COUNT'S KUSTOMS, LLC, AND
CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA AND
REQUEST FOR DESIGNATION AS BUSINESS COURT MATTER

- Page 12 of 26 –

2530531v1

1   Paragraphs 1 through 65 above with the same force and effect as though fully set forth

2   herein.

3        67.    Answering mislabeled Paragraph 64 of Plaintiff's Complaint, this

4   answering Defendant Randstad denies the allegations contained therein.

5        68.    Answering mislabeled Paragraph 65 of Plaintiff's Complaint, this

6   answering Defendant Randstad denies the allegations contained therein, and avers that

7   it performed the contracted services described in the Agreement.

8        69.    Mislabeled Paragraph 66 of Plaintiff's Complaint calls for a legal

9   conclusion to which no answer is required, and to the extent it is, this answering

10   Defendant Randstad denies the same.

11        70.    Answering mislabeled Paragraph 67 of Plaintiff's Complaint, this

12   answering Defendant Randstad is without sufficient information upon which to base a

13   belief as to whether the retention of Black & LoBello's services were necessary, and

14   upon said ground denies the same, and every other assertion set forth therein.

15        71.    Mislabeled Paragraph 68 of Plaintiff's Complaint calls for a legal

16   conclusion to which no answer is required, and to the extent it is, this answering

17   Defendant Randstad denies the same.

18                    <u>CONCLUDING ANSWER TO ALL ALLEGATIONS</u>

19        All allegations not specifically addressed above due to the nature of the language

20   and construction of the allegations, or for any other reason, are specifically denied.

21                          <u>AFFIRMATIVE DEFENSES</u>

22        <u>FIRST:</u>              Defendant alleges that the allegations contained in Plaintiff's

23   Complaint fail to state causes of action against Defendant upon which relief can be

24   granted.

25        <u>SECOND:</u>            Defendant alleges that Plaintiff's allegations are barred by

26   the doctrine of laches.

27   DEFENDANT RANDSTAD PROFESSIONALS US, LP's ANSWER TO PLAINTIFF'S COMPLAINT,
     COUNTERCLAIMS AGAINST DEFENDANT-IN-COUNTERCLAIM COUNT'S KUSTOMS, LLC, AND
28   CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA AND
     REQUEST FOR DESIGNATION AS BUSINESS COURT MATTER

2530531v1

1    THIRD:           Defendant alleges that Plaintiff's allegations are barred

2  because Plaintiff had knowingly and voluntarily assumed any risks at issue.

3    FOURTH:          It has been necessary for Defendant Randstad to employ the

4  services of Mills & Associates and Seyfarth Shaw LLP to defend this action, and a

5  reasonable sum should be allowed Defendant as and for attorney's fees, together with

6  costs expended in this action.

7    FIFTH:           Defendant alleges that the incidents alleged in the

8  Complaint, and the alleged damages, if any, to Plaintiff were proximately caused or

9  contributed to by Plaintiff's own negligence and such negligence was greater than any

10 of the Defendant's negligence.

11   SIXTH:           Defendant alleges that Plaintiff did not exercise ordinary

12 care, caution, or prudence over the direction, supervision or control of Defendant

13 Frontiera to avoid the alleged harm it suffered, and the alleged harm, if any, complained

14 of was directly and proximately contributed to and caused by fault, carelessness, and

15 negligence of Plaintiff.

16   SEVENTH:         Defendant alleges that Plaintiff has failed, in whole or in part,

17 to mitigate its alleged damages.

18   EIGHTH:          Pursuant to NRCP 11, as amended, all possible affirmative

19 defenses may not have been alleged herein insofar as sufficient facts were not available

20 after reasonable inquiry upon the filing of Defendant's Answer, and therefore, this

21 answering Defendant reserves the right to amend its Answer to allege additional

22 Affirmative Defenses if subsequent investigation so warrants.

23   NINTH:           Defendant alleges that Plaintiff breached its Agreement with

24 Defendant, and that breach is the cause of the alleged harm to the Plaintiff.

25   TENTH:           Defendant alleges that the alleged acts of Frontiera are an

26 intervening and superseding cause of any alleged harm to the Plaintiff.

27 DEFENDANT RANDSTAD PROFESSIONALS US, LP's ANSWER TO PLAINTIFF'S COMPLAINT,
   COUNTERCLAIMS AGAINST DEFENDANT-IN-COUNTERCLAIM COUNT'S KUSTOMS, LLC, AND
28 CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA AND
   REQUEST FOR DESIGNATION AS BUSINESS COURT MATTER

2530531v1

1   ELEVENTH:      Defendant alleges that at diverse dates and times, Frontiera

2   was an employee of CK, and Randstad cannot be held liable for CK's or Frontiera's

3   acts, omissions, negligence or intentional acts.

4      WHEREFORE, this answering Defendant Randstad hereby pray for judgment as

5   follows:

6      1.   That Plaintiff takes nothing by reason of the Complaint on file herein;

7      2.   That this answering Defendant be awarded reasonable attorney's fees and

8   costs for the defense of this matter;

9      3.   For such other and further relief as the Court deems just and proper.

10     DATED this 18th day of April 2016.

11                    BAUMAN LOEWE WITT & MAXWELL, PLLC

12

13

14                    MICHAEL C. MILLS, ESQ.
                      Nevada Bar No. 003534
15                    3650 N. Rancho Dr., Ste. 114
                      Las Vegas, NV 89130

16                    ERIC R. MCDONOUGH, ESQ.
                      (Pro Hac Vice Pending)
17                    AMY A. ABELOFF, ESQ.
                      (Pro Hac Vice Pending)
18                    SEYFARTH SHAW LLP
                      2029 Century Park East, Ste. 3500
19                    Los Angeles, California 90067
                      Telephone No.: 310-277-7200
20                    Fax No.: 310-201-5219

21                    Attorneys for Defendant/Plaintiff-in-
                      Counterclaim/Cross-Claimant
22                    Randstad Professionals US, LP

