1  STEVEN MACK, ESQ.
   Nevada Bar No. 4000
2  **BLACK & LOBELLO**
   10777 W. Twain Ave., 3rd Fl.
3  Las Vegas, Nevada 89135
4  (702) 869-8801
   (702) 869-2669 (fax)
5  smack@blacklobellolaw.com
   Attorneys for Plaintiff/Counterdefendant
6

7  UNITED STATES DISTRICT COURT

   DISTRICT OF NEVADA
8

| | |
|---|---|
| COUNT'S KUSTOMS, LLC, a Nevada corporation,<br><br>            Plaintiff,<br><br>vs.<br><br>JOSEPH FRONTIERA, an individual, and RANDSTAD PROFESSIONALS US, LP a Delaware Corporation dba RANDSTAD PROFESSIONALS, DOES I-X and DOE CORPORATIONS XI – XX, inclusive, | Case No.: 2:16-cv-00910-JAD-GWF<br><br>**PLAINTIFF'S MOTION TO STRIKE DEFENDANT FRONTIERA'S MOTION TO DISMISS AS UNTIMELY** |
| RANDSTAD PROFESSIONALS US, LP,<br><br>            Counterclaimant,<br><br>vs.<br><br>COUNT'S KUSTOMS, LLC,<br><br>            Counterdefendant. | |
| RANDSTAD PROFESSIONALS US, LP,<br><br>            Cross-Claimant,<br><br>vs.<br><br>JOSEPH FRONTIERA,<br><br>            Cross-Defendant. | |

# PLAINTIFF'S MOTION TO STRIKE DEFENDANT FRONTIERA'S MOTION TO DISMISS AS UNTIMELY

Plaintiff/ Counterdefendant, COUNT'S KUSTOMS, LLC, ("Plaintiff" or "CK"), by and through its attorney Steven Mack, Esq. of the law firm of Black & LoBello hereby submits its Motion to Strike Defendant/Cross-Defendant, Joseph Frontiera's Motion to Dismiss as Untimely.

This Motion is made and based upon the pleadings and papers filed in this matter, the Exhibits attached hereto, and any argument or other evidence produced at the time of this hearing.

DATED this __13th__ day of May, 2016.

BLACK & LOBELLO

STEVEN MACK, ESQ.
Nevada Bar No. 4000
10777 W. Twain Ave., Third Floor
Las Vegas, Nevada 89135
*Attorneys for Plaintiff*

## MEMORANDUM OF POINTS & AUTHORITIES

### I.  INTRODUCTION

This is an action that exists as a result of Randstad's failure to perform basic vetting of a candidate that was provided to the Plaintiff, and that person, Frontiera, committed multiple improper and illegal acts causing substantial damages to Plaintiff.

A Complaint was filed in District Court on March 22, 2016 and served upon Defendant Randstad on March 28, 2016. Randstad filed an answer, counterclaim and cross claim on April 18, 2016.

The Complaint and Summons were served on Defendant Frontiera on April 4, 2016.

This case was removed to Federal Court on April 22, 2016.

Counsel for Defendant/Counter-Defendant Frontiera first made an appearance in this case on April 27, 2016, and then requested an extension to answer or otherwise plead to the case.

Counsel signed a Stipulation to Extend the Time to Respond to Initial Complaint which was filed May 5, 2016. The Stipulation gave Defendant/Counter-Defendant Frontiera until May 9, 2016 to file a responsive pleading to Plaintiff's Complaint. Defendant/Counter-Defendant Frontiera did not file his responsive pleading until May 10, 2016.

## II.    ARGUMENT

This Motion is made pursuant to FRCP 12(f)(2), wherein Plaintiff was served the responsive pleading, however, the pleading was untimely, and should be stricken and Defendant Frontiera should be forced to file an answer to the complaint.

Pursuant to FRCP 12(a)(1)(A) "A defendant **must** serve an answer: (i) within 21 days after being served with the summons and complaint" (emphasis added).

Although an extension was granted by this Court and agreed to by Plaintiff, the extension was granted to May 9, 2016, not May 10. The same rule applies, in that the responsive pleading **must** be filed by the extended time. Timing rules are strictly construed.[1]

Defendant was late and the responsive pleading should be stricken.

///

///

///

---

[1] *Willms v. Sanderson*, 723 F.3d 1094 (9th Cir. 2013) time frames for filing complaint objecting to discharge is strictly construed. *Eastman v. First Data Corp.*, 736 F.3d 675 (3d Cir. 2013), Timing rules are critical. Failure to strictly comply with them can result in dismissal (of an appeal in this particular case), even when counsel makes what appears to be an honest error of interpretation.

### III. CONCLUSION

Based upon the foregoing and Defendant Frontiera's failure to timely file a response to Plaintiff's Complaint, Defendant Frontiera's Motion should be stricken and he should be ordered to file an answer to the Complaint.

DATED this __13th__ day of May 2016.

BLACK & LOBELLO

_____
STEVEN MACK, ESQ.
Nevada Bar No. 4000
10777 W. Twain Ave., Third Floor
Las Vegas, Nevada 89135
*Attorneys for Plaintiff*

# CERTIFICATE OF MAILING

Pursuant to FRCP 5(b), I certify that I am an employee of BLACK & LOBELLO and that on the __13th__ day of May, 2016, I caused the above and foregoing document entitled **PLAINTIFF'S MOTION TO STRIKE DEFENDANT FRONTIERA'S MOTION TO DISMISS AS UNTIMELY** to be served as follows:

[ ]   by placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada; and

[ X ]   by electronic service through the Federal Court's ECF system;

[ ]   pursuant to EDCR 7.26, to be sent via facsimile;

[ ]   hand delivered

to the party or their attorney(s) listed below at the address and/or facsimile number indicated below:

| | |
|---|---|
| MICHAEL C. MILLS, ESQ.<br>BAUMAN LOEWE WITT & MAXWELL, PLLC<br>3650 N. Rancho Dr. Ste 114<br>Las Vegas, NV 89130<br>Attorneys for Defendant<br>Randstad Professionals US, LP dba Randstad Professionals | THERESA MAINS, ESQ.<br>2251 N. Rampart Blvd. #102<br>Las Vegas, NV 89128<br>Attorneys for Defendant<br>Joseph Frontiera |

and that there is regular communication by mail between the place of mailing and the place(s) so addressed.

　　　　　　　　　　　　　　　　　　　　___/s/ Shirley Blackburn___
　　　　　　　　　　　　　　　　　　　　An Employee of Black & LoBello