STEVEN MACK, ESQ.
Nevada Bar No. 4000
**BLACK & LOBELLO**
10777 W. Twain Ave., 3rd Fl.
Las Vegas, Nevada 89135
(702) 869-8801
(702) 869-2669 (fax)
smack@blacklobellolaw.com
Attorneys for Plaintiff/Counterdefendant

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| COUNT'S KUSTOMS, LLC, a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH FRONTIERA, an individual, and RANDSTAD PROFESSIONALS US, LP a Delaware Corporation dba RANDSTAD PROFESSIONALS, DOES I-X and DOE CORPORATIONS XI – XX, inclusive, | Case No.: 2:16-cv-00910-JAD-GWF<br><br><br>**PLAINTIFF, COUNT'S KUSTOMS, LLC'S OPPOSITION TO DEFENDANT JOSEPH FRONTIERA'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 9(b) and 12(b)(6)** |
| RANDSTAD PROFESSIONALS US, LP,<br><br>Counterclaimant,<br><br>vs.<br><br>COUNT'S KUSTOMS, LLC,<br><br>Counterdefendant. | |
| RANDSTAD PROFESSIONALS US, LP,<br><br>Cross-Claimant,<br><br>vs.<br><br>JOSEPH FRONTIERA,<br><br>Cross-Defendant. | |

**BLACK & LOBELLO**
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

1

2

**PLAINTIFF, COUNT'S KUSTOMS, LLC'S OPPOSITION TO DEFENDANT JOSEPH FRONTIERA'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 9(b) and 12(b)(6)**

3

4

5

Plaintiff COUNT'S KUSTOMS, LLC, ("Plaintiff") by and through Steven Mack, Esq. of the law firm of Black & LoBello, submits this Opposition to Defendant, Joseph Frontiera's ("Defendant" or "Frontiera") Motion to Dismiss.

6

7

8

This Opposition is made and based upon the Memorandum of Points and Authorities attached hereto, all exhibits attached hereto, and such oral argument as may be entertained by the Court at the time and place of the hearing of this matter.

9

DATED this __17th__ day of May 2016.

10

11

12

**BLACK & LOBELLO**

13



14

15

16

STEVEN MACK, ESQ.
Nevada Bar No. 4000
10777 W. Twain Ave., Third Floor
Las Vegas, Nevada 89135
*Attorneys for Plaintiff*

17

18

19

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

20

**I.     INTRODUCTION**

21

22

23

This is a case that was originally filed in Nevada State District Court, in accordance with the Nevada State pleading rules, and was subsequently removed to Federal District based upon a claim of diversity jurisdiction.

24

25

26

In filing the instant motion as a responsive pleading to the complaint, the Defendant is too late, and waived their ability to bring a Motion to Dismiss. Pursuant to the stipulation to extend the response date, as signed by this Court, the Defendant's responsive pleading was due

27

28

BLACK & LOBELLO
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

1   to be filed with the court, no later than May 9, 2016.[1]  Defendant Frontiera's responsive

2   pleading was filed May 10, 2016, without further stipulation by the parties and without this

3   Court's order.  As a result, a Motion to Strike has been filed in this matter, and if granted, this

4   Opposition is Moot.

5       In the event this Court denies the Motion to Strike, this Opposition is as follows.

6   ## II.   STATEMENT OF FACTS

7       This is an action that exists as a result of Randstad's failure to perform basic vetting of a

8   candidate that was provided to the Plaintiff, and that person, Frontiera, committed multiple

9   improper and illegal acts, including embezzlement, causing substantial damages to Plaintiff.

10  Had Frontiera disclosed his background, and Randstat performed as it should have, Plaintiff

11  would have known of Frontiera's prior criminal history, and would not have hired Frontiera, or

12  been damaged.