23

24  //
    //
25  //
    //
26  //

27     DEFENDANT RANDSTAD PROFESSIONALS US, LP's ANSWER TO PLAINTIFF'S COMPLAINT,
    COUNTERCLAIMS AGAINST DEFENDANT-IN-COUNTERCLAIM COUNT'S KUSTOMS, LLC, AND
28       CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA AND
            REQUEST FOR DESIGNATION AS BUSINESS COURT MATTER

                          - Page 15 of 26 –

2530531v1

**DEFENDANT RANDSTAD'S COUNTERCLAIMS AGAINST DEFENDANT-IN-COUNTERCLAIM COUNT'S KUSTOMS, LLC AND CROSS-CLAIMS AGAINST CROSS-DEFENDANT FRONTIERA**

COMES NOW, Plaintiff-in-Counterclaim/Cross-Claimaint, Randstad Professionals US, LP ("Defendant" or "Randstad") a Delaware limited partnership, by and through its attorneys of record, Michael C. Mills, Esq. of Bauman Loewe Witt & Maxwell, PLLC, and Eric R. McDonough, Esq. and Amy A. Abeloff, Esq. of Seyfarth Shaw LLP (pro hac vice pending), and hereby files these Counterclaims against the above-named Defendant-in-Counterclaim, and Cross-Claims against the above-named Cross-Defendant, and alleges as follows:

**COUNTERCLAIM AGAINST COUNTS KUSTOMS**

**THE PARTIES**

1.      Plaintiff-in-Counterclaim/Plaintiff-in-Cross-Claim Randstad Professionals US, LP ("Randstad") is a limited partnership organized under the laws of the State of Delaware.

2.      Defendant-in-Counterclaim Count's Kustoms, LLC ("CK") is a Nevada limited liability corporation registered to do business in the State of Nevada. *See* Complaint ¶ 1.

**GENERAL FACTUAL ALLEGATIONS**

3.      On or around June 17, 2013, co-Defendant Frontiera was hired by Theo Spyer ("Spyer"), acting on behalf of CK in such hiring capacity.

4.      Spyer/CK engaged Randstad's services because CK was searching for a Controller and a Staff Accountant.

5.      As part of its engagement with Spyer/CK, Randstad provided Spyer/CK with its "Randstad Finance & Accounting Service Agreement" (the "Agreement"), which

DEFENDANT RANDSTAD PROFESSIONALS US, LP's ANSWER TO PLAINTIFF'S COMPLAINT, COUNTERCLAIMS AGAINST DEFENDANT-IN-COUNTERCLAIM COUNT'S KUSTOMS, LLC, AND CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA AND REQUEST FOR DESIGNATION AS BUSINESS COURT MATTER

2530531v1

1    outlined Randstad's cost of services, definitions, payment terms, guarantees, and client

2    responsibility. *See* The Agreement, attached as Exhibit A hereto.

3       6.      Frontiera and CK signed the Agreement in connection with Randstad's

4    providing of temporary staffing services to CK.

5       7.      In the Agreement, CK was referred to as the "Client," Randstad was

6    referred to as "Randstad F&A," and Frontiera was referred to as the "Candidate."

7       8.      By signing the Agreement, CK bound itself to the terms of the Agreement.

8       9.      The terms of the Agreement included provisions explicating "Client

9    Responsibility." *See* Exhibit A.

10       10.      The terms of the Agreement stated that as a client of Randstad, CK

11    agreed that all services provided by Frontiera would be performed under CK's exclusive

12    and qualified direction, supervision, and control. *See* Exhibit A.

13       11.      The terms of the Agreement stated that Randstad would have no

14    responsibility for supervising or directing the work of a candidate, like Frontiera in the

15    case at bar. *See* Exhibit A.

16       12.      The terms of the Agreement stated that CK agreed that it would not allow

17    candidates, like Frontiera in the case at bar, ***to handle cash or credit card***

18    ***transactions, have authority to transfer funds, make payments or disburse funds,***

19    ***have access to check signing equipment or other valuable property, take***

20    ***responsibility for tax deadlines***, have access to trade secret information, have a key

21    to the office, take work, documents or equipment (including laptops) off-site, operate

22    client's leased or owned vehicles, travel without prior written permission from Randstad

23    or perform any other tasks or have any responsibility inconsistent with sound internal

24    control practices. *See* Exhibit A.

25

26

27

28

DEFENDANT RANDSTAD PROFESSIONALS US, LP's ANSWER TO PLAINTIFF'S COMPLAINT,
COUNTERCLAIMS AGAINST DEFENDANT-IN-COUNTERCLAIM COUNT'S KUSTOMS, LLC, AND
CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA AND
REQUEST FOR DESIGNATION AS BUSINESS COURT MATTER

2530531v1

13.     The terms of the Agreement stated that candidates, like Frontiera in the case at bar, were not allowed to sign any document on behalf of Randstad.  *See* <u>Exhibit A</u>.

14.     The terms of the Agreement stated that CK agreed that if it suspected or discovered any indication of impropriety by Frontiera, that CK would notify Randstad immediately and in any case, no later than ten (10) days from discovery.  *See* <u>Exhibit A</u>.

15.     The terms of the Agreement also specified that Randstad conducts reference checks for its own purposes.  *See* <u>Exhibit A</u>.

16.     The terms of the Agreement stated that Randstad would make reasonable inquiries to verify the accuracy of information forwarded on a candidate, like Frontiera in the case at bar, but did not guarantee the accuracy of such information.  *See* <u>Exhibit A</u>.

17.     The terms of the Agreement further stated that in evaluating candidates for direct hire, CK should thoroughly check Randstad's candidates with the same rigor as if it were hiring candidates directly, as ***Randstad "does not conduct background, criminal or credit checks unless the client requests this service in writing, and pays the fees for such outside services.*"  *See* <u>Exhibit A</u>, emphasis added.

18.     Never did CK request that Randstad conduct background, criminal or credit checks on Frontiera in writing, nor did CK pay any fee(s) for such outside services as related to Frontiera.