13      A complaint was filed on March 22, 2016 and served upon Defendant Randstad on

14  March 28, 2016.  Randstad filed an answer, counterclaim and cross claim on April 18, 2016.

15  Defendant Frontiera filed the Motion to Dismiss on May 10, 2016.

16  ## III.   STANDARD OF REVIEW

17  **A.  FRCP Rule 12(b)(6)**

18      Dismissal is only warranted if "it appears beyond a doubt that the [claimant] can prove

19  no set of facts in support of his claim which would entitle him to relief."[2]  ""[D]etailed factual

20  allegations" are not required, … but the Rule does call for sufficient factual matter, accepted as

21  true, to "state a claim to relief that is plausible on its face," … A claim has facial plausibility

22  when the pleaded factual content allows the court to draw the reasonable inference that the

23  defendant is liable for the misconduct alleged."[3]

24      When reviewing a motion to dismiss a complaint under Fed. R. Civ. P. 12(b)(6) the

25  Plaintiff's Complaint is construed in the light most favorable to Plaintiff; the allegations of the

26

27  _____

28  [1] See Stipulation and Order, Docket 17

[2] *Gibson v. United States*, 781 F.2d 1334, 1337 (9th Cir. 1986).

BLACK & LOBELLO
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

Complaint are taken as true and *all* reasonable inferences that can be drawing from the Complaint are drawn in favor of Plaintiff.[4]

**B. FRCP Rule 8(a)(2)**

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of a complaint is to give *fair notice* to a defendant and that the complaint provides ample facts to give a more than fair notice to a defendant and to enable defendant to respond to the complaint.

**C. FRCP Rule 9(b)**

The standard for the pleading of fraud has been, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."[5] However, the Ninth Circuit has later recognized that "[t]o comply with Rule 9(b), allegations of fraud *must be specific enough to give defendants notice* of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."[6]

While a plaintiff must "state with particularity" the "circumstances constituting fraud," there are certain things that "may be alleged generally," "malice, intent, knowledge, and other conditions of a person's mind."[7]  Because things such as knowledge and intent are "uniquely within another party's control," they may be pled on information and belief.[8]

Apparently, the framers of Fed.R.Civ.P. 9(b) were cognizant of the fact that plaintiffs could not read defendants' mind and could not find facts specific to defendants' "intent" without the fact finding process of discovery.

---

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (cites omitted).

[4] See *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506 (2007); *National Audubon Soc., Inc. v. Davis*, 307 F. 3d 835 (9th Cir. 2002).

[5] *Vess v. Cib-Giehy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Picket*, 137 F.3d 616, 627 (9th Cir. 1997)).

[6] *Swartz v. KP MG LLP* 476 F.3d 756, at 764 (9th Cir.2007); citing *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir.2001) (internal quotations omitted) (emphasis added).

[7] Fed.R.Civ.P. 9(b).

**BLACK & LOBELLO**
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

BLACK & LOBELLO
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

## IV.   LEGAL ARGUMENT

Defendant, in this case, is unable to credibly argue, in the face of the very detailed Complaint, that Plaintiff has pled mere conclusory allegations.  Further, Defendant cannot argue that he does not understand the nature of Plaintiff's claims or the fraud alleged, and cannot adequately respond.   The facts listed in the complaint are specific and not based upon "information and belief", except to those facts that are not within the knowledge of the Plaintiff, such as where Frontiera obtained the fraudulent stamps.

In fact, the other Defendant, Randstad, named in one of the very same causes of action, had no problem understanding the nature of the fraud alleged and answered the Complaint.

Again, Rule 9(b) merely requires a summary of the details of the fraud, should be read in concert with Rule 8(a)(2), and does not demand or require a minute by minute recitation of each step of the fraud and the description of any and all evidence, including each and every document, which confirms its existence.  The Standard relied by the Ninth Circuit is the who, what, when, where, why and how standard.[9]  While Plaintiff has provided far more specific information, a summary of the particulars of the allegations reveals the " who, what, when, where, why and how " of the fraud alleged.   These are not conclusory statements, they are facts and a summary of what occurred.  Other facts still remain in the sole knowledge of Frontiera, such as, exactly what was purchased in some of the cases, and where the property is located now.