19.     The terms of the Agreement further stated that CK would "***defend and indemnify Randstad***, its parent, subsidiaries, directors, officers, agents, representatives and employees ***for all claims, losses, and liability (including reasonable attorneys' fees) caused by CK's breach of the Agreement, its failure to discharge its duties and responsibilities set forth under the Client Responsibility Section [therein] or in the negligence, gross negligence or willful misconduct of***

DEFENDANT RANDSTAD PROFESSIONALS US, LP's ANSWER TO PLAINTIFF'S COMPLAINT, COUNTERCLAIMS AGAINST DEFENDANT-IN-COUNTERCLAIM COUNT'S KUSTOMS, LLC, AND CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA AND REQUEST FOR DESIGNATION AS BUSINESS COURT MATTER

2530531v1

1   *[itself, CK], its officers, employees or authorized agents in the discharge of those*

2   *duties and responsibilities*." *See* <u>Exhibit A</u>, emphasis added.

3       20.     The Agreement in whole was valid, enforceable, and entered into between

4   Randstad and CK for work to be performed by Frontiera.

5       21.     Randstad performed all conditions, covenants, and promises required by it

6   to be performed in accordance with the Agreement, including the performance of

7   reference checks for its own purposes, and verification of the accuracy of such

8   information.

9                          <u>FIRST COUNTERCLAIM</u>

10                  **(Breach of Contract - Client Responsibility)**

11      22.     Plaintiff-in-Counterclaim Randstad repeats and re-alleges its answers as

12  set forth in Paragraphs 1 through 21 above with the same force and effect as though

13  fully set forth herein.

14      23.     In its Complaint, CK alleges that "on or about June 6, 2013," Frontiera was

15  hired by CK to "serve as the General Manager to assist in the day to day operations,

16  including but not limited to... accounting...[and] collections."  *See* Complaint, ¶ 5.

17      24.     In its Complaint, CK alleges that "Frontiera was added as a signer to the

18  accounts at Count's Kustoms."  *See* Complaint, ¶ 11.

19      25.     Further in its Complaint, CK concedes that Frontiera had access to and

20  power to disperse CK's monies, as CK alleges "Frontiera... failed to **_cause fourth_**

21  **_quarter 2013 payroll taxes to be timely paid_**;" "Frontiera also failed to **_pay_** the

22  Nevada State Department of Taxation timely;" "Frontiera also failed to **_pay_** the Live

23  Entertainment Tax;" and "Frontiera also failed to **_pay_** the Sales & Use tax...".  *See*

24  Complaint ¶¶ 15, 16, 17, 18, 19.

25      26.     Day to day operations, namely, accounting and collections, being a signer

26  to accounts at a business, and being charged with paying payroll taxes involves, in part,

27  DEFENDANT RANDSTAD PROFESSIONALS US, LP's ANSWER TO PLAINTIFF'S COMPLAINT,
    COUNTERCLAIMS AGAINST DEFENDANT-IN-COUNTERCLAIM COUNT'S KUSTOMS, LLC, AND
28  CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA AND
    REQUEST FOR DESIGNATION AS BUSINESS COURT MATTER

2530531v1

1   the _**handling of cash or credit card transactions, having authority to transfer**_

2   _**funds, making payments or disbursing funds, having access to check signing**_

3   _**equipment or other valuable property, and taking responsibility for tax deadlines**_.

4   _See_ <u>Exhibit A</u>.

5        27.   The Agreement expressly prohibited CK from allowing Frontiera to handle

6   cash or credit card transactions, have authority to transfer funds, make payments or

7   disburse funds, have access to check signing equipment or other valuable property, and

8   take responsibility for tax deadlines while Frontiera was employed by CK in a temporary

9   capacity. _See_ <u>Exhibit A</u>.

10        28.   CK breached its Agreement with Randstad by allowing Frontiera to handle

11   cash or credit card transactions, have authority to transfer funds, make payments or

12   disburse funds, have access to check signing equipment or other valuable property, and

13   take responsibility for tax deadlines.

14        29.   The Agreement required CK to supervise, direct and control Frontiera

15   exclusively. _See_ <u>Exhibit A</u>.

16        30.   CK breached the Agreement by failing to supervise, direct and control

17   Frontiera, and such breach was the cause of any alleged harm to CK.

18        31.   The Agreement required CK to have all necessary internal accounting

19   controls in place. _See_ <u>Exhibit A</u>.

20        32.   CK breached the Agreement by failing to have all necessary internal

21   accounting controls in place, and such breach was the cause of any alleged harm to

22   CK.

23

24

25

26

27   DEFENDANT RANDSTAD PROFESSIONALS US, LP's ANSWER TO PLAINTIFF'S COMPLAINT,
COUNTERCLAIMS AGAINST DEFENDANT-IN-COUNTERCLAIM COUNT'S KUSTOMS, LLC, AND

28   CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA AND
REQUEST FOR DESIGNATION AS BUSINESS COURT MATTER

2530531v1

## SECOND COUNTERCLAIM

### (Indemnity)

33.     Plaintiff-in-Counterclaim Randstad repeats and re-alleges its answers as set forth in Paragraphs 1 through 32 above with the same force and effect as though fully set forth herein.

34.     CK breached the Client Responsibility portion of the Agreement by allowing Frontiera certain powers otherwise prohibited under the Agreement.

35.     CK was negligent in its direction, supervision and control of Frontiera, and its failure to have internal accounting controls in place.

36.     Because CK breached the Client Responsibility portion of the Agreement, CK is required to defend and indemnify Randstad for all claims, losses, and liability (including reasonable attorneys' fees) caused by its breach.

37.     In the alternative, CK is required to defend and indemnify Randstad for all claims, losses, and liability (including reasonable attorneys' fees) caused by its negligence in the discharge of its duties and responsibilities as outlined in the Agreement (i.e., the supervision, direction and control of Frontiera).

## THIRD COUNTERCLAIM

### (Negligent Supervision, Direction and Control)

38.     Plaintiff-in-Counterclaim Randstad repeats and re-alleges its answers as set forth in Paragraphs 1 through 37 above with the same force and effect as though fully set forth herein.

39.     Whether Randstad was required to perform background, criminal or credit checks on Frontiera depended upon CK's provision of a written request of such services to Randstad and payment of additional fees for such services.