**a.  With regard to Defendant Frontiera and Plaintiff's Third Claim for Relief:**

WHO:  Defendant Frontiera

WHAT Misrepresented his past and failed to disclose his past criminal history which included a prior criminal conviction for embezzlement.

WHERE: At Count's Kustoms.

WHEN: Prior to be being hired in June 2013.

---

[8] *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1330 (Fed. Cir. 2009).

[9] See, *Vess*, Infra.

WHY: To obtain employment with Count's Kustoms. And it was false because he had a criminal background, for the very crime that he committed at Plaintiff's business.

HOW: By failing to disclose his own criminal past at the time or prior to the time he was hired in June 2013.

The summary of all these details are clearly within the Complaint and the cause of action. Frontiera misrepresented his past, knew it was false, he induced Plaintiff to hire him and Plaintiff was severely damaged as a result. And clearly, given what Frontiera did while he was employed, would have made a difference. Count's Kustoms would not have hired him, had they known about his past.

It doesn't state he misrepresented his past, it states he misrepresented his past and failed to disclose his prior criminal charges, which happen to be similarly the subject of this lawsuit.

b. **With regard to Defendant Frontiera and Seventh Claim for Relief:**

This is a Fraud Claim and nowhere in the complaint, does it state or refer to the criminal statutes pertaining to embezzlement.

WHO: Defendant Frontiera

WHAT Stole, used, appropriated or embezzeled company funds and property to be used for his own personal property and interests.

WHERE: At Count's Kustoms and other places while employed by Count's Kustoms

WHEN: Multiple times while employed at Count's Kustoms

WHY: To steal money and property, and deprive Count's Kustoms of its money and property for his own personal benefit including purchasing a vehicle for himself, personal items at Home Depot, to purchase personal airlines tickets and services for his personal vehicles, to name just a few.

HOW: By making false signature stamps of those authorized to sign on checks, by misusing company credit cards and accounts.

The summary of all these details are clearly within the Complaint. Further, the multitude of documents, which will be produced during discovery, will have exact details of the

time, amounts and date of occurrence of each event, how Frontiera obtained the signature stamps, how Frontiera took the money (and concealed it), is uniquely within the knowledge of Frontiera and therefore does not have to plead.[10]

What Frontiera calls bare assertions are actually facts.[11] And what Frontiera calls "additional bare assertions" are the details backing up the stated facts.[12] The Plaintiff would be hard pressed to be any more detailed unless it provided pictures of the documents within the body of the complaint, which is absurd.  These are not legal conclusions, but actual facts (i.e. Frontiera actually took company money and used it to purchase a vehicle).

The other causes of action against Frontier, Unjust Enrichment (Fifth Cause of Action) and conversion/constructive trust (Sixth Cause of Action), are not fraud claims.

### c.   Unjust Enrichment is a contractual claim based in quantum meruit.

Essentially, a person cannot get a benefit without paying for it. The Nevada Supreme Court stated, "[t]hat is the state of our law, too. In *Thompson v. Herrmann*, 91 Nev. 63, 68, 530 P.2d 1183, 1186 (1975), this court concluded that "[t]he basis of recovery on quantum meruit ... is that a party has received from another a benefit which is unjust for him to retain without paying for it.""[13]

Frontiera received the benefit of items he purchased using the Plaintiff's money and accounts.  He received value without paying for it.  As a result, he was unjustly enriched.  This is exactly what the complaint states.