DEFENDANT RANDSTAD PROFESSIONALS US, LP's ANSWER TO PLAINTIFF'S COMPLAINT, COUNTERCLAIMS AGAINST DEFENDANT-IN-COUNTERCLAIM COUNT'S KUSTOMS, LLC, AND CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA AND REQUEST FOR DESIGNATION AS BUSINESS COURT MATTER

- Page 21 of 26 –

2530531v1

1   40.    CK did not provide Randstad with a written request for the performance of

2   background, criminal or credit check services, nor did CK pay the requisite fee for such

3   services.

4   41.    Under the Agreement, CK was responsible for checking Randstad

5   candidates "with the same rigor as if [CK] were hiring [a candidate] directly."

6   42.    Upon information and belief, CK hired Frontiera as a permanent employee

7   of CK on or around November 2013, and at no time did CK thoroughly check Frontiera

8   and his background.

9   43.    CK is liable for any harm caused to it because it negligently supervised,

10   directed and/or controlled Frontiera.

11   WHEREFORE, this Plaintiff-in-Counterclaim Randstad hereby prays for judgment

12   as follows:

13   1.    That Defendant-in-Counterclaim takes nothing by reason of the Complaint

14   on file herein;

15   2.    That this Plaintiff-in-Counterclaim be awarded reasonable attorney's fees

16   and costs for the defense of this matter;

17   3.    For such other and further relief as the Court deems just and proper.

18   DATED this 18th day of April 2016.

19                        BAUMAN LOEWE WITT & MAXWELL, PLLC

20

21

22   MICHAEL C. MILLS, ESQ.
     Nevada Bar No. 003534
23   3650 N. Rancho Dr., Ste. 114
     Las Vegas, NV  89130

24   ERIC R. MCDONOUGH, ESQ.
25   (Pro Hac Vice Pending)
     AMY A. ABELOFF, ESQ.
26   (Pro Hac Vice Pending)
     SEYFARTH SHAW LLP
     2029 Century Park East, Ste. 3500

27   DEFENDANT RANDSTAD PROFESSIONALS US, LP's ANSWER TO PLAINTIFF'S COMPLAINT,
     COUNTERCLAIMS AGAINST DEFENDANT-IN-COUNTERCLAIM COUNT'S KUSTOMS, LLC, AND
28   CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA AND
     REQUEST FOR DESIGNATION AS BUSINESS COURT MATTER

2530531v1

1

Los Angeles, California 90067
Telephone No.: 310-277-7200
2        Fax No.: 310-201-5219

3        Attorneys for Defendant/Plaintiff-in-
Counterclaim/Cross-Claimant
4        Randstad Professionals US, LP

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27     DEFENDANT RANDSTAD PROFESSIONALS US, LP's ANSWER TO PLAINTIFF'S COMPLAINT,
COUNTERCLAIMS AGAINST DEFENDANT-IN-COUNTERCLAIM COUNT'S KUSTOMS, LLC, AND
28     CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA AND
REQUEST FOR DESIGNATION AS BUSINESS COURT MATTER

2530531.v1

## CROSS-CLAIM AGAINST FRONTIERA

1.    Cross-Defendant Joseph Frontiera at the time of the issues in question herein, resided in the State of Nevada.

2.    It has become necessary for Cross-Claimant Randstad ("Randstad") to retain the services of an attorney to prosecute this Cross-Claim and, therefore, Randstad should be awarded attorney's fees and costs of suit that are incurred as a result of this litigation.

## CONTRIBUTION & INDEMNITY

3.    Randstad alleges that in the event it is found to be liable to Plaintiff Count's Kustom's, LLC ("CK") or to any other party for any damages, or if payment is made by Randstad to CK or any other party as a result of the incidents or occurrences described in CK's Complaint, then Randstad's liability or payments is based upon the acts and/or omissions, including, without limitation, alleged negligence, breach of warranties (express and/or implied), breach of contract, and breach of fiduciary duties, of CK and/or Frontiera, and therefore Randstad is entitled to contribution and indemnity to the fullest extent permitted by law from Frontiera.

4.    That is has become necessary for Randstad to retain the services of an attorney to prosecute this Cross-Claim and, therefore, said Randstad should be awarded attorney's fees and costs of suit that are incurred as a result of this litigation.

WHEREFORE, Cross-Claimant Randstad, prays as follows:

1.    For judgment against Cross-Defendant Frontiera in amounts to be determined at the time of trial;

2.    For costs, disbursements and attorneys' fees; and

//
//
//
//
//

DEFENDANT RANDSTAD PROFESSIONALS US, LP's ANSWER TO PLAINTIFF'S COMPLAINT, COUNTERCLAIMS AGAINST DEFENDANT-IN-COUNTERCLAIM COUNT'S KUSTOMS, LLC, AND CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA AND REQUEST FOR DESIGNATION AS BUSINESS COURT MATTER

2530531v1

1    3.    For such other and further relief as the Court deems just and proper.

2    DATED this 18th day of April 2016.

3                                           BAUMAN LOEWE WITT & MAXWELL, PLLC

4

5                                           MICHAEL C. MILLS, ESQ.

6                                           Nevada Bar No. 003534
                                            3650 N. Rancho Dr., Ste. 114
7                                           Las Vegas, NV  89130

8                                           ERIC R. MCDONOUGH, ESQ.
                                            (Pro Hac Vice Pending)
9                                           AMY A. ABELOFF, ESQ.
                                            (Pro Hac Vice Pending)
10                                          SEYFARTH SHAW LLP
                                            2029 Century Park East, Ste. 3500
11                                          Los Angeles, California 90067
                                            Telephone No.:  310-277-7200
12                                          Fax No.:  310-201-5219

13                                          Attorneys for Defendant/Plaintiff-in-
                                            Counterclaim/Cross-Claimant
14                                          Randstad Professionals US, LP

15

16

17

18

19

20

21

22

23

24

25

26

27   DEFENDANT RANDSTAD PROFESSIONALS US, LP's ANSWER TO PLAINTIFF'S COMPLAINT,
     COUNTERCLAIMS AGAINST DEFENDANT-IN-COUNTERCLAIM COUNT'S KUSTOMS, LLC, AND
28        CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA AND
               REQUEST FOR DESIGNATION AS BUSINESS COURT MATTER

2530531v1

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b) and Administrative Order 14-2 of the Eighth Judicial District Court, I hereby certify that I am an employee of BAUMAN LOEWE WITT & MAXWELL, PLLC, and that on the 18th day of April, 2016, I caused a true and correct copy of the foregoing document **DEFENDANT RANDSTAD PROFESSIONALS US, LP's ANSWER TO PLAINTIFF'S COMPLAINT, COUNTERCLAIMS AGAINST PLAINTIFF, AND CROSS-CLAIMS AGAINST DEFENDANT JOSEPH FRONTIERA** to be served as follows:

☐ VIA U.S. POSTAL MAIL: by placing a true and correct copy thereof enclosed in a sealed envelope with the postage thereon fully prepaid, addressed as indicated on the attached service list in the United States Mail.