### d.   Constructive Trust Claim Stands on its own.

Conversion/constructive trust is the act of exerting an inappropriate dominion on property that does not belong to the person who has it.  "A constructive trust is a remedial device by which the holder of legal title to property is held to be a trustee of that property for the benefit of another who in good conscience is entitled to it."[14] In fact, in Nevada, fraud is not required to form a constructive trust. "We have stated, however, that constructive trust as a

---

[10] See, *Exergen Corp., Infra.*
[11] Motion to Dismiss Complaint, Docket 18, Page 4:12-14
[12] Id. Page 4:15-24
[13] *Certified Fire Prot. Inc. v. Precision Constr.*, 128 Nev. Adv. Op. 35, 283 P.3d 250, 258 (2012)

BLACK & LOBELLO
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

1   remedy is not "'limited to [fraud and] misconduct cases; it redresses unjust enrichment, not

2   wrongdoing.' ""[15]

3          In this case, Frontiera used funds that belonged to Count's Kustoms to purchase

4   property, such as his vehicle, as well as other personal property in Frontiera's possession.  The

5   property should be held in trust for the Plaintiff, since it was their funds that were used to make

6   the purchases.  This is exactly what it states in the cause of action.

7                    ## IV.   ALTERNATIVELY, LEAVE TO AMEND

8          If this court concludes that additional factual pleading is required, Plaintiff respectfully

9   requests leave to amend.  Generally, leave to amend "should, as the rules require, be 'freely

10  given.'"[16]

11  / / /

12  / / /

13  / / /

14  / / /

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24

25

---

26  [14] *Locken v. Locken*, 98 Nev. 369, 372, 650 P.2d 803, 804-5 (1982), quoting *Danning v. Lum's, Inc.*, 86 Nev. 868, 871, 478 P.2d 166 (1970)."

27  [15] *Waldman v. Maini*, 124 Nev. 1121, 1130, 195 P.3d 850, 857 (2008) (cites omitted)

28  [16] *Foman v. Davis*, 371 U.S. 178, 182 (1962)

BLACK & LOBELLO
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

## V. <u>CONCLUSION</u>

WHEREFORE, Plaintiff respectfully requests that Defendant's Motion to Dismiss be denied or, alternatively, to the extent this Court finds that Plaintiff's Complaint is still facially deficient, Plaintiff requests an opportunity to amend the pleading to cure any such deficiency after discovery.

DATED this __17th__ day of May, 2016.

**BLACK & LOBELLO**



STEVEN MACK, ESQ.
Nevada Bar No. 4000
10777 W. Twain Ave., Third Floor
Las Vegas, Nevada 89135
*Attorneys for Plaintiff*

**BLACK & LOBELLO**
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

**CERTIFICATE OF MAILING**

Pursuant to FRCP 5(b), I certify that I am an employee of BLACK & LOBELLO and that on the __17th__ day of May, 2016, I caused the above and foregoing document entitled **PLAINTIFF/COUNTERDEFENDANT, COUNT'S KUSTOMS, LLC,'S OPPOSITION TO DEFENDANT/CROSS-DEFENDANT JOSEPH FRONTIERA'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 9(b) and 12(b)(6)** to be served as follows:

[ ]    by placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada; and

[ X ]   by electronic service through the Federal Court's ECF system;

[ ]    pursuant to EDCR 7.26, to be sent via facsimile;

[ ]    hand delivered

to the party or their attorney(s) listed below at the address and/or facsimile number indicated below:

MICHAEL C. MILLS, ESQ.                    THERESA MAINS, ESQ.
BAUMAN LOEWE WITT & MAXWELL, PLLC          2251 N. Rampart Blvd. #102
3650 N. Rancho Dr. Ste 114                Las Vegas, NV  89128
Las Vegas, NV  89130                      Attorneys for Defendant
Attorneys for Defendant                   Joseph Frontiera
Randstad Professionals US, LP dba Randstad
Professionals

and that there is regular communication by mail between the place of mailing and the place(s) so addressed.

_/s/ Shirley Blackburn_
An Employee of Black & LoBello

BLACK & LOBELLO
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669