☐ VIA FACSIMILE: by causing a true and correct copy thereof to be faxed on this date to the addressee(s) at the attached facsimile numbers set forth in the service list.

☒ VIA E-SERVICE: by causing a true and correct copy thereof to be electronically served in compliance with the Administrative Order 14-2 and Nevada Electronic Filing and Conversion Rules.

## SERVICE LIST

Steven Mack, Esq.
Black & LoBello
10777 West Twain Avenue, Third Fl.
Las Vegas, Nevada 89135
Phone: 702-869-8801
Fax: 702-869-2669
Email: smack@blacklobellowlaw.com
Attorney for Plaintiff,
Count's Kustoms, LLC

_Karen Reynolds_

An Employee of BAUMAN LOEWE WITT & MAXWELL, PLLC

DEFENDANT RANDSTAD PROFESSIONALS US, LP's ANSWER TO PLAINTIFF'S COMPLAINT, COUNTERCLAIMS AGAINST DEFENDANT-IN-COUNTERCLAIM COUNT'S KUSTOMS, LLC, AND CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA AND REQUEST FOR DESIGNATION AS BUSINESS COURT MATTER

2530531v1

# EXHIBIT A

## RANDSTAD FINANCE & ACCOUNTING SERVICE AGREEMENT

Thank you for choosing Randstad Finance & Accounting to assist with your staffing needs. Outlined below are the parameters of our agreement with you. If you have any questions, please contact your local Randstad F&A representative for assistance.

**Cost of Services**

*Direct Hire* – Randstad F&A's fees are on a contingency basis. The detailed search required to match a client with a candidate is conducted at no charge. Your acceptance of our referral of a candidate constitutes your acceptance of its schedule of fees and these terms and conditions unless modified in writing and signed by us. The fee is charged when the search is complete and you accept the candidate for hire. Direct hire fees are based on one percent (1%) per thousand dollars of total full-time annual compensation, to a maximum fee of thirty percent (30%). For example, the fee on an annual compensation of $50,000 plus a bonus of $10,000 would be 30% of $60,000, or $18,000. Fees are calculated on a full-time basis.

*Project* – Randstad F&A's rates are based on a number of factors which include: specific skill needs, job description, responsibilities, length of project, availability of candidates and demographics. The bill rate includes applicable payroll charges such as social security, federal, state and local withholding taxes, workers' compensation insurance, unemployment taxes and state disability insurance, if applicable. The total hours billed to you are based on a weekly timecard signed by you at the end of each week and at the end of the project. In signing, you agree with the provisions stated. Candidates working on a project will be paid overtime as required by state and federal wage and hour laws and billed accordingly.

*Conversion* – The person assigned to a project is an employee of Randstad F&A. Should you wish to convert this person to your employ, you agree to pay a conversion fee equal to one percent (1%) per thousand dollars of total full-time annual compensation to a maximum of thirty percent (30%).

Your organization is responsible for direct hire and/or conversion fees should you hire a Randstad F&A candidate, regardless of employment classification, for all candidates hired within one (1) year from the date of referral or the end of the project. You also agree to pay a fee should our candidate be hired by a subsidiary or other related company under your common control, or by another company to whom you have referred our candidate, including any staffing services.

**Payment Terms**

Invoices are due and payable upon receipt. All invoices over 30 days old are subject to a finance charge of one and one-half percent (1 ½%) per month on the unpaid balance. We may request credit information before working on a project or direct hire position. This information is held strictly confidential.

**Guarantees**

*Direct Hire* – Randstad F&A provides an unconditional, one hundred (100) day replacement guarantee on any of our candidates you hire. Should the candidate voluntarily leave or be terminated for any reason other than in connection with a reduction in workforce, lack of work or other reason unrelated to referred candidate's performance during the one hundred (100) days following the start date, we will replace that candidate at no charge. This replacement must occur within one (1) hundred days of notification.

*Conversion from Project to Direct Hire* – When a candidate working on a project converts to direct hire status, the above direct hire replacement guarantee applies. The one hundred (100) day guarantee period is the date used at the beginning of the new hundred (100) days.

These replacement guarantees apply only if the full fee is paid within ten (10) days of the start date of the candidate and Randstad F&A is notified of the situation within the one hundred (100) days.

*Project* – If you are dissatisfied for any reason with the candidate assigned to you and you notify Randstad F&A during the first day of the assignment, you will not be charged for the first eight (8) hours worked.

**Client Responsibility**

As a client of Randstad F&A, you agree that all services provided by our candidate will be performed under your exclusive and qualified direction, supervision and control. Randstad F&A will have no responsibility for supervising or directing the work of a candidate. Client agrees that it will not allow candidates to handle cash or credit card transactions, have authority to transfer funds, make payments of disbursed funds, have access to check signing equipment or other valuable property, take responsibility for tax deadlines, have access to trade secret information, have a key to the office, take work, documents or equipment (including laptops) off-site, operate client's leased or owned vehicles, travel without prior written permission from Randstad F&A or perform any other tasks or have any responsibility inconsistent with sound internal control practices. Candidates are not allowed to sign any document on behalf of Randstad F&A. Candidates are not permitted to render any written legal or accounting opinion, or any opinion of certification that requires a signature, stamp or seal of a licensed professional. Client acknowledges that Randstad F&A provides staffing services, is not a public accounting firm and that it has all necessary internal accounting controls in place. Client agrees that if it suspects or discovers any indication of impropriety by candidate, client will notify Randstad F&A immediately and in any case, no later than ten (10) days from discovery.

Client acknowledges that if it has previously received a candidate's name and/or resume from another source, client shall so notify Randstad F&A in writing within twenty-four hours. If this notification is not received, such candidate will be considered to be represented by Randstad F&A.

Client acknowledges that it is in compliance with all applicable laws, including Equal Employment Opportunity, health and safety regulations. Randstad F&A conducts reference checks for its candidates. We will make reasonable inquiries to verify the accuracy of information furnished on a candidate, but does not guarantee its accuracy. In-evaluating candidates for direct hire, client should thoroughly check Randstad F&A candidates with the same rigor as if it were hiring candidates directly. Randstad F&A does not conduct background, criminal or credit checks unless the client requests this service in writing, and pays the fees for such outside services.

To the extent permitted by law, the client will defend and indemnify Randstad F&A, its parent, subsidiaries, directors, officers, agents, representatives and employees for all claims, losses, and liability (including reasonable attorneys' fees) caused by the client's breach of this Agreement, its failure to discharge its duties and responsibilities set forth under the Client Responsibility section herein or the negligence, gross negligence or willful misconduct of the client, its officers, employees or authorized agents in the discharge of its duties and responsibilities.

Randstad F&A will make every reasonable effort to resolve any problems that arise during our services. In the event legal action is instituted by either party to enforce any part of this Agreement, the prevailing party will be entitled to all reasonable attorneys' fees and other legal costs incurred in such actions. In no event shall either party be liable to the other party for indirect, special or consequential or punitive damages. This is the entire agreement between the parties and supersedes all previous written or oral agreements. Our acceptance of resumes, referrals or candidates from Randstad F&A constitutes your acceptance of this Service Agreement.

Thank you for choosing Randstad Finance & Accounting to assist with your staffing needs.

EXHIBIT "C"

EXHIBIT "C"

Electronically Filed
04/18/2016 03:55:48 PM

*[signature]*

**CLERK OF THE COURT**

# DISTRICT COURT
## CLARK COUNTY, NEVADA
* * * *

| | |
|---|---|
| COUNT'S KUSTOMS LLC, PLAINTIFF(S) | Case No.: A-16-733821-B |
| VS. | DEPARTMENT 13 |
| JOSEPH FRONTIERA, DEFENDANT(S) | |

### NOTICE OF DEPARTMENT REASSIGNMENT

NOTICE IS HEREBY GIVEN that the above-entitled action has been randomly reassigned to Judge Mark R. Denton.

☒ This reassignment is due to:  Business Court Request
   (Please confirm your registration for e-service as this change may require you to re-register).

ANY TRIAL DATE AND ASSOCIATED TRIAL HEARINGS STAND BUT MAY BE RESET BY THE NEW DEPARTMENT.  PLEASE INCLUDE THE NEW DEPARTMENT NUMBER ON ALL FUTURE FILINGS.

STEVEN D. GRIERSON, CEO/Clerk of the Court

By:/s/ Ann Thomson
   Ann Thomson,
   Deputy Clerk of the Court

### CERTIFICATE OF SERVICE

I hereby certify that this 18th day of April, 2016

☒ The foregoing Notice of Department Reassignment was electronically served to all registered parties for case number A-16-733821-B.

/s/ Ann Thomson
Ann Thomson
Deputy Clerk of the Court

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Count's Kustoms, LLC, a Nevada Corporation

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Steven Mack, Esq., Black & loBello, 10777 W. Twain Ave. Third Fl, Las Vegas, NV 89135 Phone: 702-869-2669

## DEFENDANTS

Joseph Frontiera, an individual, Randstad Professionals US, LP a Delaware limited partnership, et al

County of Residence of First Listed Defendant    Walton
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
Michael C. Mills, Esq., Bauman Loewe Witt & Maxwell, PLLC., 3650 N. Rancho Drive, #114, Las Vegas, Nevada 89130  Phone

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Sec. 1441

Brief description of cause:
Plaintiff alleges Defendants Breach of Contract, Beach of Covenant of Good Faith & Fair Dealings, Fraud,

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $
75,745.82

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE
04/21/2016

SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

EXHIBIT "D"

EXHIBIT "D"

Electronically Filed
04/21/2016 02:23:27 PM

CLERK OF THE COURT

**MSTR**
STEVEN MACK, ESQ.
Nevada Bar No. 4000
**BLACK & LOBELLO**
10777 W. Twain Ave., 3rd Fl.
Las Vegas, Nevada 89135
(702) 869-8801
(702) 869-2669 (fax)
smack@blacklobellolaw.com
Attorneys for Plaintiff/Counterdefendant

*(left margin)* BLACK & LOBELLO
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| COUNT'S KUSTOMS, LLC, a Nevada corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>JOSEPH FRONTIERA, an individual, and RANDSTAD PROFESSIONALS US, LP a Delaware Corporation dba RANDSTAD PROFESSIONALS, DOES I-X and DOE CORPORATIONS XI – XX, inclusive, | Case No.: A-16-733821<br>Dept No.: XIII<br><br><br>**PLAINTIFF/COUNTERDEFENDANT'S MOTION TO STRIKE COUNTERCLAIM OR IN THE ALTERNATIVE, MOTION TO DISMISS** |
| RANDSTAD PROFESSIONALS US, LP,<br><br>        Counterclaimant,<br><br>vs.<br><br>COUNT'S KUSTOMS, LLC,<br><br>        Counterdefendant. | D/Hearing:<br>T/Hearing: |
| RANDSTAD PROFESSIONALS US, LP,<br><br>        Cross-Claimant,<br><br>vs.<br><br>JOSEPH FRONTIERA,<br><br>        Cross-Defendant. | |

BLACK & LoBELLO
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

## PLAINTIFF/COUNTERDEFENDANT'S MOTION TO STRIKE COUNTERCLAIM OR IN THE ALTERNATIVE, MOTION TO DISMISS

Plaintiff/Counter-Defendant, COUNT'S KUSTOMS, LLC, ("Plaintiff" or "CK"), by and through its attorney of record Steven Mack, Esq., of the law firm of Black & LoBello, hereby files this Motion to Strike Counterclaim, or in the alternative, Motion to Dismiss ("Motion").

This Motion is made and based on the attached Memorandum of Points and Authorities, the Exhibit attached hereto, the papers and pleadings on file herein, and any oral argument this Court may allow.

DATED this 21 day of April, 2016.

BLACK & LOBELLO

STEVEN MACK, ESQ.
Nevada Bar No. 4000
10777 W. Twain Ave., Third Floor
Las Vegas, Nevada 89135
*Attorneys for Plaintiff*

### NOTICE OF MOTION

Please take Notice that Plaintiff shall bring the foregoing Motion to Strike, or in the alternative, Motion to Dismiss, on for hearing before the above-entitled court on the 23 day of MAY, 2016, at the hour of 9:00A a.m./~~p.m.~~, or as soon thereafter as counsel can be heard.

DATED this 21 day of April, 2016.

BLACK & LOBELLO

STEVEN MACK, ESQ.
Nevada Bar No. 4000
10777 W. Twain Ave., Third Floor
Las Vegas, Nevada 89135
*Attorneys for Plaintiff*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This is an action that exists as a result of Randstad's failure to perform basic vetting of a candidate that was provided to the Plaintiff, and that person, Frontiera, committed multiple improper and illegal acts causing substantial damages to Plaintiff.

A complaint was filed on March 22, 2016 and served upon Defendant Randstad on March 28, 2016.  Randstad filed an answer, counterclaim and cross claim on April 18, 2016.

The counterclaims filed by Randstad are simply affirmative defenses and should be stricken, dismissed or treated as affirmative defenses, such that the answer is either reformed or refiled.

### II.    ARGUMENT

Pursuant to NRCP 8(c) Affirmative Defenses:

> In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. **When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation.** (emphasis added)

In this case, all of the claims in the counterclaim filed by Randstad are simply affirmative defenses.  The only damages sought by Randstad in its counterclaims is for attorney fees.  Unless awarded as special damages under very limited circumstances not applicable here, attorney fees are, by nature, only allowed by Statute, rule or contract.[1]  Further, the award of attorney's fees are governed by NRS 18.010, and are sought after the conclusion of the matter on the merits, not as an element of damages.

The Nevada Supreme Court has stated, ""[w]e have consistently held that attorney's fees are only available when authorized by a "rule, statute, or contract." Within the stated criteria, the

---

[1] See, *Ace Truck v. Kahn*, 103 Nev. 503, 512 n. 4, 746 P.2d 132, 138 (1987).

BLACK & LOBELLO
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

decision to award attorney's fees is left to the sound discretion of the district court. However, a district court may abuse its discretion when it clearly disregards guiding legal principles. Although the counterclaim appears to be a recitation of NRS 18.010(2)(b),4 the district court specifically awarded attorney's fees as damages under [Defendant's] counterclaim. Hence, the award was not made pursuant to a "rule, statute or contract," and constitutes an abuse of discretion. In the absence of a contract or rule, a prevailing defendant/counterclaimant may only recover attorney's fees when the requirements of NRS 18.010(2)(b) are met. To allow attorney's fees as an element of damages from an ostensible common-law cause of action we have not yet embraced would swallow the purposes for the attorney's fees statute."[2]

Pursuant to NRCP 12(f) Motion to Strike:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

In this case the claims for relief are redundant and simply designed to cause additional expense and time to the Plaintiff. Further, it is possible that any award under the claims could be considered an abuse of discretion by the court. These claims should be made as affirmative defenses and nothing more. The claims are retaliatory, vexatious, unnecessary and designed simply to intimidate the Plaintiff and cause unnecessary expense.

Essentially, Randstad is arguing that Plaintiff is in breach of contract because they filed a breach of contract claim against Randstad. Further, that somehow, due to an indemnity clause, we must pay to represent Randstad against themselves.

All this represents is an attempt to have multiple attorneys representing multiple factions of the same lawsuit for the same parties. That is, a set of attorneys representing Randstad paid for by Plaintiffs, and another representing Randstad paid for by Randstad, and ultimately attempting to seek attorney's fees for all from Plaintiff. This is an absurd and ridiculous

---

[2] *Flamingo Realty, Inc. v. Midwest Development, Inc.*, 110 Nev. 984, 991-992, 879 P.2d 69, 73-74 (1994) (cites omitted).

BLACK & LOBELLO
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

BLACK & LOBELLO
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

possibility from the claims they have put forth, which are truly affirmative defenses.  The attorney fees are a collateral matter handled by this court after the litigation has produced a judgment, assuming the attorney's fees are available by law, rule or contract.  Not as damages to claims that are simply affirmative defenses.

In other words, Randstad is suggesting that Plaintiff does not have a right to file suit against Randstad.  Nowhere in any document does is state that Plaintiff does not have a right to sue Randstad.

In fact, the "Agreement attached as Exhibit "A" to Defendant's Answer, Crossclaim and Counterclaim, is only a paycheck stub that must be filed every week for the employee.  It is not the original agreement entered into by the parties.  In other words, the Agreement is a necessary document in order that the employee be paid.  Randstad appears to be bootstrapping that document into some sort of overall governing agreement, even though it is signed *only to verify the hours of the employee*, as it states under the signature.

After the Plaintiff has hired the person, after he has already been put in the position and after having been given the authority and job functions of a controller, the very position that Frontiera was hired for, Randstad is attempting to rewrite the agreement in fine print on an hours report to take back the very reason for his employment.

Further, Randstad appears to avoid the statements made to the public on their website, which is and was relied upon by the Plaintiff.  That is:

> vetted candidates
> Randstad's finance and accounting staffing experts are highly selective when choosing candidates for client introductions.  **Each candidate** undergoes a qualification process that includes an extensive interview, reference check, degree verification and, if necessary, skills testing.  Our finance and accounting staffing experts add valuable insight to deliver right-fit candidates. (See, Exhibit 1, attached hereto – emphasis added).

The website provides further affirmative statements regarding providing certain types of positions and the ability to provide qualified personnel, such as controllers and other high level executives.  The representations in the counterclaim, are simply factual argument for an affirmative defense.

BLACK & LOBELLO
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

Alternatively, pursuant to NRCP 12(b)(5):

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: … (5) failure to state a claim upon which relief can be granted…"

A pleading is subject to dismissal unless it alleges "enough facts to state a claim to relief that is plausible on its face."[3]  This generally occurs in two circumstances: (i) the absence of a cognizable legal theory, or (ii) there are insufficient facts under a cognizable legal claim.[4]

In this case, Randstad's claims fail to state a claim upon which relief can be granted as Randstad's causes of action are nothing but disguised affirmative defenses.   Randstad seeks nothing but legal fees for having to defend the complaint, and indemnification of the same.  No separate cause of action exists in Nevada for attorney fees as they are an ancillary matter.[5]

Having to file an answer to affirmative defenses is a waste of time and only creates additional costs and expenses throughout this action.

### III.    CONCLUSION

In accordance with the foregoing, Plaintiff respectfully requests that Defendant/Counter-Claimant Randstad's Counterclaim be stricken such that the claims remain only as affirmative

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[3] See, *Straznicky v. Desert Springs Hosp.,* 642 F. Supp. 2d 1238, 1240 (D. Nev. 2009) (quoting Bell *Atlantic Corp. v. Twombly,* 550 U.S. 544, 553-58 (2007)).  Federal cases interpreting the Federal Rules of Civil Procedure are "strong persuasive authority, because the Nevada Rules of Civil Procedure are based in large part upon their federal counterpart." *Las Vegas Novelty, Inc. v. Fernandez,* 106 Nev. 113, 119, 787 P.2d 772, 776 (1990)).

[4] *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir. 1984).

[5] See, *Ace Truck,* Infra. And *Flamingo*, Infra.

BLACK & LOBELLO
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

defenses pursuant to NRCP 8(c) and require no answer, or in the alternative, dismissed in its

entirely.

DATED this 28 day of April 2016.

BLACK & LOBELLO

STEVEN MACK, ESQ.
Nevada Bar No. 4000
10777 W. Twain Ave., Third Floor
Las Vegas, Nevada 89135
*Attorneys for Plaintiff*

BLACK & LOBELLO<br>10777 W. Twain Avenue, 3rd Floor<br>Las Vegas, Nevada 89135<br>(702) 869-8801 FAX: (702) 869-2669

## CERTIFICATE OF MAILING

Pursuant to NRCP 5(b), I certify that I am an employee of BLACK & LOBELLO and that on the _21st_ day of April, 2016, I caused the above and foregoing document entitled **PLAINTIFF/COUNTERDEFENDANT'S MOTION TO STRIKE COUNTERCLAIM OR IN THE ALTERNATIVE, MOTION TO DISMISS** to be served as follows:

[ X ]   by electronic service through Wiznet, Clark County Eighth Judicial District Court's electronic filing/service system;

[ ]   pursuant to EDCR 7.26, to be sent via facsimile;

[ ]   hand delivered

to the party or their attorney(s) listed below at the address and/or facsimile number indicated below:

MICHAEL C. MILLS, ESQ.
BAUMAN LOEWE WITT & MAXWELL, PLLC
3650 N. Rancho Dr. Ste 114
Las Vegas, NV 89130
Attorneys for Defendant
Randstad Professionals US, LP dba Randstad
Professionals

[ X ]   by placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada;

Joseph Frontiera
172 Hawthorn Road
Defuniak Springs, FL 32435
Defendant

and that there is regular communication by mail between the place of mailing and the place(s) so addressed.

_/s/ Shirley Blackburn_____
An Employee of Black & LoBello

# EXHIBIT "1"

# EXHIBIT "1"

home / staffing and solutions / staffing / finance & accounting staffing



## finance and accounting experts

Built on more than 30 years of expertise, Randstad delivers high-quality finance and accounting professionals for the fundamental roles that power your business and impact your bottom line.

contact to learn more

## best in class

With average satisfaction ratings four times the industry average (https://www.bestofstaffing.com/2013/client/randstad-finance-and-accounting), Randstad's finance and accounting staffing specialists deliver the talent your teams need to impact your organization's bottom line and its future success.





## experience and focus

Having focused solely on finance and accounting staffing for over 25 years, our finance & accounting division comprises some of the most experienced specialists in the industry. We understand your business and match you with motivated individuals whose skills and experience will fuel your business initiatives.

## better recruiters, better hires

right-fit candidates



Our finance and accounting staffing specialists invest the time with you upfront to ensure we thoroughly understand the hiring opportunity, your company culture and any complexities of the situation so as to select the best candidate for your consideration.



## vetted candidates

Randstad's finance and accounting staffing experts are highly selective when choosing candidates for client introductions. Each candidate undergoes a qualification process that includes an extensive interview, reference check, degree verification and, if necessary, skills testing. Our finance and accounting staffing experts add valuable insight to deliver right-fit candidates.



## your recruiting team

At Randstad, we use a team approach to source candidates and generate effective placements. As a client, you will have an established relationship with an individual finance and accounting staffing specialist and the full support of the larger office team who will be apprised of your requirements and the nuances of the position you seek to fill.



## flexible staffing options

Our flexible staffing options include project (/staffing-and-solutions/staffing/contract-staffing/), project to direct hire (/staffing-and-solutions/staffing/contract-to-hire-staffing/) and direct hire (/staffing-and-solutions/staffing/direct-hire/) placement from the management to support levels. Our proprietary candidate database gives our finance and accounting staffing specialists a broad foundation from which to target qualified financial professionals for your business.



## executive search services

Our client offerings also include chief financial officer (CFO), controller, and other high-level executive search and placement services. A select group of our finance and accounting staffing experts specialize in assisting clients who need strategic and C-level candidates for direct hire or consulting engagements. learn more > (/staffing-and-solutions/staffing/executive-search-services/)

## positions we staff

**Executives**

- Chief Financial Officer (CFO)
- Controller
- VP of Finance
- VP of Accounting

**Professionals**

- CPAs
- CFAs
- Tax accountants
- Investment analysts

**Management**

- Director of Finance

**Support**

- Bookkeeper

Finance and Accounting Staffing | Finance Staffing | Accounting Staffing | Randstad USA    Page 3 of 3

- Director of Accounting
- Tax Manager
- Audit Manager

- Clerk
- Underwriter

return to staffing