STEVEN MACK, ESQ.
Nevada Bar No. 4000
**BLACK & LOBELLO**
10777 W. Twain Ave., 3rd Fl.
Las Vegas, Nevada 89135
(702) 869-8801
(702) 869-2669 (fax)
smack@blacklobellolaw.com
Attorneys for Plaintiff/Counterdefendant

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| COUNT'S KUSTOMS, LLC, a Nevada corporation,<br><br>          Plaintiff,<br><br>vs.<br><br>JOSEPH FRONTIERA, an individual, and RANDSTAD PROFESSIONALS US, LP a Delaware Corporation dba RANDSTAD PROFESSIONALS, DOES I-X and DOE CORPORATIONS XI – XX, inclusive, | Case No.: 2:16-cv-00910-JAD-GWF<br><br>**JOINT STATUS REPORT** |

RANDSTAD PROFESSIONALS US, LP,

          Counterclaimant,

vs.

COUNT'S KUSTOMS, LLC,

          Counterdefendant.

RANDSTAD PROFESSIONALS US, LP,

          Cross-Claimant,

vs.

JOSEPH FRONTIERA,

          Cross-Defendant.

**BLACK & LOBELLO**
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

**TO: THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA;**

Pursuant to this Court's Minute Order [Doc 6], Plaintiff/Counterdefendant, Count's Kustoms, LLC, ("Plaintiff" or "CK"), Defendant/Counter-Claimant, Randstad Professionals US, LP ("Randstad") and Defendant/Cross-Defendant, Joseph Frontiera ("Frontiera"), hereby submit their joint status report as follows:

**1. Set forth the status of this action, including a list of any pending motions and/or matters which require the attention of this Court.**

  a. **Removal and Consents**

   Defendant Randstad filed a Notice of Removal to Federal Court on April 22, 2016 (Doc 1). Defendant Randstad filed a (second) Notice of Removal to Federal Court on April 22, 2016 (Doc 4). On April 27, 2016, Defendant Randstad filed an Amended Notice of Removal (Doc 11);

  b. **Removal Statement**

   Defendant Randstad filed a Statement of Removal on May 10, 2016 (Doc 19);

  c. **Pending Motions**

   Plaintiff filed a Motion to Strike Counterclaim or in the Alternative, Motion to Dismiss on May 2, 2106 (Doc 15), to which Defendant Randstad filed a Response in Opposition on May 19, 2016 (Doc 27);

   On May 10, 2016, Defendant Frontiera filed a Motion to Dismiss Complaint (Doc 18); and

   Plaintiff filed a Motion to Strike Defendant Frontiera's Motion to Dismiss as Untimely on May 13, 2016 (Doc 25).

**2. Associated Cases**

 None.

**3. Include a statement by counsel of actions required to be taken by the Court.**

Decisions on pending Defendant Frontiera's Motion to Dismiss Complaint (Doc 18), pending Plaintiff's Motion to Strike Defendant Randstad's Counterclaim or in the Alternative,

BLACK & LOBELLO
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

27100142v.1

Motion to Dismiss on May 2, 2106 (Doc 15), to which Defendant Randstad filed a Response in Opposition (Doc 27), and pending Plaintiff's Motion to Strike Defendant Frontiera's Motion to Dismiss as Untimely on May 13, 2016 (Doc 25).

**4.   Include as attachments copies of any pending motions, responses and replies thereto and/or any other matter requiring the Court's attention not previously attached to the Notice of Removal.**

*See* Plaintiff's Motion to Strike Counterclaim or in the Alternative, Motion to Dismiss on May 2, 2106 (Doc 15) attached hereto as Exhibit 1;

Defendant Frontiera filed a Motion to Dismiss Complaint (Doc 18) attached hereto as Exhibit 2;

Plaintiff's Motion to Strike Defendant Frontiera's Motion to Dismiss as Untimely on May 13, 2016 (Doc 25) attached hereto as Exhibit 3;

Plaintiff's Opposition to Defendant Joseph Frontiera's Motion to Dismiss (Doc 26) attached hereto as Exhibit 4; and

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

27100142v.1

Defendant Randstad's Opposition to Plaintiff's Motion to Strike Counterclaim (Doc 27) attached hereto as Exhibit 5.

DATED this __25th__ day of May, 2016.

DATED this __25th__ day of May, 2016.

**BLACK & LOBELLO**

**SEYFARTH SHAW LLP**

_/s/ Steven Mack, Esq._____
STEVEN MACK, ESQ. (NBN 4000)
10777 W. Twain Ave., Third Floor
Las Vegas, Nevada 89135
smack@blacklobello.law
*Attorneys for Plaintiff*

_/s/ Amy Abeloff, Esq._____
AMY ABELOFF, ESQ. (CBN: 306093)
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Attorneys for Defendant
Randstad Professionals US, LP dba Randstad
Professionals

DATED this __25th__ day of May, 2016.

_/s/ Theresa Mains, Esq._____
THERESA MAINS, ESQ. (NBN 13373)
2251 N. Rampart Blvd. #102
Las Vegas, NV  89128
theresa@theresamainspa.com
Attorneys for Defendant
Joseph Frontiera

**BLACK & LOBELLO**
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

# EXHIBIT "1"

# EXHIBIT "1"

STEVEN MACK, ESQ.
Nevada Bar No. 4000
**BLACK & LOBELLO**
10777 W. Twain Ave., 3rd Fl.
Las Vegas, Nevada 89135
(702) 869-8801
(702) 869-2669 (fax)
smack@blacklobellolaw.com
Attorneys for Plaintiff/Counterdefendant

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| COUNT'S KUSTOMS, LLC, a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH FRONTIERA, an individual, and RANDSTAD PROFESSIONALS US, LP a Delaware Corporation dba RANDSTAD PROFESSIONALS, DOES I-X and DOE CORPORATIONS XI – XX, inclusive, | Case No.: 2:16-CV-00910-JAD-GWF<br><br><br>**PLAINTIFF/COUNTERDEFENDANT'S MOTION TO STRIKE COUNTERCLAIM OR IN THE ALTERNATIVE, MOTION TO DISMISS** |
| RANDSTAD PROFESSIONALS US, LP,<br><br>Counterclaimant,<br><br>vs.<br><br>COUNT'S KUSTOMS, LLC,<br><br>Counterdefendant. | |
| RANDSTAD PROFESSIONALS US, LP,<br><br>Cross-Claimant,<br><br>vs.<br><br>JOSEPH FRONTIERA,<br><br>Cross-Defendant. | |

BLACK & LOBELLO
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

**PLAINTIFF/COUNTERDEFENDANT'S MOTION TO STRIKE COUNTERCLAIM OR IN THE ALTERNATIVE, MOTION TO DISMISS**

Plaintiff/Counter-Defendant, COUNT'S KUSTOMS, LLC, ("Plaintiff" or "CK"), by and through its attorney of record Steven Mack, Esq., of the law firm of Black & LoBello, hereby files this Motion to Strike Counterclaim, or in the alternative, Motion to Dismiss ("Motion").

This Motion is made and based on the attached Memorandum of Points and Authorities, the Exhibit attached hereto, the papers and pleadings on file herein, LR 81-1 as this is a removed action and the refiling of a previously filed motion in state court, and any oral argument this Court may allow.

DATED this ___3___ day of May 2016.

BLACK & LOBELLO

STEVEN MACK, ESQ.
Nevada Bar No. 4000
10777 W. Twain Ave., Third Floor
Las Vegas, Nevada 89135
*Attorneys for Plaintiff*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

This is an action that exists as a result of Randstad's failure to perform basic vetting of a candidate that was provided to the Plaintiff, and that person, Frontiera, committed multiple improper and illegal acts causing substantial damages to Plaintiff.

A complaint was filed on March 22, 2016 and served upon Defendant Randstad on March 28, 2016.  Randstad filed an answer, counterclaim and cross claim on April 18, 2016.

The counterclaims filed by Randstad are simply affirmative defenses and should be stricken, dismissed or treated as affirmative defenses, such that the answer is either reformed or refiled.

/ / /

BLACK & LOBELLO
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

## II. ARGUMENT

Pursuant to FRCP 8(c)(2) Affirmative Defenses:

> (c) Affirmative Defenses.
>
> (2) Mistaken Designation. If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, **and may impose terms for doing so.** (emphasis added)

In this case, all of the claims in the counterclaim filed by Randstad are simply affirmative defenses. The only damages sought by Randstad in its counterclaims is for attorney fees. Unless awarded as special damages under very limited circumstances not applicable here, attorney fees are, by nature, only allowed by Statute, rule or contract.[1] Further, the award of attorney's fees are governed by NRS 18.010, and are sought after the conclusion of the matter on the merits, not as an element of damages. This being a case of diversity, NRS 18.010 will apply, and as a result, Nevada Supreme Court case law is relevant.

The Nevada Supreme Court has stated, ""[w]e have consistently held that attorney's fees are only available when authorized by a "rule, statute, or contract." Within the stated criteria, the decision to award attorney's fees is left to the sound discretion of the district court. However, a district court may abuse its discretion when it clearly disregards guiding legal principles. Although the counterclaim appears to be a recitation of NRS 18.010(2)(b), the district court specifically awarded attorney's fees as damages under [Defendant's] counterclaim. Hence, the award was not made pursuant to a "rule, statute or contract," and constitutes an abuse of discretion. In the absence of a contract or rule, a prevailing defendant/counterclaimant may only recover attorney's fees when the requirements of NRS 18.010(2)(b) are met. To allow attorney's fees as an element of damages from an ostensible common-law cause of action we have not yet embraced would swallow the purposes for the attorney's fees statute."[2]

///

---

[1] See, *Ace Truck v. Kahn*, 103 Nev. 503, 512 n. 4, 746 P.2d 132, 138 (1987).
[2] *Flamingo Realty, Inc. v. Midwest Development, Inc.*, 110 Nev. 984, 991-992, 879 P.2d 69, 73-74 (1994) (cites omitted).

BLACK & LOBELLO
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

1    Pursuant to FRCP 12(f) Motion to Strike:

2        (f) MOTION TO STRIKE. The court may strike from a pleading an
3        insufficient defense or any redundant, immaterial, impertinent, or
         scandalous matter. The court may act:

4            (1) on its own; or

5            (2) on motion made by a party either before responding to the pleading
6            or, if a response is not allowed, within 21 days after being served with the
7            pleading.

8        In this case the claims for relief are redundant and simply designed to cause additional

9    expense and time to the Plaintiff.  Further, it is possible that any award under the claims could be

10   considered an abuse of discretion by the court.  These claims should be made as affirmative

11   defenses and nothing more.  The claims are retaliatory, vexatious, unnecessary and designed

12   simply to intimidate the Plaintiff and cause unnecessary expense.

13       Essentially, Randstad is arguing that Plaintiff is in breach of contract because they filed a

14   breach of contract claim against Randstad.  Further, that somehow, due to an indemnity clause,

15   the Plaintiff must pay to represent Randstad against Plaintiff.

16       All this represents is an attempt to have multiple attorneys representing multiple factions

17   of the same lawsuit for the same parties.  That is, a set of attorneys representing Randstad paid

18   for by Plaintiffs, and another representing Randstad paid for by Randstad, and ultimately

19   attempting to seek attorney's fees for all from Plaintiff.  This is an absurd and ridiculous

20   possibility from the claims they have put forth, which are truly affirmative defenses.  The

21   attorney fees are a collateral matter handled by this court after the litigation has produced a

22   judgment, assuming the attorney's fees are available by law, rule or contract.  Not as damages to

23   claims that are simply affirmative defenses.

24       In other words, Randstad is suggesting that Plaintiff does not have a right to file suit

25   against Randstad.  Nowhere in any document does is state that Plaintiff does not have a right to

26   sue Randstad.

27   / / /

28

BLACK & LOBELLO
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

1        In fact, the alleged agreement attached as Exhibit "A" to Defendant's Answer (attached

2   as **Exhibit "1"** hereto), Crossclaim and Counterclaim, is only a paycheck stub that must be filed

3   each and every week for the employee.   It is not the original agreement entered into by the

4   parties.   In other words, the Exhibit "A" agreement is a necessary document in order that the

5   employee be paid.   Randstad appears to be bootstrapping that document into some sort of overall

6   governing agreement, even though it is signed *only to verify the hours of the employee*, as it

7   states under the signature.

8        After the Plaintiff has hired the person in question, after he has already been put in the

9   position and after having been given the authority and job functions of a controller, the very

10   position that Frontiera was hired for and that Randstad provided him for, Randstad is attempting

11   to rewrite the agreement in fine print on an hours report to take back the very reason for his

12   employment and the specific job functions that a controller would conduct.

13        Further, Randstad appears to avoid the statements made to the public on their website,

14   which are and were relied upon by the Plaintiff.   That is:

15           vetted candidates
             Randstad's finance and accounting staffing experts are highly selective
16           when choosing candidates for client introductions.   **Each candidate**
             undergoes a qualification process that includes an extensive interview,
17           reference check, degree verification and, if necessary, skills testing.   Our
             finance and accounting staffing experts add valuable insight to deliver
18           right-fit candidates. (See, **Exhibit "2"**, attached hereto – emphasis added).

19

20        The website provides further affirmative statements regarding providing certain types of

21   positions and the ability to provide qualified personnel, such as controllers and other high level

22   executives.   The representations in the counterclaim, are simply factual argument for an

23   affirmative defense.

24        Alternatively, pursuant to FRCP 12(b)(6):

25           (b) How to Present Defenses. Every defense to a claim for relief in any
             pleading must be asserted in the responsive pleading if one is required.
26           But a party may assert the following defenses by motion:
             (6) failure to state a claim upon which relief can be granted; …
27

28        A pleading is subject to dismissal unless it alleges "enough facts to state a claim to relief

BLACK & LOBELLO
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

1  that is plausible on its face."[3]  This generally occurs in two circumstances: (i) the absence of a

2  cognizable legal theory, or (ii) there are insufficient facts under a cognizable legal claim.[4]

3     In this case, Randstad's claims fail to state a claim upon which relief can be granted as

4  Randstad's causes of action are nothing but disguised affirmative defenses.   Randstad seeks

5  nothing but legal fees for having to defend the complaint, and indemnification of the same.  No

6  separate cause of action exists in Nevada for attorney fees as they are an ancillary matter.[5]

7     Having to file an answer to affirmative defenses to what are affirmative defenses is a

8  waste of time, confusing and only creates additional costs and expenses throughout this action.

9  **III.    CONCLUSION**

10    In accordance with the foregoing, Plaintiff respectfully requests that Defendant/Counter-

11 Claimant Randstad's Counterclaim be stricken such that the claims remain only as affirmative

12 defenses pursuant to FRCP 8(c)(2) and require no answer, or in the alternative, dismissed in its

13 entirely pursuant to FRCP 12(b)(6).

14    DATED this ____ day of May 2016.

15                                                      BLACK & LOBELLO

16

17

18                                                      STEVEN MACK, ESQ.
                                                       Nevada Bar No. 4000
19                                                      10777 W. Twain Ave., Third Floor
                                                       Las Vegas, Nevada 89135
20                                                      *Attorneys for Plaintiff*

21

22

23

24

25 [3] See, *Straznicky v. Desert Springs Hosp.*, 642 F. Supp. 2d 1238, 1240 (D. Nev. 2009) (quoting Bell
   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-58 (2007)).  Federal cases interpreting the Federal Rules of
26 Civil Procedure are "strong persuasive authority, because the Nevada Rules of Civil Procedure are based
   in large part upon their federal counterpart."  *Las Vegas Novelty, Inc. v. Fernandez*, 106 Nev. 113, 119,
   787 P.2d 772, 776 (1990)).
27 [4] *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).
   [5] See, *Ace Truck*, Infra. And *Flamingo*, Infra.
28

BLACK & LOBELLO
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

## CERTIFICATE OF MAILING

Pursuant to FRCP 5(b), I certify that I am an employee of BLACK & LOBELLO and that on the 3rd day of May, 2016, I caused the above and foregoing document entitled **PLAINTIFF/COUNTERDEFENDANT'S MOTION TO STRIKE COUNTERCLAIM OR IN THE ALTERNATIVE, MOTION TO DISMISS** to be served as follows:

[ ]   by placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada; and

[ ]   by electronic service through the Federal Court's ECF system;

[ ]   pursuant to EDCR 7.26, to be sent via facsimile;

[ ]   hand delivered

to the party or their attorney(s) listed below at the address and/or facsimile number indicated below:

MICHAEL C. MILLS, ESQ.
BAUMAN LOEWE WITT & MAXWELL, PLLC
3650 N. Rancho Dr. Ste 114
Las Vegas, NV 89130
Attorneys for Defendant
Randstad Professionals US, LP dba Randstad
Professionals

THERESA MAINS, ESQ.
2251 N. Rampart Blvd. #102
Las Vegas, NV 89128
Attorneys for Defendant
Joseph Frontiera

and that there is regular communication by mail between the place of mailing and the place(s) so addressed.

/s/ Shirley Blackburn
An Employee of Black & LoBello

BLACK & LOBELLO
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

# EXHIBIT "1"

# EXHIBIT "1"

Case 2:16-cv-00910-JAD-GWF   Document 28   Filed 05/25/16   Page 14 of 97
Case 2:16-cv-00910-JAD-GWF   Document 15   Filed 05/03/16   Page 9 of 13

Case 2:16-cv-00910   Document 1-2   Filed 04/22/16   Page 29 of 31

RANDSTAD FINANCE & ACCOUNTING SERVICE AGREEMENT

Thank you for choosing Randstad Finance & Accounting to assist with your staffing needs. Outlined below are the parameters of our agreement with you. If you have any questions, please contact your local Randstad F&A representative for assistance.

**Cost of Services**

*(The remainder of the agreement body text is too faded and small to transcribe reliably.)*

---

**EMPLOYER DATA**

FAUNDER A   Joe
LAST NAME        FIRST NAME

XXX - XX - 5979

---

**CLIENT DATA**

Counts Kustoms
27116 Highway
Las Vegas, NV

---

**FAX TIME CARD**

PLEASE FAX TO YOUR RANDSTAD F&A BRANCH

300 97        6   30   13

TOTALS   40 00

randstad
finance & accounting

# EXHIBIT "2"

# EXHIBIT "2"

Finance and Accounting Staffing | Finance Staffing | Accounting Staffing | Randstad USA      Page 1 of 3

home / staffing and solutions / staffing / finance & accounting staffing



## finance and accounting experts

Built on more than 30 years of expertise, Randstad delivers high-quality finance and accounting professionals for the fundamental roles that power your business and impact your bottom line.

contact to learn more

## best in class

With average satisfaction ratings four times the industry average (https://www.bestofstaffing.com/2013/client/randstad-finance-and-accounting), Randstad's finance and accounting staffing specialists deliver the talent your teams need to impact your organization's bottom line and its future success.





## experience and focus

Having focused solely on finance and accounting staffing for over 25 years, our finance & accounting division comprises some of the most experienced specialists in the industry.  We understand your business and match you with motivated individuals whose skills and experience will fuel your business initiatives.

## better recruiters, better hires

right-fit candidates

Finance and Accounting Staffing | Finance Staffing | Accounting Staffing | Randstad USA   Page 2 of 3

 Our finance and accounting staffing specialists invest the time with you upfront to ensure we thoroughly understand the hiring opportunity, your company culture and any complexities of the situation so as to select the best candidate for your consideration.

 ### vetted candidates
Randstad's finance and accounting staffing experts are highly selective when choosing candidates for client introductions. Each candidate undergoes a qualification process that includes an extensive interview, reference check, degree verification and, if necessary, skills testing. Our finance and accounting staffing experts add valuable insight to deliver right-fit candidates.

 ### your recruiting team
At Randstad, we use a team approach to source candidates and generate effective placements. As a client, you will have an established relationship with an individual finance and accounting staffing specialist and the full support of the larger office team who will be apprised of your requirements and the nuances of the position you seek to fill.

 ### flexible staffing options
Our flexible staffing options include project (/staffing-and-solutions/staffing/contract-staffing/), project to direct hire (/staffing-and-solutions/staffing/contract-to-hire-staffing/) and direct hire (/staffing-and-solutions/staffing/direct-hire/) placement from the management to support levels. Our proprietary candidate database gives our finance and accounting staffing specialists a broad foundation from which to target qualified financial professionals for your business.

 ### executive search services
Our client offerings also include chief financial officer (CFO), controller, and other high-level executive search and placement services. A select group of our finance and accounting staffing experts specialize in assisting clients who need strategic and C-level candidates for direct hire or consulting engagements. learn more > (/staffing-and-solutions/staffing/executive-search-services/)

## positions we staff

**Executives**

- Chief Financial Officer (CFO)
- Controller
- VP of Finance
- VP of Accounting

**Management**

- Director of Finance

**Professionals**

- CPAs
- CFAs
- Tax accountants
- Investment analysts

**Support**

- Bookkeeper

Finance and Accounting Staffing | Finance Staffing | Accounting Staffing | Randstad USA     Page 3 of 3

- Director of Accounting
- Tax Manager
- Audit Manager

- Clerk
- Underwriter

return to staffing

# EXHIBIT "2"

# EXHIBIT "2"

Theresa Mains, Esq.
Nevada Bar 13373
2251 N. Rampart Blvd. #102
Las Vegas, NV 89128
(702) 684-6163; Fax: (702)541-6743
Theresa@TheresaMainsPA.Com
*Attorney for Defendant/Cross Defendant*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| COUNT'S KUSTOMS, LLC | CASE NO: 2:16-CV-00910-JAD-GWF |
| Plaintiff, | |
| vs. | |
| JOSEPH FRONTIERA, an Individual, and RANDSTAD PROFESSIONALS, DOES I through X, and DOE CORPORATIONS XI through XX, inclusive, | |
| Defendants. | **DEFENDANT/CROSS DEFENDANT FRONTIERA'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 9(b) AND 12(b)(6)** |
| RANDSTAD PROFESSIONALS US, LP, Plaintiff in Counterclaim, | |
| vs. | |
| COUNT'S KUSTOMS, LLC, | |
| Defendant in Counterclaim, | |
| RANDSTAD PROFESSIONALS US, LP, Cross Claimant | |
| vs. | |
| JOSEPH FRONTIERA, | |
| Cross Defendant | |

*(Left margin, vertical text:)* THERESA MAINS, ESQ., MACC, CFE
2251 N. Rampart Blvd, Suite 102
Las Vegas, Nevada 89128

1   Defendant/Cross Defendant Joseph Frontiera ("Frontiera" or "Defendant")

2   respectfully moves to dismiss, with prejudice, Plaintiff Count's Kustoms, LLC's ("Plaintiff")

3   Complaint (ECF 4-1) for failure to plead their claims with particularity as required by Fed.

4   R. Civ. P. 9(b) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6).   This Motion

5   is made and based upon the following memorandum of points and authorities, the pleadings

6   and papers filed and any oral argument this Court may entertain.

7

8

9   Dated:  May 9, 2016

10

11                                          Respectfully submitted,

12                                           /s/Theresa Mains
                                            Theresa Mains, Esq. MAcc, CFE
13                                          2251 N. Rampart Blvd., Suite 102
                                            Las Vegas, Nevada 89128
14                                          Theresa@TheresaMainsPA.com
                                            *Attorney for Defendant/Cross Defendant*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT/CROSS DEFENDANT FRONTIERA'S MOTION TO DISMISS COMPLAINT
PURSUANT TO FED. R. CIV. P. 9(b) AND 12(b)(6)

THERESA MAINS, ESQ., MACC, CFE
2251 N. Rampart Blvd., Suite 102
Las Vegas, Nevada 89128

THERESA MAINS, ESQ., MACC, CFE
2251 N. Rampart Blvd, Suite 102
Las Vegas, Nevada 89128

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

Plaintiffs assert several improperly pled causes of action that all center around conclusory and generalized allegations of fraud and conversion allegedly committed by Defendant.   The core or centralized assertions made against by the Plaintiff in the Complaint are allegations of fraudulent conduct and conversion the Plaintiff relies on these allegations as the basis of all claims.   When "the claim[s] [are] said to be grounded in fraud or to sound in fraud, and the pleading ... *as a whole must* satisfy the particularity requirement of Rule 9(b).[1]

Plaintiffs have failed to provide the detailed factual allegations necessary to plead fraud and the fraud-based claims as required by Fed. R. Civ. P. 9(b).   Plaintiffs fail to provide facts that directly or even by inference answer the fundamental questions of what was done, when, and how.

### II.    GENERAL ALLEGATIONS AND CAUSES OF ACTION ASSERTED AGAINST DEFENDANT FRONTIERA

On or around June 6, 2013, Defendant Frontiera was hired by Plaintiff through the employment agency, Defendant Randstad ("Randstad") to serve as the "General Manager to assist in the day to day operations including but not limited to hiring, marketing, accounting, daily operations decisions, task assignments, inventory control, scheduling, collections, garage operations, and restoration projects *in the absence of management*."[2] Compl. ¶5.

---

[1] See Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir.2009) (holding that when a plaintiff alleges a unified course of fraudulent conduct and relies on that allegation as the basis of a claim, "the claim is said to be grounded in fraud or to sound in fraud, and the pleading ... as a whole must satisfy the particularity requirement of Rule 9(b).") (internal quotation marks omitted).
[2] Emphasis added.

Defendant Frontiera's main responsibilities were to "keep operations running smoothly and to make sure the vehicles being worked on were completed in a timely manner." Compl. ¶6.   In order to do his job, Plaintiff added Frontiera as a signor to the accounts at Count's Kustoms.  Compl. ¶11.  Plaintiffs added that Frontiera "reported to Kevin Mack and Daniel N. Koker, II, and was to run the business day to day *as well as in their absence*."[3] Compl. ¶12.

Plaintiffs then assert allegations of misconduct that "unbeknownst to Plaintiff," Frontiera had signature stamps made of Daniel N. Koker and Kevin Mack "for the purpose of stamping checks in their absence" and such stamps were "not authorized by Daniel Koker or Kevin Mack." Compl. ¶13.  Plaintiffs add a bare assertion without any specificity, that "upon hiring of Frontiera, "he began using Plaintiff's finances for personal reasons not authorized by Plaintiff or Plaintiff's upper management." Compl. ¶14.

Plaintiff then provides additional bare assertions with general averments that lack in any specificity as to the how, what, when, why:

> "CK monies were used by Frontiera for his personal use believed to be in excess of $75,000.00 and was discovered through investigation, including but not limited to:
> a.  Down payment of a personal vehicle, Land Rover Range Rover, in the amount of $5,800.00.
> b.  Airline tickets for personal use in the amount of $5,104.00.
> c.  Services paid for by Count's Kustoms for Defendant Frontiera's personal vehicles in the amount of $14,317.50." Compl. ¶15.

Plaintiffs allege that Frontiera represented himself as a qualified employee without negative employment history.[4]  Compl. ¶33.

THERESA MAINS, ESQ, MACC, CFE
2251 N. Rampart Blvd, Suite 102
Las Vegas, Nevada 89128

---

[3] Emphasis added.
[4] Plaintiff's fail to assert when and to whom and how this alleged representation was made but for the sake of this Motion, it is assumed that Plaintiffs are referring to representations made on whatever application documentation processed through Randstad.

DEFENDANT/CROSS DEFENDANT FRONTIERA'S MOTION TO DISMISS COMPLAINT
PURSUANT TO FED. R. CIV. P. 9(b) AND 12(b)(6)

THERESA MAINS, ESQ., MACC, CFE
2251 N. Rampart Blvd, Suite 102
Las Vegas, Nevada 89128

The Plaintiffs allege four causes of action against Frontiera: (i) Fraud.  Compl. at p. 6, ¶¶ 30-40; (ii) Unjust Enrichment.  Compl. at p. 7, ¶¶ 46-51; (iii) Conversion/Constructive Trust.  Compl. at p. 8, ¶¶ 52-56; (iv) Embezzlement – Civil Theft.  Compl. at p. 8, ¶¶ 57-62.

## III.   LEGAL ARGUMENT

### A.   Fed. R. Civ. P. 12(b)(6)

Rule 12(b)(6) motion tests the legal sufficiency of a claim.[5]   A court accepts as true all well-pleaded allegations of material fact and construes them in the light most favorable to the nonmoving party.[6]   However, the court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences.[7]

A motion to dismiss under Rule 12(b)(6) also concerns what facts a plaintiff must plead on the face of his complaint. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Any complaint that does not meet this requirement can be dismissed pursuant to Rule 12(b)(6).

In interpreting Rule 8(a)'s "short and plain statement" requirement, the Supreme Court has held that a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," which requires that "the plaintiff plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] This standard does not ask the Plaintiff to plead facts that suggest he will probably

---

[5] *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.2001).
[6] *Daniels–Hall v. Nat'l Educ.* Ass'n, 629 F.3d 992, 998 (9th Cir.2010).
[7] *Weingartner*, 702 F.Supp.2d at 1285; *see Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001).
[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

prevail, but rather "it asks for more than a sheer possibility that a defendant has acted unlawfully."[9]  The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."[10] *The Court is not, however, forced to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations."[11]*

### B.    Fed. R. Civ. P. 9(b)

Fed. R. Civ. P. 9(b) states, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."[12] "Rule 9(b) serves not only to give notice to *defendants of the specific fraudulent conduct* against which they must defend, but also to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect defendants from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis."[13]

Allegations in a must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."[14] Thus, *claims sounding in fraud must allege "an account of the time, place, and specific content of the false*

---

[9] *Id.* (internal quotation marks omitted).
[10] *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir.2008).
[11] *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir.2011).
[12] *Id.*
[13] *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1057 (9th Cir.2011) (*citing Bly–Magee v. California*, 236 F.3d 1014, 1018 (9th Cir.2001)).
[14] *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir.1985).

THERESA MAINS, ESQ., MACC, CFE
2251 N. Rampart Blvd, Suite 102
Las Vegas, Nevada 89128

*representations as well as the identities of the parties to the misrepresentations.*"[15]   A plaintiff must set forth what is false or misleading about a statement, and why it is false."[16] However, "intent, knowledge, and other conditions of a person's mind" need not be stated with particularity, and "may be alleged generally."[17]

### C.     Fraud Claim Must Be Dismissed Because Plaintiff Failed to Plead with The Particularity Required by Fed. R. Civ. P. 9(b)

Plaintiff claims that Frontiera represented himself as a qualified employee without negative employment history.  Compl. ¶33.  This is the only allegation for fraud in this cause of action for fraud.

The elements necessary for a fraud claim have been established by the Nevada Supreme Court: 1) a false representation made by the defendant; 2) defendant's knowledge or belief that its representation was false; 3) defendant intended to induce plaintiff to act or refrain from acting upon the misrepresentation; and 4) damage to the plaintiff as a result of relying on the misrepresentation.[18]

Plaintiff does not plead any of these elements.  Plaintiff attempts to provide somewhat of a narrative of surrounding circumstances of this alleged fraud and asserts, "[a]fter Plaintiff began finding irregularities in its accounting as well as some of the clients' accounts and projects, Plaintiff conducted its own background screening and found that Defendant

---

[15] *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir.2007) (per curiam) (internal quotation marks and citation omitted).

[16] *In re GlenFed, Inc. Securities Litig.*, 42 F.3d 1541, 1548 (9th Cir.1994) (en banc), superseded by statute on other grounds as stated in *Marksman Partners, L.P. v. Chantal Pharmaceutical Corp.*, 927 F.Supp. 1297, 1309 (C.D.Cal.1996).

[17] Fed. R. Civ. P. 9(b).

[18] *Barmettler v. Reno Air, Inc.*, 114 Nev. 441, 956 P.2d 1382, 1386 (Nev.1998).

DEFENDANT/CROSS DEFENDANT FRONTIERA'S MOTION TO DISMISS COMPLAINT
PURSUANT TO FED. R. CIV. P. 9(b) AND 12(b)(6)

THERESA MAINS, ESQ., MACC, CFE
2251 N. Rampart Blvd, Suite 102
Las Vegas, Nevada 89128

Frontiera had, in fact, a criminal history with a past employer in Florida for embezzlement and fraud." ¶34.

When a party pleads a cause of action for fraud or mistake, he is subject to the heightened pleading requirements of Rule 9(b). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."[19] A plaintiff must set forth what is false or misleading about a statement, **and why it is false."**[20]

Rule 9(b) demands that the circumstances constituting any alleged fraud be plead "specific[ally] enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong."[21] Claims of fraud must be "accompanied by the who, what, when, where, and how of the misconduct alleged."[22]   Why is this representation false?   Plaintiff does not provide any other detail to this alleged "fact" such as a case number or other detail.   Plaintiff does not link to this alleged misrepresentation to any misconduct or cause for damages, nor does the Plaintiff provide any facts for particular documentation to suggest this representation is false OR that the Defendant intended to make a false representation.

Therefore, Plaintiff has failed to meet the heightened pleading standard and therefore this claim for fraud must be dismissed.

---

[19] Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.").

[20] *In re GlenFed, Inc. Securities Litig.,* 42 F.3d 1541, 1548 (9th Cir.1994) (en banc), superseded by statute on other grounds as stated in *Marksman Partners, L.P. v. Chantal Pharmaceutical Corp.*, 927 F.Supp. 1297, 1309 (C.D.Cal.1996).

[21] *Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir.2009) (*citing Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir.2001)) (emphasis added).

[22] *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir.1997).

THERESA MAINS, ESQ., MACC, CFE
2251 N. Rampart Blvd, Suite 102
Las Vegas, Nevada 89128

DEFENDANT/CROSS DEFENDANT FRONTIERA'S MOTION TO DISMISS COMPLAINT
PURSUANT TO FED. R. CIV. P. 9(b) AND 12(b)(6)

1

2

### D. Unjust Enrichment Claim Must Be Dismissed Because Plaintiff Failed to Plead with The Particularity Required by Fed. R. Civ. P. 9(b)

Plaintiff claims that Frontiera "used his position as shop manager to his personal monetary advantage, without approval of Plaintiff's upper management, and monetarily harming Plaintiff without benefit to Plaintiff." Compl. ¶48.  Plaintiffs further plead that "it would be inequitable and unjust to allow Defendant to "reap the benefits of their wrongful conduct." Compl. ¶49.

To plead a claim for unjust enrichment, a plaintiff must allege that a defendant unjustly retained money or property of another against fundamental principles of equity.[23] The Plaintiffs do not provide facts or specifics as to whether there was an implied contract between Plaintiff and Frontiera.  If Plaintiffs are having this Court and Defendant infer they are referring to an express agreement between Plaintiffs and Frontiera then this cause of action should be dismissed.  An action for unjust enrichment cannot lie when there is an "express written contract" that governs the parties' relationships.[24]

Plaintiff's by their allegation that Frontiera used his "position as shop manager to his personal monetary advantage" almost implies that Frontiera, as a fiduciary or a person in position of trust, used the position for monetary advantage.  However, because there are no facts or other specific particulars to back up this very bare empty assertion, Defendant Frontiera cannot defend himself[25] and cannot….   This claim of unjust enrichment is not pled properly and there are no facts to apply to the mere recited elements.

---

[23] *Laughlin v. MidCountry Bank*, No. 3:10–cv–0294–LRH–VPC, 2011 WL 2174972, at *1–4 (D.Nev. June 3, 2011).

[24] *Id.* (citing *LeasePartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 113 Nev. 747, 942 P.2d 182, 187 (Nev.1997)

[25]

THERESA MAINS, ESQ., MACC, CFE
2251 N. Rampart Blvd, Suite 102
Las Vegas, Nevada 89128

1    This claim for unjust enrichment must be pled with particularity and is not.  The core

2    allegation central to Plaintiff's Complaint is fraud and conversion,  therefore, "although not

3    specifically framed as a fraud claim in the Complaint, a claim that something was accepted

4    or encouraged under [fraud or conversion] under the Rule 9(b) heighten pleading standard."[26]

5    And in order to satisfy Rule 9(b),  a pleading must identify 'the who, what, when, where, and

6    how of the misconduct charged,' as well as 'what is false or misleading about [the purported

7    use of Frontiera's position that led to monetary gain], and why it [led to monetary gain].'"[27]

8    

9        Plaintiff does not allege any other facts as to how Defendant used his "position as

10   shop manager to his personal monetary advantage," or who Defendant allegedly used this

11   position with, what he gained, how it was concealed from Daniel Koker or Kevin Mack who

12   directly supervised Frontiera and whom Frontiera had to answer to.

13       This mere recital of the elements of Unjust Enrichment has one bare assertion relating

14   to the Defendant does not meet any of the pleading standards and therefore must be

15   dismissed.

16   

17       ***E.   Conversion/Constructive Trust Claims Must Be Dismissed Because Plaintiff
         Failed to Plead with The Particularity Required by Fed. R. Civ. P. 9(b)***

18       Conversion and constructive trust are two different causes of actions.  The Plaintiffs

19   lists the bare recitals of the elements of Conversion only in this section.  Compl. at p. 8, ¶¶

20   52 – 56.

THERESA MAINS, ESQ., MACC, CFE
2251 N. Rampart Blvd, Suite 102
Las Vegas, Nevada 89128

---

[26] *See, e.g., Josephson v. EMC Mortg. Corp.*, No. 2:10–cv–336–JCMPAL, 2010 WL 4810715, at *2 (D.Nev. Nov.19, 2010) (Plaintiffs claimed that their signature was obtained under false pretenses and the court dismissed the claim because plaintiffs' claim did not meet the heightened Rule 9(b) fraud pleading standards).
[27] *Cafasso*, 637 F.2d at 1055 (*citing Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir.2010)).

Treating this cause of action as separate, Plaintiff's claim for constructive trust must be dismissed because not only is not pled at all, therefore not properly, it is not "essential to the effectuation of justice in this case."[28]

In Nevada, a constructive trust is "a remedial device by which the holder of legal title to property is held to be a trustee of that property for the benefit of another who in good conscience is entitled to it."[29] A constructive trust may be appropriate where: "(1) a confidential relationship exists between the parties; (2) retention of legal title by the holder thereof against another would be inequitable; and (3) the existence of such a trust is essential to the effectuation of justice."[30] Where a plaintiff can maintain an action at law and the legal remedy is adequate, sort to equity is not appropriate.[31] Therefore this cause of action must be dismissed.

Under Nevada law, conversion is the wrongful exertion of control over personal property in derogation of another's rights or title in the property.   Plaintiffs lack allegations and facts to show that *Defendant wrongfully exerted* control over any personal property of the Plaintiff.   They do not provide the specific facts as demanded under Rule 9(b) regarding the circumstances constituting any alleged fraud be plead "specific[ally] enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong."[32] Claims of fraud must be "accompanied by the who, what, when, where, and how of the misconduct alleged."[33]

---

[28] *Crockett & Myers v. Napier, Fitzgerald &* Kirby, 440 F.2d 1184, 1198 (D. Nev. 2006).
[29] *Locken v. Locken*, 98 Nev. 369, 650 P.2d 803, 804-05 (1982).
[30] *Id.* at 805.
[31] *See Davenport v. State Farm Mut. Auto. Ins. Co.*, 81 Nev. 361, 404 P.2d 10, 13 (1965).
[32] *Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir.2009) (*citing Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir.2001)) (emphasis added).
[33] *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir.1997).

THERESA MAINS, ESQ., MACC, CFE
2251 N. Rampart Blvd., Suite 102
Las Vegas, Nevada 89128

How was did the Defendant allegedly obtain signature stamps?  How was the money allegedly used for his personal use taken and concealed?  These are facts imperative to allege unlawful control and conversion of funds or assets.

Plaintiffs fail to state a claim which relief can be granted and they fail to meet the heightened pleading requirements of 9(b).   Therefore, this claim must be dismissed.

### F.  Embezzlement/Civil Theft Claim Must Be Dismissed Because Plaintiff Failed to State a Claim for Which Relief Can be Granted and Failed to Plead with The Particularity Required by Fed. R. Civ. P. 9(b)

There is no private right of action under a criminal statute, unless it is specifically provided in the statute. The United States Supreme Court explained:

> We have been quite reluctant to infer a private right of action from a criminal prohibition alone; . . . for example, we refused to infer a private right of action from "a bare criminal statute." And we have not suggested that a private right of action exists for all injuries caused by violations of criminal prohibitions…[Instead,  the]  [q]uestion of the existence of a statutory cause of action  is, of course, one of statutory construction […].[34]

NRS 205.0832 is a criminal statute for theft and NRS 205.300 is the criminal statute for embezzlement.  Neither provide for a civil cause of action.  In Nevada, only a Nevada prosecutor would take action against the crime of theft under that statute.[35]  Similarly only a Nevada prosecutor would take action against the crime of embezzlement under that statute.[36]

It appears as to how this cause of action was pled, as stated above, the theme of Plaintiff's complaint and allegations is a "unified course of fraudulent conduct and relies on that allegation as the basis of a claim, 'the claim is said to be grounded in fraud or to sound

---

[34] Central Bank of Denver, NA.  v. First Interstate Bank of Denver, NA.,  511 U.S. 164, 190, 114 S.Ct. 1439, 1455 (1994) (internal quotation marks and citations omitted) (emphasis added).
[35] See, e.g., State v. Hancock, 114 Nev. 161, 955 P.2d 183 (1998).
[36] See, e.g., Batin v. State, 118 Nev. 61, 38 P.3d 880 (2002).

Theresa Mains, Esq., MACC, CFE
2251 N. Rampart Blvd., Suite 102
Las Vegas, Nevada 89128

Defendant/Cross Defendant Frontiera's Motion to Dismiss Complaint
Pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6)

THERESA MAINS, ESQ., MACC, CFE
2251 N. Rampart Blvd., Suite 102
Las Vegas. Nevada 89128

in fraud, and the pleading ... as a whole must satisfy the particularity requirement of Rule 9(b).'"[37]

As described above, Plaintiffs fail to state a claim which relief can be granted and they fail to meet the heightened pleading requirements of 9(b).   Therefore, this claim must be dismissed.

## IV.     CONCLUSION

For all of these reasons discussed, Defendant Frontiera respectfully asks this Court to dismiss the four claims against Frontiera with prejudice.

Dated: May 9, 2016

Respectfully submitted,

/s/Theresa Mains
Theresa Mains, Esq. MAcc, CFE
2251 N. Rampart Blvd., Suite 102
Las Vegas, Nevada 89128
Theresa@TheresaMainsPA.com
*Attorney for Defendant/Cross Defendant*

## CERTIFICATE OF SERVICE

On May 9, 2016, I served the Defendant Frontiera's Motion to Dismiss Complaint via the United States District Court CM/ECF System which will provide copies to all counsels of record:

---

[37] *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir.2009).

DEFENDANT/CROSS DEFENDANT FRONTIERA'S MOTION TO DISMISS COMPLAINT
PURSUANT TO FED. R. CIV. P. 9(b) AND 12(b)(6)

Steven J. Mack
Black & LoBello
10777 West Twain Ave., Ste. 300
Las Vegas, NV 89135
7028698801
Fax: 7028692669
Email:
Smack@BlackLobelloLaw.com
*Attorney for Plaintiff/Counter Defendant*

Amy A. Abeloff
Seyfarth Shaw LLP
2029 Century Park East
Ste. 3500
Los Angeles, CA 90067
310-277-7200
Email: aabeloff@seyfarth.com

Eric R. McDonough
Seyfarth Shaw LLP
2029 Century Park East
Ste. 3500
Los Angeles, CA 90067
310-277-7200
Email: emcdonough@seyfarth.com

Michael C. Mills
Bauman Loewe Witt & Maxwell, PLLC
3650 N. Rancho Dr. Ste. 114
Las Vegas, NV 89130
7022406060
Fax: 7022404267
Email: mmills@blwmlawfirm.com

*Attorneys for Defendant/Counter Plaintiff/Claimant*

/s/ Theresa Mains, Esq.

THERESA MAINS, ESQ., MACC, CFE
2251 N. Rampart Blvd, Suite 102
Las Vegas, Nevada 89128

DEFENDANT/CROSS DEFENDANT FRONTIERA'S MOTION TO DISMISS COMPLAINT
PURSUANT TO FED. R. CIV. P. 9(b) AND 12(b)(6)

# EXHIBIT "3"

# EXHIBIT "3"

STEVEN MACK, ESQ.
Nevada Bar No. 4000
**BLACK & LOBELLO**
10777 W. Twain Ave., 3ʳᵈ Fl.
Las Vegas, Nevada 89135
(702) 869-8801
(702) 869-2669 (fax)
smack@blacklobellolaw.com
Attorneys for Plaintiff/Counterdefendant

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

COUNT'S KUSTOMS, LLC, a Nevada corporation,

Plaintiff,

vs.

JOSEPH FRONTIERA, an individual, and RANDSTAD PROFESSIONALS US, LP a Delaware Corporation dba RANDSTAD PROFESSIONALS, DOES I-X and DOE CORPORATIONS XI – XX, inclusive,

RANDSTAD PROFESSIONALS US, LP,

Counterclaimant,

vs.

COUNT'S KUSTOMS, LLC,

Counterdefendant.

RANDSTAD PROFESSIONALS US, LP,

Cross-Claimant,

vs.

JOSEPH FRONTIERA,

Cross-Defendant.

Case No.: 2:16-cv-00910-JAD-GWF

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT FRONTIERA'S MOTION TO DISMISS AS UNTIMELY**

BLACK & LOBELLO
10777 W. Twain Avenue, 3ʳᵈ Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT FRONTIERA'S MOTION TO DISMISS AS UNTIMELY**

Plaintiff/ Counterdefendant, COUNT'S KUSTOMS, LLC, ("Plaintiff" or "CK"), by and through its attorney Steven Mack, Esq. of the law firm of Black & LoBello hereby submits its Motion to Strike Defendant/Cross-Defendant, Joseph Frontiera's Motion to Dismiss as Untimely.

This Motion is made and based upon the pleadings and papers filed in this matter, the Exhibits attached hereto, and any argument or other evidence produced at the time of this hearing.

DATED this __13th__ day of May, 2016.

BLACK & LOBELLO



STEVEN MACK, ESQ.
Nevada Bar No. 4000
10777 W. Twain Ave., Third Floor
Las Vegas, Nevada 89135
*Attorneys for Plaintiff*

**MEMORANDUM OF POINTS & AUTHORITIES**

I.   **INTRODUCTION**

This is an action that exists as a result of Randstad's failure to perform basic vetting of a candidate that was provided to the Plaintiff, and that person, Frontiera, committed multiple improper and illegal acts causing substantial damages to Plaintiff.

A Complaint was filed in District Court on March 22, 2016 and served upon Defendant Randstad on March 28, 2016. Randstad filed an answer, counterclaim and cross claim on April 18, 2016.

The Complaint and Summons were served on Defendant Frontiera on April 4, 2016.

This case was removed to Federal Court on April 22, 2016.

BLACK & LOBELLO
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

1    Counsel for Defendant/Counter-Defendant Frontiera first made an appearance in this case

2    on April 27, 2016, and then requested an extension to answer or otherwise plead to the case.

3    Counsel signed a Stipulation to Extend the Time to Respond to Initial Complaint which

4    was filed May 5, 2016.  The Stipulation gave Defendant/Counter-Defendant Frontiera until May

5    9, 2016 to file a responsive pleading to Plaintiff's Complaint. Defendant/Counter-Defendant

6    Frontiera did not file his responsive pleading until May 10, 2016.

7    **II.    ARGUMENT**

8    This Motion is made pursuant to FRCP 12(f)(2), wherein Plaintiff was served the

9    responsive pleading, however, the pleading was untimely, and should be stricken and Defendant

10   Frontiera should be forced to file an answer to the complaint.

11   Pursuant to FRCP 12(a)(1)(A) "A defendant **must** serve an answer: (i) within 21 days

12   after being served with the summons and complaint" (emphasis added).

13   Although an extension was granted by this Court and agreed to by Plaintiff, the extension

14   was granted to May 9, 2016, not May 10.  The same rule applies, in that the responsive pleading

15   **must** be filed by the extended time.  Timing rules are strictly construed.[1]

16   Defendant was late and the responsive pleading should be stricken.

17   / / /

18   / / /

19   / / /

20

21

22

23

24

25

26   _____

27   [1] *Willms v. Sanderson*, 723 F.3d 1094 (9th Cir. 2013) time frames for filing complaint objecting to discharge is strictly construed. *Eastman v. First Data Corp.,* 736 F.3d 675 (3d Cir. 2013), Timing rules are critical. Failure to strictly comply with them can result in dismissal (of an appeal in this particular

28   case), even when counsel makes what appears to be an honest error of interpretation.

BLACK & LOBELLO
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

### III.    CONCLUSION

Based upon the foregoing and Defendant Frontiera's failure to timely file a response to Plaintiff's Complaint, Defendant Frontiera's Motion should be stricken and he should be ordered to file an answer to the Complaint.

DATED this _13th_ day of May 2016.

BLACK & LOBELLO

STEVEN MACK, ESQ.
Nevada Bar No. 4000
10777 W. Twain Ave., Third Floor
Las Vegas, Nevada 89135
*Attorneys for Plaintiff*

BLACK & LOBELLO
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

## CERTIFICATE OF MAILING

Pursuant to FRCP 5(b), I certify that I am an employee of BLACK & LOBELLO and that on the __13th__ day of May, 2016, I caused the above and foregoing document entitled **PLAINTIFF'S MOTION TO STRIKE DEFENDANT FRONTIERA'S MOTION TO DISMISS AS UNTIMELY** to be served as follows:

[ ]    by placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada; and

[ X ]    by electronic service through the Federal Court's ECF system;

[   ]    pursuant to EDCR 7.26, to be sent via facsimile;

[   ]    hand delivered

to the party or their attorney(s) listed below at the address and/or facsimile number indicated below:

MICHAEL C. MILLS, ESQ.                      THERESA MAINS, ESQ.
BAUMAN LOEWE WITT & MAXWELL, PLLC            2251 N. Rampart Blvd. #102
3650 N. Rancho Dr. Ste 114                  Las Vegas, NV  89128
Las Vegas, NV  89130                        Attorneys for Defendant
Attorneys for Defendant                     Joseph Frontiera
Randstad Professionals US, LP dba Randstad
Professionals

and that there is regular communication by mail between the place of mailing and the place(s) so addressed.

_/s/ Shirley Blackburn_____
An Employee of Black & LoBello

BLACK & LOBELLO
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

# EXHIBIT "4"

# EXHIBIT "4"

STEVEN MACK, ESQ.
Nevada Bar No. 4000
**BLACK & LOBELLO**
10777 W. Twain Ave., 3rd Fl.
Las Vegas, Nevada 89135
(702) 869-8801
(702) 869-2669 (fax)
smack@blacklobellolaw.com
Attorneys for Plaintiff/Counterdefendant

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| COUNT'S KUSTOMS, LLC, a Nevada corporation,<br><br>         Plaintiff,<br><br>vs.<br><br>JOSEPH FRONTIERA, an individual, and RANDSTAD PROFESSIONALS US, LP a Delaware Corporation dba RANDSTAD PROFESSIONALS, DOES I-X and DOE CORPORATIONS XI – XX, inclusive, | Case No.: 2:16-cv-00910-JAD-GWF<br><br><br>**PLAINTIFF, COUNT'S KUSTOMS, LLC'S OPPOSITION TO DEFENDANT JOSEPH FRONTIERA'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 9(b) and 12(b)(6)** |
| RANDSTAD PROFESSIONALS US, LP,<br><br>         Counterclaimant,<br><br>vs.<br><br>COUNT'S KUSTOMS, LLC,<br><br>         Counterdefendant. | |
| RANDSTAD PROFESSIONALS US, LP,<br><br>         Cross-Claimant,<br><br>vs.<br><br>JOSEPH FRONTIERA,<br><br>         Cross-Defendant. | |

*BLACK & LOBELLO*
*10777 W. Twain Avenue, 3rd Floor*
*Las Vegas, Nevada 89135*
*(702) 869-8801 FAX: (702) 869-2669*

**PLAINTIFF, COUNT'S KUSTOMS, LLC'S OPPOSITION TO DEFENDANT JOSEPH FRONTIERA'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 9(b) and 12(b)(6)**

Plaintiff COUNT'S KUSTOMS, LLC, ("Plaintiff") by and through Steven Mack, Esq. of the law firm of Black & LoBello, submits this Opposition to Defendant, Joseph Frontiera's ("Defendant" or "Frontiera") Motion to Dismiss.

This Opposition is made and based upon the Memorandum of Points and Authorities attached hereto, all exhibits attached hereto, and such oral argument as may be entertained by the Court at the time and place of the hearing of this matter.

DATED this __17th__ day of May 2016.

BLACK & LOBELLO

_____
STEVEN MACK, ESQ.
Nevada Bar No. 4000
10777 W. Twain Ave., Third Floor
Las Vegas, Nevada 89135
*Attorneys for Plaintiff*

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

This is a case that was originally filed in Nevada State District Court, in accordance with the Nevada State pleading rules, and was subsequently removed to Federal District based upon a claim of diversity jurisdiction.

In filing the instant motion as a responsive pleading to the complaint, the Defendant is too late, and waived their ability to bring a Motion to Dismiss.  Pursuant to the stipulation to extend the response date, as signed by this Court, the Defendant's responsive pleading was due

BLACK & LoBELLO
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

BLACK & LOBELLO
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

to be filed with the court, no later than May 9, 2016.[1]   Defendant Frontiera's responsive pleading was filed May 10, 2016, without further stipulation by the parties and without this Court's order.  As a result, a Motion to Strike has been filed in this matter, and if granted, this Opposition is Moot.

In the event this Court denies the Motion to Strike, this Opposition is as follows.

## II.   STATEMENT OF FACTS

This is an action that exists as a result of Randstad's failure to perform basic vetting of a candidate that was provided to the Plaintiff, and that person, Frontiera, committed multiple improper and illegal acts, including embezzlement, causing substantial damages to Plaintiff. Had Frontiera disclosed his background, and Randstat performed as it should have, Plaintiff would have known of Frontiera's prior criminal history, and would not have hired Frontiera, or been damaged.

A complaint was filed on March 22, 2016 and served upon Defendant Randstad on March 28, 2016.  Randstad filed an answer, counterclaim and cross claim on April 18, 2016. Defendant Frontiera filed the Motion to Dismiss on May 10, 2016.

## III.   STANDARD OF REVIEW

### A.  FRCP Rule 12(b)(6)

Dismissal is only warranted if "it appears beyond a doubt that the [claimant] can prove no set of facts in support of his claim which would entitle him to relief."[2]  ""[D]etailed factual allegations" are not required, … but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," … A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[3]

When reviewing a motion to dismiss a complaint under Fed. R. Civ. P. 12(b)(6) the Plaintiff's Complaint is construed in the light most favorable to Plaintiff; the allegations of the

---

[1] See Stipulation and Order, Docket _17_
[2] *Gibson v. United States*, 781 F.2d 1334, 1337 (9th Cir. 1986).

1   Complaint are taken as true and *all* reasonable inferences that can be drawing from the

2   Complaint are drawn in favor of Plaintiff.[4]

3   **B. FRCP Rule 8(a)(2)**

4       Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain

5   statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The

6   purpose of a complaint is to give *fair notice* to a defendant and that the complaint provides

7   ample facts to give a more than fair notice to a defendant and to enable defendant to respond to

8   the complaint.

9   **C. FRCP Rule 9(b)**

10       The standard for the pleading of fraud has been, "[a]verments of fraud must be

11   accompanied by 'the who, what, when, where, and how' of the misconduct charged."[5]

12   However, the Ninth Circuit has later recognized that "[t]o comply with Rule 9(b), allegations of

13   fraud *must be specific enough to give defendants notice* of the particular misconduct which is

14   alleged to constitute the fraud charged so that they can defend against the charge and not just

15   deny that they have done anything wrong."[6]

16       While a plaintiff must "state with particularity" the "circumstances constituting fraud,"

17   there are certain things that "may be alleged generally," "malice, intent, knowledge, and other

18   conditions of a person's mind."[7]   Because things such as knowledge and intent are "uniquely

19   within another party's control," they may be pled on information and belief.[8]

20       Apparently, the framers of Fed.R.Civ.P. 9(b) were cognizant of the fact that plaintiffs

21   could not read defendants' mind and could not find facts specific to defendants' "intent"

22   without the fact finding process of discovery.

23   _____

24   [3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (cites omitted).

25   [4] See *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2007); *National Audubon Soc., Inc. v. Davis*, 307 F. 3d 835 (9th Cir. 2002).

26   [5] *Vess v. Cib-Giehy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Picket*, 137 F.3d 616, 627 (9th Cir. 1997)).

27   [6] *Swartz v. KP MG LLP* 476 F.3d 756, at 764 (9th Cir.2007); citing *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir.2001) (internal quotations omitted) (emphasis added).

28   [7] Fed.R.Civ.P. 9(b).

*(left margin)* BLACK & LOBELLO   10777 W. Twain Avenue, 3rd Floor   Las Vegas, Nevada 89135   (702) 869-8801 FAX: (702) 869-2669

## IV.   LEGAL ARGUMENT

Defendant, in this case, is unable to credibly argue, in the face of the very detailed Complaint, that Plaintiff has pled mere conclusory allegations.  Further, Defendant cannot argue that he does not understand the nature of Plaintiff's claims or the fraud alleged, and cannot adequately respond.   The facts listed in the complaint are specific and not based upon "information and belief", except to those facts that are not within the knowledge of the Plaintiff, such as where Frontiera obtained the fraudulent stamps.

In fact, the other Defendant, Randstad, named in one of the very same causes of action, had no problem understanding the nature of the fraud alleged and answered the Complaint.

Again, Rule 9(b) merely requires a summary of the details of the fraud, should be read in concert with Rule 8(a)(2), and does not demand or require a minute by minute recitation of each step of the fraud and the description of any and all evidence, including each and every document, which confirms its existence.  The Standard relied by the Ninth Circuit is the who, what, when, where, why and how standard.[9] While Plaintiff has provided far more specific information, a summary of the particulars of the allegations reveals the " who, what, when, where, why and how " of the fraud alleged.   These are not conclusory statements, they are facts and a summary of what occurred.  Other facts still remain in the sole knowledge of Frontiera, such as, exactly what was purchased in some of the cases, and where the property is located now.

**a.  With regard to Defendant Frontiera and Plaintiff's Third Claim for Relief:**

WHO:  Defendant Frontiera

WHAT Misrepresented his past and failed to disclose his past criminal history which included a prior criminal conviction for embezzlement.

WHERE: At Count's Kustoms.

WHEN: Prior to be being hired in June 2013.

---

[8] *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1330 (Fed. Cir. 2009).
[9] See, *Vess*, Infra.

BLACK & LOBELLO
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

1    WHY: To obtain employment with Count's Kustoms. And it was false because he had a

2    criminal background, for the very crime that he committed at Plaintiff's business.

3    HOW: By failing to disclose his own criminal past at the time or prior to the time he was

4    hired in June 2013.

5    The summary of all these details are clearly within the Complaint and the cause of

6    action. Frontiera misrepresented his past, knew it was false, he induced Plaintiff to hire him and

7    Plaintiff was severely damaged as a result. And clearly, given what Frontiera did while he was

8    employed, would have made a difference. Count's Kustoms would not have hired him, had

9    they known about his past.

10   It doesn't state he misrepresented his past, it states he misrepresented his past and failed

11   to disclose his prior criminal charges, which happen to be similarly the subject of this lawsuit.

12

13   **b.  With regard to Defendant Frontiera and Seventh Claim for Relief:**

14   This is a Fraud Claim and nowhere in the complaint, does it state or refer to the criminal

15   statutes pertaining to embezzlement.

16   WHO:  Defendant Frontiera

17   WHAT Stole, used, appropriated or embezzeled company funds and property to be used

18   for his own personal property and interests.

19   WHERE: At Count's Kustoms and other places while employed by Count's Kustoms

20   WHEN: Multiple times while employed at Count's Kustoms

21   WHY: To steal money and property, and deprive Count's Kustoms of its money and

22   property for his own personal benefit including purchasing a vehicle for himself, personal items

23   at Home Depot, to purchase personal airlines tickets and services for his personal vehicles, to

24   name just a few.

25   HOW: By making false signature stamps of those authorized to sign on checks, by

26   misusing company credit cards and accounts.

27   The summary of all these details are clearly within the Complaint. Further, the

28   multitude of documents, which will be produced during discovery, will have exact details of the

BLACK & LOBELLO
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

1   time, amounts and date of occurrence of each event, how Frontiera obtained the signature

2   stamps, how Frontiera took the money (and concealed it), is uniquely within the knowledge of

3   Frontiera and therefore does not have to plead.[10]

4     What Frontiera calls bare assertions are actually facts.[11] And what Frontiera calls

5   "additional bare assertions" are the details backing up the stated facts.[12] The Plaintiff would be

6   hard pressed to be any more detailed unless it provided pictures of the documents within the

7   body of the complaint, which is absurd.  These are not legal conclusions, but actual facts (i.e.

8   Frontiera actually took company money and used it to purchase a vehicle).

9     The other causes of action against Frontier, Unjust Enrichment (Fifth Cause of Action)

10   and conversion/constructive trust (Sixth Cause of Action), are not fraud claims.

11     **c.   Unjust Enrichment is a contractual claim based in quantum meruit.**

12     Essentially, a person cannot get a benefit without paying for it. The Nevada Supreme

13   Court stated, "[t]hat is the state of our law, too. In *Thompson v. Herrmann*, 91 Nev. 63, 68, 530

14   P.2d 1183, 1186 (1975), this court concluded that "[t]he basis of recovery on quantum meruit …

15   is that a party has received from another a benefit which is unjust for him to retain without

16   paying for it.""[13]

17     Frontiera received the benefit of items he purchased using the Plaintiff's money and

18   accounts.  He received value without paying for it.  As a result, he was unjustly enriched.  This

19   is exactly what the complaint states.

20     **d.   Constructive Trust Claim Stands on its own.**

21     Conversion/constructive trust is the act of exerting an inappropriate dominion on

22   property that does not belong to the person who has it.  "A constructive trust is a remedial

23   device by which the holder of legal title to property is held to be a trustee of that property for

24   the benefit of another who in good conscience is entitled to it."[14] In fact, in Nevada, fraud is not

25   required to form a constructive trust. "We have stated, however, that constructive trust as a

26   _____

27   [10] See, *Exergen Corp., Infra.*
[11] Motion to Dismiss Complaint, Docket 18, Page 4:12-14
[12] Id. Page 4:15-24

28   [13] *Certified Fire Prot. Inc. v. Precision Constr.*, 128 Nev. Adv. Op. 35, 283 P.3d 250, 258 (2012)

BLACK & LOBELLO
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

1  remedy is not "'limited to [fraud and] misconduct cases; it redresses unjust enrichment, not

2  wrongdoing.' ""[15]

3          In this case, Frontiera used funds that belonged to Count's Kustoms to purchase

4  property, such as his vehicle, as well as other personal property in Frontiera's possession.  The

5  property should be held in trust for the Plaintiff, since it was their funds that were used to make

6  the purchases.  This is exactly what it states in the cause of action.

## IV.  ALTERNATIVELY, LEAVE TO AMEND

8          If this court concludes that additional factual pleading is required, Plaintiff respectfully

9  requests leave to amend.  Generally, leave to amend "should, as the rules require, be 'freely

10 given.'""[16]

11 ///

12 ///

13 ///

14 ///

15 ///

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24

25

---

26 [14] *Locken v. Locken*, 98 Nev. 369, 372, 650 P.2d 803, 804-5 (1982), quoting *Danning v. Lum's, Inc.*, 86 Nev. 868, 871, 478 P.2d 166 (1970)."

27 [15] *Waldman v. Maini*, 124 Nev. 1121, 1130, 195 P.3d 850, 857 (2008) (cites omitted)

28 [16] *Foman v. Davis*, 371 U.S. 178, 182 (1962)

BLACK & LOBELLO
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

## V.  CONCLUSION

WHEREFORE, Plaintiff respectfully requests that Defendant's Motion to Dismiss be denied or, alternatively, to the extent this Court finds that Plaintiff's Complaint is still facially deficient, Plaintiff requests an opportunity to amend the pleading to cure any such deficiency after discovery.

DATED this __17th__ day of May, 2016.

BLACK & LOBELLO

STEVEN MACK, ESQ.
Nevada Bar No. 4000
10777 W. Twain Ave., Third Floor
Las Vegas, Nevada 89135
*Attorneys for Plaintiff*

BLACK & LOBELLO
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

## CERTIFICATE OF MAILING

Pursuant to FRCP 5(b), I certify that I am an employee of BLACK & LOBELLO and that on the __17th__ day of May, 2016, I caused the above and foregoing document entitled **PLAINTIFF/COUNTERDEFENDANT, COUNT'S KUSTOMS, LLC,'S OPPOSITION TO DEFENDANT/CROSS-DEFENDANT JOSEPH FRONTIERA'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 9(b) and 12(b)(6)** to be served as follows:

[ ]     by placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada; and

[ X ]     by electronic service through the Federal Court's ECF system;

[ ]     pursuant to EDCR 7.26, to be sent via facsimile;

[ ]     hand delivered

to the party or their attorney(s) listed below at the address and/or facsimile number indicated below:

MICHAEL C. MILLS, ESQ.                        THERESA MAINS, ESQ.
BAUMAN LOEWE WITT & MAXWELL, PLLC             2251 N. Rampart Blvd. #102
3650 N. Rancho Dr. Ste 114                    Las Vegas, NV  89128
Las Vegas, NV  89130                          Attorneys for Defendant
Attorneys for Defendant                       Joseph Frontiera
Randstad Professionals US, LP dba Randstad
Professionals

and that there is regular communication by mail between the place of mailing and the place(s) so addressed.

            _/s/ Shirley Blackburn_____
            An Employee of Black & LoBello

BLACK & LOBELLO
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

# EXHIBIT "5"

# EXHIBIT "5"

1   MICHAEL C. MILLS, ESQ.
    Nevada Bar No. 003534
2   BAUMAN LOEWE WITT & MAXWELL, PLLC
    3650 N. Rancho Dr., Ste. 114
3   Las Vegas, Nevada  89130
    Telephone No.:  702-240-6060
4   Fax No.:  702-240-4267

5   ERIC R. MCDONOUGH, ESQ.
    (Pro Hac Vice Pending)
6   AMY A. ABELOFF, ESQ.
    (Pro Hac Vice Accepted)
7   SEYFARTH SHAW LLP
    2029 Century Park East, Ste. 3500
8   Los Angeles, California 90067
    Telephone No.: 310-277-7200
9   Fax No.: 310-201-5219

10
    Attorney for Defendant/Counterclaimaint/Cross-Claimant,
11  Randstad Professionals US, LP

12              UNITED STATES DISTRICT COURT

13                 DISTRICT OF NEVADA

14
    COUNT'S KUSTOMS, LLC, a Nevada              CASE NO:  2:126-CV-00910-JAD-GWF
15  corporation,

16          Plaintiff,                          **DEFENDANT/COUNTERCLAIMANT
                                                RANDSTAD PROFESSIONALS US,
17          vs.                                 LP's OPPOSITION TO
                                                PLAINTIFF/COUNTERDEFENDANT
18  JOSEPH FRONTIERA, an individual;           COUNT'S KUSTOMS, LLC'S
    RANDSTAD PROFESSIONALS; US, LP a           MOTION TO STRIKE
19  Delaware limited partnership, d/b/a         COUNTERCLAIM OR IN THE
    RANDSTAD PROFESSIONALS; DOES I             ALTERNATIVE, MOTION TO
20  through X, and DOE CORPORATIONS XI          DISMISS, OR IN THE
    through XX, inclusive,                      ALTERNATIVE, MOTION TO
21                                              AMEND ANSWER**
            Defendants.
22
    RANDSTAD PROFESSIONALS US, LP,
23
            Plaintiff-in-Counterclaim,
24
    COUNT'S KUSTOMS, LLC,
25

26          DEFENDANT/COUNTERCLAIMANT RANDSTAD PROFESSIONALS US, LP's OPPOSITION TO
27  PLAINTIFF/COUNTERDEFENDANT COUNT'S KUSTOMS, LLC'S MOTION TO STRIKE COUNTERCLAIM
    OR IN THE ALTERNATIVE, MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO AMEND
28                                          ANSWER

                                   - PAGE 1 OF 17 -

1     Defendant-in-Counterclaim.

2 RANDSTAD PROFESSIONALS US, LP,

3     Cross-Claimant,

4 JOSEPH FRONTIERA,

5     Cross-Defendant.

6

7 **DEFENDANT/COUNTERCLAIMANT RANDSTAD PROFESSIONALS US, LP's OPPOSITION TO PLAINTIFF/COUNTERDEFENDANT COUNT'S KUSTOMS, LLC'S**

8 **MOTION TO STRIKE COUNTERCLAIM OR IN THE ALTERNATIVE, MOTION TO DISMISS**

9

10     COMES NOW Defendant/Counterclaimant, Randstad Professionals US, LP

11 ("Randstad"), by and through its counsel of record, Michael C. Mills, Esq., of the law firm of

Bauman Loewe Witt & Maxwell, PLLC, and Eric R. McDonough, Esq. and Amy A. Abeloff,

12 Esq., of the law firm of Seyfarth Shaw LLP, and files its Opposition to

13 Plaintiff/Counterdefendant Count's Kustoms, LLC's ("CK") Motion to Strike Counterclaim or in

14 the Alternative, Motion to Dismiss, or in the Alternative, Motion to Amend Answer.  This

15 opposition is made and based on the attached Memorandum of Points and Authorities, the

16 Exhibits and declarations attached hereto, and all applicable papers and pleadings on file herein.

17

18     Dated this 19th day of May 2016.

19         BAUMAN LOEWE WITT & MAXWELL, PLLC

20

21

22         MICHAEL C. MILLS, ESQ.
        Nevada Bar No. 003534
23         3650 N. Rancho Dr., Ste. 114
        Las Vegas, NV  89130

24         ERIC R. MCDONOUGH, ESQ.
        (Pro Hac Vice Pending)
25         AMY A. ABELOFF, ESQ.

26

27 DEFENDANT/COUNTERCLAIMANT RANDSTAD PROFESSIONALS US, LP's OPPOSITION TO PLAINTIFF/COUNTERDEFENDANT COUNT'S KUSTOMS, LLC'S MOTION TO STRIKE COUNTERCLAIM OR IN THE ALTERNATIVE, MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO AMEND

28 ANSWER

- PAGE 2 OF 17 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(Pro Hac Vice Accepted)
SEYFARTH SHAW LLP
2029 Century Park East, Ste. 3500
Los Angeles, California 90067
Telephone No.: 310-277-7200
Fax No.: 310-201-5219

Attorneys for Defendant/Plaintiff-in-
Counterclaim/Cross-Claimant
Randstad Professionals US, LP

//
//
//

DEFENDANT/COUNTERCLAIMANT RANDSTAD PROFESSIONALS US, LP's OPPOSITION TO
PLAINTIFF/COUNTERDEFENDANT COUNT'S KUSTOMS, LLC'S MOTION TO STRIKE COUNTERCLAIM
OR IN THE ALTERNATIVE, MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO AMEND
ANSWER

- PAGE 3 OF 17 -

27007741v.2
27058019v.1
2551528v1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff/Counterdefendant Count's Kustoms, LLC ("CK") mischaracterizes this action as Defendant/Counterclaimant Randstad Professionals US, LP's ("Randstad") "failure to perform basic vetting of a[n employment] candidate." The real issue in this case is CK's failure to abide by its contractual obligations outlined in the Randstad Finance & Accounting Service Agreement (the "Agreement") with Randstad.[1]

### II.    PROCEDURAL HISTORY

On March 22, 2016, CK filed a complaint in the Eighth Judicial District Court, Clark County, Nevada, entitled *Count's Kustoms, LLC v. Joseph A. Frontiera, Randstad Professionals US, LP*, Case No. A-16-733821-C. CK served said complaint on Randstad on March 28, 2016. The case was reassigned to Business Court, Case No. A-16-733821-B on April 18, 2016, and Randstad filed its answer, counterclaims, and cross-claims on April 18 as well. On April 21, 2016, Randstad filed a Notice of Removal with this Court, which as of April 22, 2016 has jurisdiction over this action. Unbeknownst to Randstad, on April 21, 2016, CK filed a Motion to Strike or in the Alternative, Motion to Dismiss Randstad's Counterclaim ("Motion to Strike") with the District Court, Clark County. Following removal of the action to federal district court, CK re-filed its Motion to Strike Counterclaim or in the Alternative, Motion to Dismiss on May 3, 2016.

### III.    FACTUAL ALLEGATIONS

Randstad is a limited partnership organized under the laws of the State of Delaware.[2] Count's Kustoms, LLC ("CK") is a Nevada limited liability corporation registered to do business

---

[1] *See* The Agreement, attached as Exhibit A hereto.

[2] *See* Defendant/Counterclaimant's Counterclaims ¶ 1.

DEFENDANT/COUNTERCLAIMANT RANDSTAD PROFESSIONALS US, LP's OPPOSITION TO PLAINTIFF/COUNTERDEFENDANT COUNT'S KUSTOMS, LLC'S MOTION TO STRIKE COUNTERCLAIM OR IN THE ALTERNATIVE, MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO AMEND ANSWER

27007741v.2
27058019v.1
2551528v1

1   in the State of Nevada.[3]   On or around June 17, 2013, co-Defendant Joseph Frontiera

2   ("Frontiera") was hired by Theo Spyer ("Spyer"), acting on behalf of CK in such hiring capacity,

3   to "serve as the General Manager to assist in the day to day operations, including but not limited

4   to… accounting…[and] collections."[4]   Spyer/CK engaged Randstad's services because CK was

5   searching for a Controller and a Staff Accountant.[5]   As part of its engagement with Spyer/CK,

6   Randstad provided Spyer/CK with its "Randstad Finance & Accounting Service Agreement" (the

7   "Agreement"), which outlined Randstad's cost of services, definitions, payment terms,

8   guarantees, and client responsibility.[6]   Frontiera and CK signed the Agreement in connection

9   with Randstad's providing of temporary staffing services to CK.[7]   In the Agreement, CK was

10  referred to as the "Client," Randstad was referred to as "Randstad F&A," and Frontiera was

11  referred to as the "Candidate."[8]   By signing the Agreement, CK bound itself to the terms of the

12  Agreement.[9]   The terms of the Agreement included provisions explicating "Client

13  Responsibility."[10]   The terms of the Agreement stated that as a client of Randstad, CK agreed

14  that all services provided by Frontiera would be performed under CK's exclusive and qualified

15  direction, supervision, and control.[11]   The terms of the Agreement stated that Randstad would

16  _____

17  [3] *See* Complaint ¶ 1; *see also* Defendant/Counterclaimant's Counterclaims ¶ 2.

18  [4] Kaplan Decl. ¶¶ 16-17; Defendant/Counterclaimant's Counterclaims ¶ 3; Complaint ¶ 5

19  [5] Defendant/Counterclaimant's Counterclaims ¶ 4.

20  [6] *Id.* ¶ 5; *see also* Exhibit A.

21  [7] Defendant/Counterclaimant's Counterclaims ¶ 6.

22  [8] *Id.* ¶ 7.

23  [9] *Id.* ¶ 8.

24  [10] *Id.* ¶ 9; *see also* Exhibit A.

25  [11] Defendant/Counterclaimant's Counterclaims ¶ 10; *see also* Exhibit A.

26

27  DEFENDANT/COUNTERCLAIMANT RANDSTAD PROFESSIONALS US, LP's OPPOSITION TO
    PLAINTIFF/COUNTERDEFENDANT COUNT'S KUSTOMS, LLC'S MOTION TO STRIKE COUNTERCLAIM
    OR IN THE ALTERNATIVE, MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO AMEND

28  ANSWER

27007741v.2
27058019v.1
2551528v1

1    have no responsibility for supervising or directing the work of a candidate, like Frontiera in the

2    case at bar.[12]  The terms of the Agreement stated that CK agreed that it would not allow

3    candidates, like Frontiera, **_to handle cash or credit card transactions, have authority to transfer_**

4    **_funds, make payments or disburse funds, have access to check signing equipment or other_**

5    **_valuable property, take responsibility for tax deadlines_**, have access to trade secret information,

6    have a key to the office, take work, documents or equipment (including laptops) off-site, operate

7    client's leased or owned vehicles, travel without prior written permission from Randstad or

8    perform any other tasks or have any responsibility inconsistent with sound internal control

9    practices (emphasis added).[13]  The terms of the Agreement stated that candidates, like Frontiera,

10   were not allowed to sign any document on behalf of Randstad.[14]  The terms of the Agreement

11   stated that CK agreed that if it suspected or discovered any indication of impropriety by

12   Frontiera, that CK would notify Randstad immediately and in any case, no later than ten (10)

13   days from discovery.[15]  The terms of the Agreement also specified that Randstad conducts

14   reference checks for its own purposes.[16]  The terms of the Agreement stated that Randstad would

15   make reasonable inquiries to verify the accuracy of information forwarded on a candidate, like

16   Frontiera, but did not guarantee the accuracy of such information.[17]  The terms of the Agreement

17   further stated that in evaluating candidates for direct hire, CK should thoroughly check

18   Randstad's candidates with the same rigor as if it were hiring candidates directly, as **_Randstad_**

19   _____

20   [12] Defendant/Counterclaimant's Counterclaims ¶ 11; *see also* Exhibit A.

21   [13] Defendant/Counterclaimant's Counterclaims ¶ 12; *see also* Exhibit A.

22   [14] Defendant/Counterclaimant's Counterclaims ¶ 13; *see also* Exhibit A.

23   [15] Defendant/Counterclaimant's Counterclaims ¶ 14; *see also* Exhibit A.

24   [16] Defendant/Counterclaimant's Counterclaims ¶ 15; *see also* Exhibit A.

25   [17] Defendant/Counterclaimant's Counterclaims ¶ 16; *see also* Exhibit A.

26

27   DEFENDANT/COUNTERCLAIMANT RANDSTAD PROFESSIONALS US, LP's OPPOSITION TO
     PLAINTIFF/COUNTERDEFENDANT COUNT'S KUSTOMS, LLC'S MOTION TO STRIKE COUNTERCLAIM
     OR IN THE ALTERNATIVE, MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO AMEND

28   ANSWER

27007741v.2
27058019v.1
2551528v1

1    *"does not conduct background, criminal or credit checks unless the client requests this service*

2    *in writing, and pays the fees for such outside services"* (emphasis added).[18]  Never did CK

3    request that Randstad conduct background, criminal or credit checks on Frontiera in writing, nor

4    did CK pay any fee(s) for such outside services as related to Frontiera.[19]  The terms of the

5    Agreement further stated that CK would *"defend and indemnify Randstad*, its parent,

6    subsidiaries, directors, officers, agents, representatives and employees *for all claims, losses, and*

7    *liability (including reasonable attorneys' fees) caused by CK's breach of the Agreement, its*

8    *failure to discharge its duties and responsibilities set forth under the Client Responsibility*

9    *Section [therein] or in the negligence, gross negligence or willful misconduct of [itself (CK)],*

10    *its officers, employees or authorized agents in the discharge of those duties and*

11    *responsibilities"* (emphasis added).[20]  The Agreement in whole was valid, enforceable, and

12    entered into between Randstad and CK for work to be performed by Frontiera.[21]  Randstad

13    performed all conditions, covenants, and promises required by it to be performed in accordance

14    with the Agreement, including the performance of reference checks for its own purposes, and

15    verification of the accuracy of such information.[22]

16       However, "Frontiera was added as a signer to the accounts at Count's Kustoms."[23]

17    Frontiera had access to and power to disperse CK's monies, as evidenced in part by his failure to

---

[18] Defendant/Counterclaimant's Counterclaims ¶ 17; *see also* Exhibit A.

[19] Defendant/Counterclaimant's Counterclaims ¶ 18.

[20] Defendant/Counterclaimant's Counterclaims ¶ 19; *see also* Exhibit A.

[21] Defendant/Counterclaimant's Counterclaims ¶ 20.

[22] *Id.* ¶ 21.

[23] *See* Complaint ¶ 11.

DEFENDANT/COUNTERCLAIMANT RANDSTAD PROFESSIONALS US, LP's OPPOSITION TO
PLAINTIFF/COUNTERDEFENDANT COUNT'S KUSTOMS, LLC'S MOTION TO STRIKE COUNTERCLAIM
OR IN THE ALTERNATIVE, MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO AMEND
ANSWER

- PAGE 7 OF 17 -

1  cause fourth quarter 2013 payroll taxes to be timely paid, his failure to pay the Nevada State

2  Department of Taxation timely, and failure to pay the Live Entertainment Tax and Sales & Use

3  tax.[24]  As such, Frontiera's day-to-day operations, namely, accounting and collections, being a

4  signer to accounts at a business, and being charged with paying payroll taxes involved the

5  handling of cash or credit card transactions, having authority to transfer funds, making payments

6  or disbursing funds, having access to check signing equipment or other valuable property, and

7  taking responsibility for tax deadlines; all of which were expressly disclaimed in the Agreement

8  as types of actions over which CK assumes full responsibility for claims arising therefrom.[25]

9  **IV.  GENERAL ALLEGATIONS ASSERTED IN COUNT'S KUSTOMS MOTION TO STRIKE**

10

11         CK alleges in its Motion to Strike that Randstad's counterclaims are mere affirmative

12  defenses and on said basis, should be stricken, dismissed, or treated as affirmative defenses,

13  "such that the answer is either reformed or refiled."  CK also maintains that Randstad is unable

14  to recover its attorney's fees in this matter.

15         Randstad disagrees with CK's sweeping characterization that all of its counterclaims are

16  "disguised" as affirmative defenses and that it is not entitled to attorney's fees, and on such

17  belief files the instant Opposition and Memorandum in support thereof.  In the alternative,

18  Randstad seeks leave to amend its Answer to CK's Complaint.

19

20

21

22

23  [24] *See* Complaint ¶¶ 15, 16, 17, 18, 19.

24  [25] *See* Exhibit A.

25

26

27  DEFENDANT/COUNTERCLAIMANT RANDSTAD PROFESSIONALS US, LP's OPPOSITION TO
PLAINTIFF/COUNTERDEFENDANT COUNT'S KUSTOMS, LLC'S MOTION TO STRIKE COUNTERCLAIM
OR IN THE ALTERNATIVE, MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO AMEND
28                                          ANSWER

27007741v.2
27058019v.1
2551528v1

## V.   ARGUMENT

### A.   Randstad is Entitled to Recover its Attorney's Fees

#### 1.   Nevada Law Allows for the Recovery of Attorney's Fees When an Agreement Provides for the Award Thereof

Under Nevada law, each party to a proceeding typically bears its own costs for attorney's fees, pursuant to what is known as the "American Rule."[26]  However, federal courts may award attorney's fees "if there is a valid contract that provides for the award."[27]  Nevada law allows courts to enforce the recovery of litigation damages in the form of attorney's fees if an agreement contemplates such recovery.[28]

CK entered into the Agreement with Randstad, which specifically states that CK shall be responsible for the recovery of attorney's fees "*caused by [CK's] breach of the Agreement, its failure to discharge its duties and responsibilities set forth under the Client Responsibility Section [therein] or in the negligence, gross negligence or willful misconduct of [itself (CK)], its officers, employees or authorized agents in the discharge of those duties and responsibilities.*"[29]  Contrary to CK's nonsensical assertions related to Randstad's seeking of attorney's fees, Randstad and CK have a valid, enforceable agreement which specifically states

---

[26] *Tracey v. Am. Family Mut. Ins. Co*., No. 2:09-CV-1257-GMN-PAL, 2010 WL 5477751, at *1 (D. Nev. Dec. 30, 2010) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 429 103 S.Ct. 1933, 1937 (1983)).
[27] *Id.*

[28] *See Massachusetts Mut. Ins. Co. v. Wenzl*, No. 2:10-CV-01565-RLH, 2012 WL 48416, at *1 (D. Nev. Jan. 9, 2012) (holding that plaintiff was entitled to attorney's fees because the contract on which the case rested between the parties "included a provision allowing for an award of attorney's fees"); *Speed Techs., LLC v. Bully Dog Sales & Distribution*, LLC, No. 03:11-CV-00180-LRH, 2011 WL 6812858, at *2 (D. Nev. Dec. 27, 2011) (quoting: "In Nevada, a party is not entitled to attorney's fees *unless a statute or contract provides otherwise*" (emphasis added) (citations omitted)); *W. Oilfields Supply Co. v. Goodwin*, No. 2:09-CV-00286-RLH-LR, 2010 WL 3896123, at *2 (D. Nev. Sept. 29, 2010) (citing exceptions to the "American Rule," which states that parties generally assume the burden of paying their attorney's fees, except in certain circumstances, such as when "parties agree by contract to permit recovery of attorney's fees," in which case "a federal court will enforce that contract according to its terms").

[29] *See* Exhibit A (emphasis added).

---

DEFENDANT/COUNTERCLAIMANT RANDSTAD PROFESSIONALS US, LP's OPPOSITION TO PLAINTIFF/COUNTERDEFENDANT COUNT'S KUSTOMS, LLC'S MOTION TO STRIKE COUNTERCLAIM OR IN THE ALTERNATIVE, MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO AMEND ANSWER

27007741v.2
27058019v.1
2551528v1

1 Randstad can recoup attorney's fees from CK.  CK failed to properly perform its duties under the

2 Client Responsibility provision in the Agreement with Randstad when it allowed Frontiera to

3 handle cash, gave him authority to transfer funds, make payments, or disburse funds, have access

4 to check signing equipment or other valuable property, and take responsibility for tax

5 deadlines.[30]  Although such tasks are expressly disclaimed in the Client Responsibility section of

6 the Agreement, CK permitted Frontiera to perform those tasks, amounting to CK's failure to

7 discharge its duties and responsibilities as set forth under the Client Responsibility Section of the

8 Agreement.  Thus, CK is required to pay Randstad's attorney's fees in this action pursuant to the

9 Agreement.

10        Moreover, CK asserts that Randstad is arguing that CK "is in breach of contract because

11 they [sic] filed a breach of contract claim against Randstad"[31] and that somehow, based on such a

12 notion, Randstad is not entitled to its attorney's fees.  However, CK's unsupported assertion

13 misconstrues (and blatantly ignores) Randstad's clear argument that CK failed to perform its

14 duties under the Client Responsibility section of the Agreement, and as a result, has itself created

15 and filed a cause of action in which it is contractually obligated to pay Randstad's attorney's

16 fees.  CK's arguments in the Motion to Strike are wholly inapposite, and amount to nothing more

17 than an attempt to skirt its responsibility to pay Randstad's attorney's fees in certain proceedings

18 like that which currently faces this Court.  The Court should enforce the Agreement and find that

19 Randstad is entitled to recover its attorney's fees as costs.

20         **2.**    **Alternatively, Randstad May Claim Attorney's Fees as Special**
21                **Damages If Properly Plead and Proved**

22        In the alternative, Randstad is entitled to its attorney's fees as special damages.  Under

23 Nevada law, "when a party claims it has incurred attorney fees as foreseeable damages arising

---

24 [30] *See* Defendant/Counterclaimant's Counterclaims  ¶¶ 22-32.
25 [31] *See* Motion to Strike 4:13-15.

26

27 DEFENDANT/COUNTERCLAIMANT RANDSTAD PROFESSIONALS US, LP's OPPOSITION TO
PLAINTIFF/COUNTERDEFENDANT COUNT'S KUSTOMS, LLC'S MOTION TO STRIKE COUNTERCLAIM
OR IN THE ALTERNATIVE, MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO AMEND
28 ANSWER

- PAGE 10 OF 17 -

1   from tortious conduct or a breach of contract, such fees are considered special damages."[32]  A

2   party seeking to collect attorney's fees as special damages must specially plead such damages,

3   prove such damages are a "natural and proximate consequence of the injurious conduct," and

4   prove the fees as to each claim.[33]  The mere mention of attorney's fees in a party's prayer for

5   relief is insufficient to meet this requirement.[34]

6        Randstad has specifically plead CK's liability for Randstad's attorney's fees for CK's

7   failure to discharge its duties pursuant to the Client Responsibility section of the Agreement, at

8   least with regard to its second counterclaim.[35]  Nevada precedent does not bar an award of

9   attorney fees in the event such special damages are not plead as to every claim.  So long as

10   evidence of attorney fees as special damages is litigated at some point during trial, Randstad will

11   be able to recoup such fees from CK as special damages.[36]

12        Randstad is also able to demonstrate that its attorney's fees are special damages

13   amounting to the "natural and proximate consequence of [CK's] injurious conduct" because CK

14   brought this action against Randstad after failing to properly perform its obligations under the

15   Client Responsibility section of the Agreement.  If CK was not personally negligent in carrying

16   out its business, let alone its contractual duties to Randstad, it likely would not have brought the

17   instant action.  Further, Randstad will be able to prove the amount of attorney's fees as to each

18   claim.

---

[32] *Sandy Valley Associates v. Sky Ranch Estates Owners Ass'n*, 35 P.3d 964, 969 (2001).

[33] *Id.*

[34] *Id.*
[35] *See* Defendant/Counterclaimant's Counterclaims ¶ 37.

[36] *See Sandy Valley*, 35 P.3d at 971.

DEFENDANT/COUNTERCLAIMANT RANDSTAD PROFESSIONALS US, LP's OPPOSITION TO
PLAINTIFF/COUNTERDEFENDANT COUNT'S KUSTOMS, LLC'S MOTION TO STRIKE COUNTERCLAIM
OR IN THE ALTERNATIVE, MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO AMEND
ANSWER

- PAGE 11 OF 17 -

1    It would be an abuse of discretion if this Court granted CK's Motion to Strike or in the

2    Alternative, Motion to Dismiss at this stage of the proceeding based on CK's unsupported,

3    untried allegations that no attorney's fees are available to Randstad.  Nevada case precedent

4    specifically requires that "attorney fees must be *pleaded as special damages* and *need to be*

5    *litigated at trial*"[37] (emphasis added).  In other words, the availability of attorney's fees to one

6    party is not to be settled at the pleadings stage of a proceeding.  Thus, CK's Motion to Strike

7    should be denied.

8    **B.    Randstad's Counterclaims Are Actionable As Counterclaims and Not
         Disguised as Affirmative Defenses**

9

10   CK asserts that all of Randstad's counterclaims are "disguised affirmative defenses"[38]

11   and thus do not state claims upon which relief can be granted or must be stricken.  Once again,

12   CK ignores the fact that Randstad is entitled to recover its attorney's fees, which it has

13   specifically requested in its Answer and Counterclaims, and such fees will provide appropriate

14   relief for the harm it has and continues to suffer as a result of this pending litigation.

15   Though Federal Rule of Civil Procedure 12(f) allows a court to strike "from a pleading an

16   insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," CK has

17   not adequately asserted that Randstad's counterclaims deserve to be stricken.   CK has only made

18   unsupported, conclusory statements regarding Randstad's counterclaims against it.  As such,

19   Randstad's counterclaims should not be stricken.

20   Federal Rule of Civil Procedure 12(b)(6) provides that a party can assert a "failure to

21   state a claim upon which relief can be granted" by motion.  Yet again, CK ignores the legal

22   _____

23   [37] *Tracey v. Am. Family Mut. Ins. Co.*, No. 2:09-CV-1257-GMN-PAL, 2010 WL 5477751, at *6 (D. Nev. Dec. 30, 2010).

24   [38] *See* Motion to Strike 6:4.

25

26

27   DEFENDANT/COUNTERCLAIMANT RANDSTAD PROFESSIONALS US, LP's OPPOSITION TO
     PLAINTIFF/COUNTERDEFENDANT COUNT'S KUSTOMS, LLC'S MOTION TO STRIKE COUNTERCLAIM
     OR IN THE ALTERNATIVE, MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO AMEND
28   ANSWER

- PAGE 12 OF 17 -

27007741v.2
27058019v.1
2551528v1

standard this court applies in considering a motion to dismiss.  First, the court "must presume all well-pleaded allegations of material fact and must draw all reasonable inferences in favor of the non-moving party."[39]   The court is not required to accept as true a party's conclusory statements, factual deductions, or other unreasonable inferences.[40]  This court also strongly presumes against dismissing an action for failure to state a claim.[41]  The issue in deciding a motion to dismiss is "not whether Plaintiff will ultimately prevail, but whether [it] may offer evidence in support of [its] claims.[42]  Thus, this court cannot grant a motion to dismiss for failure to state a claim "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief."[43]

CK brings its Motion to Strike or in the alternative, Motion to Dismiss in yet another attempt to shirk its responsibilities pursuant to the Agreement with Randstad.  To illustrate, CK asserts that Randstad's counterclaims are "retaliatory, vexatious, unnecessary and designed simply to intimidate [CK] and cause unnecessary expense,"[44] which is particularly ironic given the nature of CK's own claims.  CK has acted in blatant disregard of its past and continuing obligations to Randstad pursuant to the Agreement as described above.  CK further attempts to avoid its responsibilities by asserting that the Agreement is "not the original agreement entered into by the parties," but fails to provide any other document in its place.  CK runs further away from its responsibilities by claiming that "Randstad is attempting to rewrite the agreement in fine

---

[39] *Cardinale v. La Petite Acad., Inc.*, 207 F. Supp. 2d 1158, 1159 (D. Nev. 2002) (citations omitted).

[40] *Id.* (citations omitted).

[41] *Id.* (citations omitted).

[42] *Id.* (citations omitted).

[43] *Id.* (citations omitted).

[44] *See* Motion to Strike 4:11-12.

DEFENDANT/COUNTERCLAIMANT RANDSTAD PROFESSIONALS US, LP's OPPOSITION TO
PLAINTIFF/COUNTERDEFENDANT COUNT'S KUSTOMS, LLC'S MOTION TO STRIKE COUNTERCLAIM
OR IN THE ALTERNATIVE, MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO AMEND
ANSWER

- PAGE 13 OF 17 -

27007741v.2
27058019v.1
2551528v1

1  print on an hours report to take back the very reason for [Frontiera's] employment and the

2  specific job functions that a controller would conduct,"[45] despite clear evidence that an agent of

3  CK was presented with and signed the Agreement well before the instigation of this

4  proceeding.[46]  None of CK's assertions are based on any known fact, nor are they rebutted by

5  any affidavit, declaration, or other information pertinent at this stage of the proceeding.  To the

6  extent CK attempts to bolster its assertions, it nevertheless fails in so doing.  CK only proffers a

7  screen shot of Randstad's website describing the vetting process of its candidates.  Ironically,

8  *nowhere on the screen shot of Randstad's website does Randstad promise, assert, or otherwise*

9  *indicate that it performs criminal or other background checks of the type about which CK*

10  *complains were not performed on Frontiera.*  Once again, CK fails to acknowledge the

11  Agreement's provisions, which state that Randstad "*does not* conduct background, criminal or

12  credit checks *unless the client requests this service in writing, and pays the fees for such*

13  *outside services.*"[47]  CK never requested such checks in writing and never paid the requisite fees

14  for such service.[48]  Perhaps most importantly, none of CK's bare assertions combats the fact that

15  Randstad is entitled to countersue CK for its attorney's fees based on its failure to appropriately

16  perform its duties under the Agreement.  CK's groundless motion to strike or in the alternative,

17  to dismiss Randstad's counterclaims should be denied, as Randstad's counterclaims clearly state

18  claims that are not duplicitous, and upon which relief (in the form of attorney's fees) may be

19  granted.

20  _____

21  [45] *See id.* 5:8-12.

22  [46] *See* Exhibit A.

23  [47] *See id.* at "Client Responsibility".

24  [48] Kaplan Decl. ¶ 20.

25

26

27  DEFENDANT/COUNTERCLAIMANT RANDSTAD PROFESSIONALS US, LP's OPPOSITION TO
PLAINTIFF/COUNTERDEFENDANT COUNT'S KUSTOMS, LLC'S MOTION TO STRIKE COUNTERCLAIM
OR IN THE ALTERNATIVE, MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO AMEND

28  ANSWER

- PAGE 14 OF 17 -

**C.**     **In the Alternative, Randstad Seeks Leave to Amend Its Answer to Count's Kustoms' Complaint**

Alternatively, Randstad seeks leave from this Court under Federal Rule of Civil Procedure 15(a)(2) and Local Rule 15-1 to amend its Answer to CK's Complaint to Amend its Answer.

Federal Rule of Civil Procedure 15(a)(2) permits "a party [to] amend its pleading only with... the court's leave." Rule 15 further requires that a court "freely" give leave to amend "when justice so requires," and in the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc."[49]  Leave to amend pleadings is construed so broadly that even if an adverse party has brought a 12(b)(6) motion to dismiss, that alone "does not compel denial of leave to amend."[50]

In the alternative to Randstad's Opposition to CK's Motion to Strike or in the Alternative, Motion to Dismiss, Randstad respectfully requests leave of court to file its First Amended Answer.  Randstad's First Amended Answer and Proposed Order is attached hereto.

**VI.**     **CONCLUSION**

Randstad respectfully requests that CK's Motion to Strike or in the Alternative, Motion to Dismiss be **DENIED**.  Alternatively, should the court grant CK's Motion to Strike or in the Alternative, Motion to Dismiss, Randstad respectfully seeks leave from this Court to amend its

//

//

---

[49] *Branch Banking & Trust Co. v. Sossaman & Guadalupe Plaza, LLC*, No. 2:12-CV-01775-GMN, 2013 WL 5774130, at *2 (D. Nev. Oct. 24, 2013).

[50] *Id.*

DEFENDANT/COUNTERCLAIMANT RANDSTAD PROFESSIONALS US, LP's OPPOSITION TO PLAINTIFF/COUNTERDEFENDANT COUNT'S KUSTOMS, LLC'S MOTION TO STRIKE COUNTERCLAIM OR IN THE ALTERNATIVE, MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO AMEND ANSWER

- PAGE 15 OF 17 -

1   Answer.  Randstad attaches hereto its Proposed Amended Answer and Proposed Order as <u>Exhibit</u>

2   <u>B</u> and <u>Exhibit C</u> hereto.

3          Dated this 19th day of May 2016.

4                                              BAUMAN LOEWE WITT & MAXWELL, PLLC

5

6

7                                              _____
                                               MICHAEL C. MILLS, ESQ.
8                                              Nevada Bar No. 003534
                                               3650 N. Rancho Dr., Ste. 114
9                                              Las Vegas, NV  89130

10                                             ERIC R. MCDONOUGH, ESQ.
                                               (Pro Hac Vice Pending)
11                                             AMY A. ABELOFF, ESQ.
                                               (Pro Hac Vice Accepted)
12                                             SEYFARTH SHAW LLP
                                               2029 Century Park East, Ste. 3500
13                                             Los Angeles, California 90067
                                               Telephone No.:  310-277-7200
14                                             Fax No.:  310-201-5219

15                                             Attorneys for Defendant/Plaintiff-in-
                                               Counterclaim/Cross-Claimant
16                                             Randstad Professionals US, LP

17

18

19

20

21

22

23

24

25

26          DEFENDANT/COUNTERCLAIMANT RANDSTAD PROFESSIONALS US, LP's OPPOSITION TO
27    PLAINTIFF/COUNTERDEFENDANT COUNT'S KUSTOMS, LLC'S MOTION TO STRIKE COUNTERCLAIM
       OR IN THE ALTERNATIVE, MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO AMEND
28                                             ANSWER

                                         - PAGE 16 OF 17 -

27007741v.2
27058019v.1
2551528v1

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5, I certify that I am an employee of BAUMAN LOEWE WITT & MAXWELL, PLLC., and that on this 19th day of May 2016, I served the foregoing DEFENDANT/COUNTERCLAIMANT RANDSTAD PROFESSIONALS US, LP'S OPPOSITION TO PLAINTIFF/COUNTERDERFENDANT COUNT'S KUSTOMS, LLC'S MOTION TO STRIKE COUNTERCLAIM OR IN THE ALTERNATIVE, MOTION TO DISMISS, OR IN THE ATLERNATIVE, MOTION TO AMEND ANSWER as stated in the SERVICE LIST below:

☒ VIA CM/ECF Filing was made upon the following counsel by e-filing with the Court's CM/ECF system.

☐ VIA U.S. POSTAL MAIL: by placing a true and correct copy thereof enclosed in a sealed envelope with the postage thereon fully prepaid, addressed as indicated on the attached service list in the United States Mail.

☐ VIA FACSIMILE: by causing a true and correct copy thereof to be faxed on this date to the addressee(s) at the attached facsimile numbers set forth in the service list.

☐ VIA PERSONAL DELIVERY: by causing a true and correct copy thereof to be hand-delivered to the address(s) at the attached addresses set forth in the service list.

**SERVICE LIST**

Theresa Mains, Esq.
2251 N. Rampart Boulevard, Suite 102
Las Vegas, NV 89128
Telephone: (702) 684-6163
Facsimile:  (702) 684-6743
Attorneys for Defendant/Cross-Defendant
James Frontiera

Steven Mack, Esq.
Black & Lobello
10777 W. Twain Avenue, 3rd Floor
Las Vegas, NV 89135
Telephone: (702) 869-8801
Facsimile:   (702) 869-2269
Email:  smack@blacklobellowlaw.com
Attorney for Count's Kustoms, LLC

*Karen Reynolds*

An Employee of BAUMAN LOEWE WITT
& MAXWELL, PLLC.

DEFENDANT/COUNTERCLAIMANT RANDSTAD PROFESSIONALS US, LP's OPPOSITION TO PLAINTIFF/COUNTERDEFENDANT COUNT'S KUSTOMS, LLC'S MOTION TO STRIKE COUNTERCLAIM OR IN THE ALTERNATIVE, MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO AMEND ANSWER

- PAGE 17 OF 17 -

27007741v.2
27058019v.1
2551528v1

# EXHIBIT "A"

# EXHIBIT "A"

## RANDSTAD FINANCE & ACCOUNTING SERVICE AGREEMENT

Thank you for choosing Randstad Finance & Accounting to assist with your staffing needs. Outlined below are the parameters of our agreement with you. If you have any questions, please contact your local Randstad F&A representative for assistance.

### Cost of Services

**Direct Hire** — Randstad F&A's fees are on a contingency basis. The detailed search required to match a client with a candidate is conducted at no charge. Your acceptance of our referral of a candidate constitutes your acceptance of this schedule of fees and these terms and conditions unless modified in writing and signed by us. The fee is charged when the search is complete and you accept the candidate for hire. Direct hire fees are based on one percent (1%) per thousand dollars of total full-time annual compensation, to a maximum fee of thirty percent (30%). For example, the fee on an annual compensation of $50,000 plus a bonus of $10,000 would be 30% of $60,000, or $18,000. Fees are calculated on a full-time basis.

**Project** — Randstad F&A's rates are based on a number of factors which include: specific skill needs, job description, responsibilities, length of project, availability of candidates and demographics. The bill rate includes applicable payroll charges such as social security, federal, state and local withholding taxes, workers' compensation insurance, unemployment taxes and state disability insurance, if applicable. The total hours billed to you are based on a weekly timecard signed by you at the end of each week and at the end of the project. In signing, you agree with the provisions stated. Candidates working on a project will be paid overtime as required by state and federal wage and hour laws and billed accordingly.

**Conversion** — The person assigned to a project is an employee of Randstad F&A. Should you wish to convert this person to your employ, you agree to pay a conversion fee equal to one percent (1%) per thousand dollars of total full-time annual compensation to a maximum of thirty percent (30%).

Your organization is responsible for direct hire and/or conversion fees should you use a Randstad F&A candidate, regardless of employment classification, for all candidates hired within one (1) year from the date of referral or the end of the project. You also agree to pay a fee should our candidate be hired by a subsidiary or other related company under your common control, or by another company to whom you have referred our candidate, including any staffing services.

### Payment Terms

Invoices are due and payable upon receipt. All invoices over 30 days old are subject to a finance charge of one and one-half percent (1½%) per month on the unpaid balance. We may request credit information before working on a project or direct hire position. This information is held strictly confidential.

### Guarantees

**Direct Hire** — Randstad F&A provides an unconditional, one hundred (100) day replacement guarantee on any of our candidates you hire. Should the candidate voluntarily leave or be terminated for any reason other than in connection with a reduction in workforce, lack of work, or other reason unrelated to referred candidate's performance during the one hundred (100) days following the start date, we will replace that candidate at no charge. This replacement must occur within six (6) months from the date of notification.

**Conversion from Project to Direct Hire** — When a candidate working on a project converts to direct hire status, the above direct hire replacement guarantee applies. The date our employee started the project is the date used as the beginning of the one hundred (100) days.

These replacement guarantees apply only if the full fee is paid within ten (10) days of the start date of the candidate and Randstad F&A is notified of the situation within the one hundred (100) days.

**Project** — If you are dissatisfied for any reason with the candidate assigned to you and you notify Randstad F&A during the first day of the assignment, you will not be charged for the first eight (8) hours worked.

### Client Responsibility

As a client of Randstad F&A, you agree that all services provided by our candidate will be performed under your exclusive and qualified direction, supervision and control. Randstad F&A will have no responsibility for supervising or directing the work of a candidate. Client agrees that it will not allow candidates to handle cash or credit card transactions, have authority to transfer funds, make payments or disburse funds, have access to client equipment or other valuable property, take responsibility for deadlines, have access to trade secret information, have a key to the office, take work, documents or equipment (including laptop) off-site, operate a plant's leased or owned vehicles, travel without prior written permission from Randstad F&A or perform any other tasks or have any responsibility inconsistent with sound internal control practices. Candidates are not allowed to sign any document on behalf of Randstad F&A. Candidates are not permitted to render any written legal or accounting opinion, or any opinion or certification that requires a signature, stamp or seal of a licensed professional. Client acknowledges that Randstad F&A provides staffing services, is not a public accounting firm and that it has all necessary internal accounting controls in place. Client agrees that if it suspects or discovers any indication of impropriety by candidate, client will notify Randstad F&A immediately and in any case, no later than ten (10) days from discovery.

Client acknowledges that it has previously received a candidate's name and/or resume from another source, client shall so notify Randstad F&A in writing within twenty-four hours. If this notification is not received, such candidate will be considered to be represented by Randstad F&A.

Client acknowledges that it is in compliance with all applicable laws, including Equal Employment Opportunity, health and safety regulations. Randstad F&A conducts reference checks for its own purposes. We will make reasonable inquiries to verify the accuracy of information forwarded on a candidate, but does not guarantee its accuracy. In evaluating candidates for direct hire, client should thoroughly check Randstad F&A candidates with the same rigor as if it were hiring candidates directly. Randstad F&A does not conduct background, criminal or credit checks unless the client requests this service in writing, and pays the fees for such outside services.

To the extent permitted by law, the client will defend and indemnify Randstad F&A, its parent, subsidiaries, directors, officers, agents, representatives and employees for all claims, losses, and liability (including reasonable attorneys' fees) caused by the client's breach of this Agreement, its failure to discharge its duties and responsibilities set forth under the Client Responsibility section herein or the negligence, gross negligence or willful misconduct of the client, its officers, employees or authorized agents in the discharge of those duties and responsibilities.

Randstad F&A will make every reasonable effort to resolve any problems that arise during our services. In the event legal action is instituted by either party to enforce any part of this Agreement, the prevailing party will be entitled to all reasonable attorneys' fees and other legal costs incurred in such actions. In no event shall either party be liable to the other party for indirect, special or consequential or punitive damages. This is the entire agreement between the parties and supersedes all previous written or oral agreements. Your acceptance of resumes, referrals or candidates from Randstad F&A constitutes your acceptance of this Service Agreement.

Thank you for choosing Randstad Finance & Accounting to assist with your staffing needs.

# EXHIBIT "B"

# EXHIBIT "B"

1   MICHAEL C. MILLS, ESQ.
Nevada Bar No. 003534
2   BAUMAN LOEWE WITT & MAXWELL, PLLC
3650 N. Rancho Dr., Ste. 114
3   Las Vegas, Nevada  89130
Telephone No.:  702-240-6060
4   Fax No.:  702-240-4267

5   ERIC R. MCDONOUGH, ESQ.
(Pro Hac Vice Pending)
6   AMY A. ABELOFF, ESQ.
(Pro Hac Vice Accepted)
7   SEYFARTH SHAW LLP
2029 Century Park East, Ste. 3500
8   Los Angeles, California 90067
Telephone No.:  310-277-7200
9   Fax No.:  310-201-5219

10
Attorney for Defendant/Cross-Claimant,
11   Randstad Professionals US, LP

12              **UNITED STATES DISTRICT COURT**

13                **DISTRICT OF NEVADA**

14

15   COUNT'S KUSTOMS, LLC, a Nevada          CASE NO:  2:126-CV-00910-JAD-GWF
corporation,

16          Plaintiff,                        **DEFENDANT/CROSS-CLAIMANT**
**RANDSTAD PROFESSIONALS US,**
17              vs.                           **LP's FIRST AMENDED ANSWER**
**AND CROSS-CLAIMS AGAINST**
18   JOSEPH FRONTIERA, an individual;         **CROSS-DEFENDANT JOSEPH**
RANDSTAD PROFESSIONALS; US, LP a        **FRONTIERA**
19   Delaware limited partnership, d/b/a
RANDSTAD PROFESSIONALS; DOES I
20   through X, and DOE CORPORATIONS XI
through XX, inclusive,
21
Defendants.
22   _____

23   RANDSTAD PROFESSIONALS US, LP,

24          Cross-Claimant,

25   JOSEPH FRONTIERA,

26          Cross-Defendant.
_____

27

28   DEFENDANT/CROSS-CLAIMANT RANDSTAD PROFESSIONALS US, LP's FIRST AMENDED ANSWER
AND CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA

                        - Page 1 of 16 -

27008289v.1
2551532v1

**DEFENDANT/CROSS-CLAIMANT RANDSTAD PROFESSIONALS US, LP's FIRST AMENDED ANSWER AND CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA**

COMES NOW Defendant/Cross-Claimant, Randstad Professionals US, LP ("Randstad"), by and through its counsel of record, Michael C. Mills, Esq., of the law firm of Bauman Loewe Witt & Maxwell, PLLC, and Eric R. McDonough, Esq. and Amy A. Abeloff, Esq., of the law firm of Seyfarth Shaw LLP, and files its First Amended Answer to Complaint and Cross-Claims Against Cross-Defendant Joseph Frontiera ("Frontiera") as follows:

## GENERAL ALLEGATIONS

1. Answering Paragraph 1 of Plaintiff's Complaint, this answering Defendant, Randstad admits the allegations contained therein.

2. Answering Paragraph 2 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to the truth or falsity of the allegations contained therein and upon said ground denies the same, and avers that Frontiera resided in the State of Nevada at the time of his employ with Plaintiff.

3. Answering Paragraph 3 of Plaintiff's Complaint, this answering Defendant Randstad denies the allegations contained therein, and avers that Defendant Randstad is a limited partnership organized under the laws of the State of Delaware.

4. Answering Paragraph 4 of Plaintiff's Complaint, this answering Defendant Randstad denies the allegations contained therein.

5. Answering Paragraph 5 of Plaintiff's Complaint, this answering Defendant Randstad denies the allegations contained therein, and avers that on or around June 17, 2013, Frontiera was hired by CK through the use of Randstad's services to serve as Controller on a temporary basis.

6. Answering Paragraph 6 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to the truth or falsity of the allegations contained therein and upon said ground denies the same.

7. Answering Paragraph 7 of Plaintiff's Complaint, this answering Defendant

DEFENDANT/CROSS-CLAIMANT RANDSTAD PROFESSIONALS US, LP's FIRST AMENDED ANSWER AND CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA

27008289v.1
2551532v1

1    Randstad denies the allegations contained therein, except admits that CK paid to Randstad a fee,

2    and avers that such fee was to compensate Randstad for services rendered to CK as described in

3    the Randstad Finance & Accounting Service Agreement (the "Agreement") that Randstad

4    prepared for CK's and Frontiera's signature.

5          8.     Answering Paragraph 8 of Plaintiff's Complaint, this answering Defendant

6    Randstad is without sufficient information upon which to base a belief as to the truth or falsity of

7    the allegations contained therein as the substance of Paragraph 8 does not clearly designate to

8    which of Frontiera's positions at CK Plaintiff refers, and upon said ground denies the same.

9          9.     Answering Paragraph 9 of Plaintiff's Complaint, this answering Defendant

10    Randstad is without sufficient information upon which to base a belief as to the truth or falsity of

11    the allegations contained therein as the substance of Paragraph 9 does not clearly designate to

12    which of Frontiera's positions at CK Plaintiff refers and upon said ground denies the same, and

13    avers that the Agreement describes the rights, expectations and obligations of all signatories.

14          10.     Answering Paragraph 10 of Plaintiff's Complaint, this answering Defendant

15    Randstad denies the allegations contained therein.

16          11.     Answering Paragraph 11 of Plaintiff's Complaint, this answering Defendant

17    Randstad is without sufficient information upon which to base a belief as to the truth or falsity of

18    the allegations contained therein and upon said ground denies the same.

19          12.     Answering Paragraph 12 of Plaintiff's Complaint, this answering Defendant

20    Randstad is without sufficient information upon which to base a belief as to the truth or falsity of

21    the allegations contained therein as the substance of Paragraph 12 does not clearly designate to

22    which of Frontiera's positions at CK Plaintiff refers, and upon said ground denies the same.

23          13.     Answering Paragraph 13 of Plaintiff's Complaint, this answering Defendant

24    Randstad is without sufficient information upon which to base a belief as to the truth or falsity of

25    the allegations contained therein and upon said ground denies the same.

26          14.     Answering Paragraph 14 of Plaintiff's Complaint, this answering Defendant

27    Randstad is without sufficient information upon which to base a belief as to the truth or falsity of

28

DEFENDANT/CROSS-CLAIMANT RANDSTAD PROFESSIONALS US, LP's FIRST AMENDED ANSWER
AND CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA

27008289v.1
2551532v1

1    the allegations contained therein and upon said ground denies the same.

2          15.     Answering Paragraph 15 of Plaintiff's Complaint, this answering Defendant

3    Randstad is without sufficient information upon which to base a belief as to the truth or falsity of

4    the allegations contained therein and upon said ground denies the same.

5          16.     Answering Paragraph 16 of Plaintiff's Complaint, this answering Defendant

6    Randstad is without sufficient information upon which to base a belief as to the truth or falsity of

7    the allegations contained therein and upon said ground denies the same.

8          17.     Answering Paragraph 17 of Plaintiff's Complaint, this answering Defendant

9    Randstad is without sufficient information upon which to base a belief as to the truth or falsity of

10    the allegations contained therein and upon said ground denies the same.

11          18.     Answering Paragraph 18 of Plaintiff's Complaint, this answering Defendant

12    Randstad is without sufficient information upon which to base a belief as to the truth or falsity of

13    the allegations contained therein and upon said ground denies the same.

14          19.     Answering Paragraph 19 of Plaintiff's Complaint, this answering Defendant

15    Randstad is without sufficient information upon which to base a belief as to the truth or falsity of

16    the allegations contained therein and upon said ground denies the same.

17                      **FIRST CLAIM FOR RELIEF**

18                        **(Breach of Contract)**

19                             **(Randstad)**

20          20.     Answering mislabeled Paragraph 17 of Plaintiff's Complaint, this answering

21    Defendant Randstad repeats and re-alleges his answers as set forth in Paragraphs 1 through 19

22    above with the same force and effect as though fully set forth herein.

23          21.     Answering mislabeled Paragraph 18 of Plaintiff's Complaint, this answering

24    Defendant Randstad denies the allegations contained herein, and avers that on or around June 17,

25    2013, Frontiera was hired by CK through the use of Randstad's services to serve as Controller on

26    a temporary basis.

27          22.     Answering mislabeled Paragraph 19 of Plaintiff's Complaint, this answering

28    DEFENDANT/CROSS-CLAIMANT RANDSTAD PROFESSIONALS US, LP's FIRST AMENDED ANSWER
AND CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA

27008289v.1
2551532v1

1    Defendant Randstad is without sufficient information upon which to base a belief as to the truth

2    or falsity of the allegations contained therein and upon said ground denies the same.

3              23.      Answering mislabeled Paragraph 20 of Plaintiff's Complaint, this answering

4    Defendant Randstad denies the allegations contained therein, except admits that, per the terms

5    and conditions outlined in the Agreement, Randstad conducted its own reference checks on

6    Frontiera and took reasonable steps to verify the accuracy of such, and avers that it performed

7    the contracted services described in the Agreement.

8              24.      Answering mislabeled Paragraph 21 of Plaintiff's Complaint, this answering

9    Defendant Randstad denies the allegations contained herein, and avers that Randstad performed

10   the contracted services described in the Agreement.

11             25.      Mislabeled Paragraph 22 of Plaintiff's Complaint calls for a legal conclusion to

12   which no answer is required, and to the extent it is, this answering Defendant Randstad denies

13   the same.

14             26.      Answering mislabeled Paragraph 23 of Plaintiff's Complaint, this answering

15   Defendant Randstad is without sufficient information upon which to base a belief as to whether

16   the retention of Black & LoBello's services were necessary, and upon said ground denies the

17   same, and every other assertion set forth therein.

18                                **SECOND CLAIM FOR RELIEF**

19                      **(Breach of Covenant of Good Faith & Fair Dealing)**

20                                        **(Randstad)**

21             27.      Answering mislabeled Paragraph 24 of Plaintiff's Complaint, this answering

22   Defendant Randstad repeats and re-alleges his answers as set forth in Paragraphs 1 through 26

23   above with the same force and effect as though fully set forth herein.

24             28.      Mislabeled Paragraph 25 of Plaintiff's Complaint calls for a legal conclusion to

25   which no answer is required, and to the extent it is, this answering Defendant Randstad denies

26   the same.

27             29.      Answering mislabeled Paragraph 26 of Plaintiff's Complaint, this answering

28   DEFENDANT/CROSS-CLAIMANT RANDSTAD PROFESSIONALS US, LP's FIRST AMENDED ANSWER
     AND CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA

                                        - Page 5 of 16 -

1   Defendant Randstad denies the allegations contained therein.

2        30.     Answering mislabeled Paragraph 27 of Plaintiff's Complaint, this answering

3   Defendant Randstad denies the allegations contained therein.

4        31.     Mislabeled Paragraph 28 of Plaintiff's Complaint calls for a legal conclusion to

5   which no answer is required, and to the extent it is, this answering Defendant Randstad denies

6   the same.

7        32.     Answering mislabeled Paragraph 29 of Plaintiff's Complaint, this answering

8   Defendant Randstad is without sufficient information upon which to base a belief as to whether

9   the retention of Black & LoBello's services were necessary, and upon said ground denies the

10  same, and every other assertion set forth therein.

11                          **THIRD CLAIM FOR RELIEF**

12                                  **(Fraud)**

13                          **(Frontiera and Randstad)**

14       33.     Answering mislabeled Paragraph 30 of Plaintiff's Complaint, this answering

15  Defendant Randstad repeats and re-alleges his answers as set forth in Paragraphs 1 through 32

16  above with the same force and effect as though fully set forth herein.

17       34.     Answering mislabeled Paragraph 31 of Plaintiff's Complaint, this answering

18  Defendant Randstad denies the allegations contained therein, and avers that on or around June

19  17, 2013, Frontiera was hired by CK through the use of Randstad's services to serve as

20  Controller on a temporary basis, and further avers that it performed the contracted services

21  described in the Agreement.

22       35.     Answering mislabeled Paragraph 32 of Plaintiff's Complaint, this answering

23  Defendant Randstad denies the allegations contained therein, except admits that it conducted

24  reference checks on Frontiera as referenced in the Agreement.

25       36.     Answering mislabeled Paragraph 33 of Plaintiff's Complaint, this answering

26  Defendant Randstad is without sufficient information upon which to base a belief as to the truth

27  or falsity of the allegations contained therein and upon said ground denies the same.

28  DEFENDANT/CROSS-CLAIMANT RANDSTAD PROFESSIONALS US, LP's FIRST AMENDED ANSWER
    AND CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA

                              - Page 6 of 16 -

27008289v.1
2551532v1

37.     Answering mislabeled Paragraph 34 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to the truth or falsity of the allegations contained therein and upon said ground denies the same.

38.     Answering mislabeled Paragraph 35 of Plaintiff's Complaint, this answering Defendant Randstad denies the allegations contained therein.

39.     Answering mislabeled Paragraph 36 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to the truth or falsity of the allegations contained therein and upon said ground denies the same.

40.     Answering mislabeled Paragraph 37 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to the truth or falsity of the allegations contained therein and upon said ground denies the same.

41.     Mislabeled Paragraph 38 of Plaintiff's Complaint calls for a legal conclusion to which no answer is required, and to the extent it is, this answering Defendant Randstad denies the same.

42.     Mislabeled Paragraph 39 of Plaintiff's Complaint calls for a legal conclusion to which no answer is required, and to the extent it is, this answering Defendant Randstad denies the same.

43.     Answering mislabeled Paragraph 40 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to whether the retention of Black & LoBello's services were necessary, and upon said ground denies the same, and every other assertion set forth therein.

## FOURTH CLAIM FOR RELIEF

### (Negligent Misrepresentation)

### (Randstad)

44.     Answering mislabeled Paragraph 41 of Plaintiff's Complaint, this answering Defendant Randstad repeats and re-alleges his answers as set forth in Paragraphs 1 through 43 above with the same force and effect as though fully set forth herein.

DEFENDANT/CROSS-CLAIMANT RANDSTAD PROFESSIONALS US, LP's FIRST AMENDED ANSWER AND CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA

27008289v.1
2551532v1

45.     Mislabeled Paragraph 42 of Plaintiff's Complaint calls for a legal conclusion to which no answer is required, and to the extent that it is, this answering Defendant Randstad denies the same.

46.     Answering mislabeled Paragraph 43 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to the truth or falsity of the allegations contained therein and upon said ground denies the same.

47.     Mislabeled Paragraph 44 of Plaintiff's Complaint calls for a legal conclusion to which no answer is required, and to the extent it is, this answering Defendant Randstad denies the same.

48.     Answering mislabeled Paragraph 45 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to whether the retention of Black & LoBello's services were necessary, and upon said ground denies the same, and every other assertion set forth therein.

## FIFTH CLAIM FOR RELIEF

### (Unjust Enrichment)

### (Frontiera and Randstad)

49.     Answering mislabeled Paragraph 46 of Plaintiff's Complaint, this answering Defendant Randstad repeats and re-alleges his answers as set forth in Paragraphs 1 through 48 above with the same force and effect as though fully set forth herein.

50.     Answering mislabeled Paragraph 47 of Plaintiff's Complaint, this answering Defendant Randstad denies the allegations contained therein.

51.     Answering mislabeled Paragraph 48 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to the truth or falsity of the allegations contained therein and upon said ground denies the same.

52.     Mislabeled Paragraph 49 of Plaintiff's Complaint calls for a legal conclusion to which no answer is required, and to the extent it is, this answering Defendant Randstad denies the same.

DEFENDANT/CROSS-CLAIMANT RANDSTAD PROFESSIONALS US, LP's FIRST AMENDED ANSWER
AND CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA

- Page 8 of 16 -

53.     Mislabeled Paragraph 50 of Plaintiff's Complaint calls for a legal conclusion to which no answer is required, and to the extent it is, this answering Defendant Randstad denies the same.

54.     Answering mislabeled Paragraph 51 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to whether the retention of Black & LoBello's services were necessary, and upon said ground denies the same, and every other assertion set forth therein.

## SIXTH CLAIM FOR RELIEF

### (Conversion/Constructive Trust)

### (Frontiera)

55.     Answering mislabeled Paragraph 52 of Plaintiff's Complaint, this answering Defendant Randstad repeats and re-alleges his answers as set forth in Paragraphs 1 through 54 above with the same force and effect as though fully set forth herein.

56.     Answering mislabeled Paragraph 53 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to the truth or falsity of the allegations contained therein and upon said ground denies the same.

57.     Answering mislabeled Paragraph 54 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to the truth or falsity of the allegations contained therein and upon said ground denies the same.

58.     Mislabeled Paragraph 55 of Plaintiff's Complaint calls for a legal conclusion to which no answer is required, and to the extent it is, this answering Defendant Randstad denies the same.

59.     Answering mislabeled Paragraph 56 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to whether the retention of Black & LoBello's services were necessary, and upon said ground denies the same, and every other assertion set forth therein.

DEFENDANT/CROSS-CLAIMANT RANDSTAD PROFESSIONALS US, LP's FIRST AMENDED ANSWER AND CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA

- Page 9 of 16 -

## SEVENTH CLAIM FOR RELIEF

### (Embezzlement - Civil Theft)

### (Frontiera)

60.     Answering mislabeled Paragraph 57 of Plaintiff's Complaint, this answering Defendant Randstad repeats and re-alleges his answers as set forth in Paragraphs 1 through 59 above with the same force and effect as though fully set forth herein.

61.     Answering mislabeled Paragraph 58 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to the truth or falsity of the allegations contained therein and upon said ground denies the same.

62.     Answering mislabeled Paragraph 59 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to the truth or falsity of the allegations contained therein and upon said ground denies the same.

63.     Mislabeled Paragraph 60 of Plaintiff's Complaint calls for a legal conclusion to which no answer is required, and to the extent it is, this answering Defendant Randstad denies the same.

64.     Mislabeled Paragraph 61 of Plaintiff's Complaint calls for a legal conclusion to which no answer is required, and to the extent it is, this answering Defendant Randstad denies the same.

65.     Answering mislabeled Paragraph 62 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to whether the retention of Black & LoBello's services were necessary, and upon said ground denies the same, and every other assertion set forth therein.

## EIGHTH CLAIM FOR RELIEF

### (Negligent Supervision)

### (Randstad)

66.     Answering mislabeled Paragraph 63 of Plaintiff's Complaint, this answering Defendant Randstad repeats and re-alleges his answers as set forth in Paragraphs 1 through 65

DEFENDANT/CROSS-CLAIMANT RANDSTAD PROFESSIONALS US, LP's FIRST AMENDED ANSWER
AND CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA

27008289v.1
2551532v1

1  above with the same force and effect as though fully set forth herein.

2      67.     Answering mislabeled Paragraph 64 of Plaintiff's Complaint, this answering

3  Defendant Randstad denies the allegations contained therein.

4      68.     Answering mislabeled Paragraph 65 of Plaintiff's Complaint, this answering

5  Defendant Randstad denies the allegations contained therein, and avers that it performed the

6  contracted services described in the Agreement.

7      69.     Mislabeled Paragraph 66 of Plaintiff's Complaint calls for a legal conclusion to

8  which no answer is required, and to the extent it is, this answering Defendant Randstad denies

9  the same.

10      70.     Answering mislabeled Paragraph 67 of Plaintiff's Complaint, this answering

11  Defendant Randstad is without sufficient information upon which to base a belief as to whether

12  the retention of Black & LoBello's services were necessary, and upon said ground denies the

13  same, and every other assertion set forth therein.

14      71.     Mislabeled Paragraph 68 of Plaintiff's Complaint calls for a legal conclusion to

15  which no answer is required, and to the extent it is, this answering Defendant Randstad denies

16  the same.

17  **CONCLUDING ANSWER TO ALL ALLEGATIONS**

18      All allegations not specifically addressed above due to the nature of the language and

19  construction of the allegations, or for any other reason, are specifically denied.

20  **AFFIRMATIVE DEFENSES**

21  <u>FIRST:</u>          Defendant alleges that the allegations contained in Plaintiff's

22  Complaint fail to state causes of action against Defendant upon which relief can be granted.

23  <u>SECOND:</u>       Defendant alleges that Plaintiff's allegations are barred by the

24  doctrine of laches.

25  <u>THIRD:</u>         Defendant alleges that Plaintiff's allegations are barred because

26  Plaintiff had knowingly and voluntarily assumed any risks at issue.

27  <u>FOURTH:</u>       It has been necessary for Defendant Randstad to employ the

28  DEFENDANT/CROSS-CLAIMANT RANDSTAD PROFESSIONALS US, LP's FIRST AMENDED ANSWER
AND CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA

27008289v.1
2551532v1

1    services of Bauman Loewe Witt & Maxwell, PLLC. and Seyfarth Shaw LLP to defend this

2    action, and a reasonable sum should be allowed Defendant as and for attorney's fees, together

3    with costs expended in this action.

4         FIFTH:              Defendant alleges that the incidents alleged in the Complaint, and

5    the alleged damages, if any, to Plaintiff were proximately caused or contributed to by Plaintiff's

6    own negligence and such negligence was greater than any of the Defendant's negligence.

7         SIXTH:              Defendant alleges that Plaintiff did not exercise ordinary care,

8    caution, or prudence over the direction, supervision or control of Defendant Frontiera to avoid

9    the alleged harm it suffered, and the alleged harm, if any, complained of was directly and

10   proximately contributed to and caused by fault, carelessness, and negligence of Plaintiff.

11        SEVENTH:            Defendant alleges that Plaintiff has failed, in whole or in part, to

12   mitigate its alleged damages.

13        EIGHTH:             Pursuant to NRCP 11, as amended, all possible affirmative

14   defenses may not have been alleged herein insofar as sufficient facts were not available after

15   reasonable inquiry upon the filing of Defendant's Answer, and therefore, this answering

16   Defendant reserves the right to amend its Answer to allege additional Affirmative Defenses if

17   subsequent investigation so warrants.

18        NINTH:              Defendant alleges that Plaintiff breached its Agreement with

19   Defendant, and that breach is the cause of the alleged harm to the Plaintiff.

20        TENTH:              Defendant alleges that the alleged acts of Frontiera are an

21   intervening and superseding cause of any alleged harm to the Plaintiff.

22        ELEVENTH:           Defendant alleges that at diverse dates and times, Frontiera was an

23   employee of CK, and Randstad cannot be held liable for CK's or Frontiera's acts, omissions,

24   negligence or intentional acts.

25        WHEREFORE, this answering Defendant Randstad hereby pray for judgment as follows:

26        1.      That Plaintiff takes nothing by reason of the Complaint on file herein;

27

28   DEFENDANT/CROSS-CLAIMANT RANDSTAD PROFESSIONALS US, LP's FIRST AMENDED ANSWER
     AND CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA

                                    - Page 12 of 16 -

1      2.     That this answering Defendant be awarded reasonable attorney's fees and costs for

2  the defense of this matter;

3      3.     For such other and further relief as the Court deems just and proper.

4      DATED this 19th day of May 2016.

5                                         BAUMAN LOEWE WITT & MAXWELL, PLLC

6

7                              _____

8                              MICHAEL C. MILLS, ESQ.
Nevada Bar No. 003534
3650 N. Rancho Dr., Ste. 114

9                              Las Vegas, NV  89130

10                           ERIC R. MCDONOUGH, ESQ.
(Pro Hac Vice Pending)

11                           AMY A. ABELOFF, ESQ.
(Pro Hac Vice Accepted)

12                           SEYFARTH SHAW LLP
2029 Century Park East, Ste. 3500

13                           Los Angeles, California 90067
Telephone No.:  310-277-7200

14                           Fax No.:  310-201-5219

15                           Attorneys for Defendant/Cross-Claimant
Randstad Professionals US, LP

16

17

18

19

20

21

22

23

24

25

26

27

28    DEFENDANT/CROSS-CLAIMANT RANDSTAD PROFESSIONALS US, LP's FIRST AMENDED ANSWER
AND CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA

- Page 13 of 16 -

## DEFENDANT RANDSTAD'S CROSS-CLAIMS AGAINST
## CROSS-DEFENDANT FRONTIERA

COMES NOW, Cross-Claimaint, Randstad Professionals US, LP ("Defendant" or "Randstad") a Delaware limited partnership, by and through its attorneys of record, Michael C. Mills, Esq. of Bauman Loewe Witt & Maxwell, PLLC, and Eric R. McDonough, Esq. (pro hac vice pending) and Amy A. Abeloff, Esq. (pro hac vice accepted) of Seyfarth Shaw LLP, and hereby files these Cross-Claims against the above-named Cross-Defendant, and alleges as follows:

## CROSS-CLAIM AGAINST FRONTIERA

1.      Cross-Defendant Joseph Frontiera at the time of the issues in question herein, resided in the State of Nevada.

2.      It has become necessary for Cross-Claimant Randstad ("Randstad") to retain the services of an attorney to prosecute this Cross-Claim and, therefore, Randstad should be awarded attorney's fees and costs of suit that are incurred as a result of this litigation.

## CONTRIBUTION & INDEMNITY

3.      Randstad alleges that in the event it is found to be liable to Plaintiff Count's Kustom's, LLC ("CK") or to any other party for any damages, or if payment is made by Randstad to CK or any other party as a result of the incidents or occurrences described in CK's Complaint, then Randstad's liability or payments is based upon the acts and/or omissions, including, without limitation, alleged negligence, breach of warranties (express and/or implied), breach of contract, and breach of fiduciary duties, of CK and/or Frontiera, and therefore Randstad is entitled to contribution and indemnity to the fullest extent permitted by law from Frontiera.

4.      That is has become necessary for Randstad to retain the services of an attorney to prosecute this Cross-Claim and, therefore, said Randstad should be awarded attorney's fees and costs of suit that are incurred as a result of this litigation.

DEFENDANT/CROSS-CLAIMANT RANDSTAD PROFESSIONALS US, LP's FIRST AMENDED ANSWER
AND CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA

27008289v.1
2551532v1

1      WHEREFORE, Cross-Claimant Randstad, prays as follows:

2      1.    For judgment against Cross-Defendant Frontiera in amounts to be determined at

3            the time of trial;

4      2.    For costs, disbursements and attorneys' fees; and

5      3.    For such other and further relief as the Court deems just and proper.

6      DATED this 19th day of May 2016.

7                             BAUMAN LOEWE WITT & MAXWELL, PLLC

8

9                          _____

10                         MICHAEL C. MILLS, ESQ.
Nevada Bar No. 003534

11                         3650 N. Rancho Dr., Ste. 114
Las Vegas, NV 89130

12                         ERIC R. MCDONOUGH, ESQ.
(Pro Hac Vice Pending)

13                         AMY A. ABELOFF, ESQ.
(Pro Hac Vice Accepted)

14                         SEYFARTH SHAW LLP
2029 Century Park East, Ste. 3500

15                         Los Angeles, California 90067
Telephone No.: 310-277-7200

16                         Fax No.: 310-201-5219

17                         Attorneys for Defendant/Plaintiff-in-
Counterclaim/Cross-Claimant

18                         Randstad Professionals US, LP

19

20

21

22

23

24

25

26

27  //

28
DEFENDANT/CROSS-CLAIMANT RANDSTAD PROFESSIONALS US, LP's FIRST AMENDED ANSWER
AND CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA

- Page 15 of 16 -

1

## CERTIFICATE OF SERVICE

2          Pursuant to NRCP 5(b) and Administrative Order 14-2 of the Eighth Judicial District

3   Court, I hereby certify that I am an employee of BAUMAN LOEWE WITT & MAXWELL,

4   PLLC, and that on the 19th day of May 2016, I caused a true and correct copy of the foregoing

5   document **DEFENDANT RANDSTAD PROFESSIONALS US, LP's FIRST AMENDED**

6   **ANSWER TO PLAINTIFF'S COMPLAINT AND CROSS-CLAIMS AGAINST**

7   **DEFENDANT JOSEPH FRONTIERA** to be served as follows:

8     ☐     VIA U.S. POSTAL MAIL: by placing a true and correct copy thereof enclosed in a
              sealed envelope with the postage thereon fully prepaid, addressed as indicated on the
9             attached service list in the United States Mail.

10    ☐     VIA FACSIMILE: by causing a true and correct copy thereof to be faxed on this
              date to the addressee(s) at the attached facsimile numbers set forth in the service list.
11

12    ☐     VIA E-SERVICE: by causing a true and correct copy thereof to be electronically
              served in compliance with the Administrative Order 14-2 and Nevada Electronic
13            Filing and Conversion Rules.

## SERVICE LIST

14

15   Theresa Mains, Esq.                        Steven Mack, Esq.
     2251 N. Rampart Boulevard, Suite 102       Black & LoBello
16   Las Vegas, NV 89128                        10777 West Twain Avenue, Third Fl.
     Phone: 702-684-6163                        Las Vegas, Nevada 89135
     Fax: 702-684-6743                          Phone: 702-869-8801
17   Attorneys for Defendant/Cross-Defendant    Fax: 702-869-2669
     James Frontiera                            Email: smack@blacklobellowlaw.com
18                                              Attorney for Plaintiff,
                                                Count's Kustoms, LLC
19

20

21                                              _____
                                                An Employee of BAUMAN LOEWE WITT &
                                                MAXWELL, PLLC
22

23

24

25

26

27

28   DEFENDANT/CROSS-CLAIMANT RANDSTAD PROFESSIONALS US, LP's FIRST AMENDED ANSWER
        AND CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA

                                    - Page 16 of 16 -

# EXHIBIT "C"

# EXHIBIT "C"

1   MICHAEL C. MILLS, ESQ.
    Nevada Bar No. 003534
2   BAUMAN LOEWE WITT & MAXWELL, PLLC
    3650 N. Rancho Dr., Ste. 114
3   Las Vegas, Nevada  89130
    Telephone No.:  702-240-6060
4   Fax No.:  702-240-4267

5   ERIC R. MCDONOUGH, ESQ.
    (Pro Hac Vice Pending)
6   AMY A. ABELOFF, ESQ.
    (Pro Hac Vice Accepted)
7   SEYFARTH SHAW LLP
    2029 Century Park East, Ste. 3500
8   Los Angeles, California 90067
    Telephone No.:  310-277-7200
9   Fax No.:  310-201-5219

10  Attorney for Defendant/Counterclaimaint/Cross-Claimant,
    Randstad Professionals US, LP

11

                    **UNITED STATES DISTRICT COURT**
12
                        **DISTRICT OF NEVADA**
13

14  COUNT'S KUSTOMS, LLC, a Nevada          CASE NO:  2:126-CV-00910-JAD-GWF
    corporation,
15
             Plaintiff,                      **[PROPOSED] ORDER GRANTING**
16                                           **DEFENDANT/**
                                             **COUNTERCLAIMANT'S MOTION**
        vs.                                  **FOR LEAVE TO AMEND ANSWER**
17                                           **AND COUNTERCLAIMS**
    JOSEPH FRONTIERA, an individual;
18  RANDSTAD PROFESSIONALS; US, LP a
    Delaware limited partnership, d/b/a
19  RANDSTAD PROFESSIONALS; DOES I
    through X, and DOE CORPORATIONS XI
20  through XX, inclusive,

21           Defendants.

22  RANDSTAD PROFESSIONALS US, LP,

23           Plaintiff-in-Counterclaim,

24  COUNT'S KUSTOMS, LLC,

25           Defendant-in-Counterclaim.

26  RANDSTAD PROFESSIONALS US, LP,

27           Cross-Claimant,

28  [PROPOSED] ORDER GRANTING DEFENDANT/COUNTERCLAIMANT'S MOTION FOR LEAVE TO
         AMEND ANSWER AND COUNTERCLAIMS

                            - PAGE 1 OF 2 -

27008277v.1
2551533v1

1    JOSEPH FRONTIERA,

2            Cross-Defendant.

3

4    **[PROPOSED] ORDER GRANTING DEFENDANT/COUNTERCLAIMANT'S MOTION**
     **FOR LEAVE TO AMEND ANSWER AND COUNTERCLAIMS**

5

6            Having considered Defendant/Counterclaimant, Randstad Professionals US, LP

7    ("Randstad")'s brief in Opposition to Plaintiff/Counterdefendant Count's Kustoms, LLC's

8    ("CK") Motion to Strike or in the Alternative, Motion to Dismiss, upon which the instant Motion

     was alternatively brought, IT IS HEREBY ORDERED:

9

10           1. Randstad is granted leave to file a First Amended Answer and Counterclaims in the

     form attached as <u>Exhibit A</u> to this Order.

11

12           2. The First Amended Answer and Counterclaims is deemed served and filed as of the

     date of entry of this Order.

13

14   **IT IS SO ORDERED.**

15   Dated: _____, 2016

16

17                                   By: _____

18                                        The Hon. Jennifer A. Dorsey
                                          Presiding District Court Judge

19

20

21

22

23

24

25

26

27

28   [PROPOSED] ORDER GRANTING DEFENDANT/COUNTERCLAIMANT'S MOTION FOR LEAVE TO
     AMEND ANSWER AND COUNTERCLAIMS

                                      - PAGE 2 OF 2 -

# EXHIBIT "D"

# EXHIBIT "D"

05-18-'16 07:08   FROM-Randstad P & A          702-734-7171          T-884  P0017003  F-932

## DECLARATION OF SCOTT KAPLAN

I, Scott Kaplan, declare as follows:

1.  I currently am the Practice Director of Staffing for Defendant/Counterclaimant Randstad Professionals US, LP ("Randstad"). I have personal knowledge of the following facts stated in this declaration, except as to those matters which I state on information and belief, and as to those matters, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the facts stated herein.

2.  I make this declaration in support of Randstad's Opposition to Plaintiff/Counterdefendant Count's Kustoms, LLC's Motion to Strike or in the Alternative, Motion to Dismiss, or in the Alternative, Motion for Leave to Amend Answer.

3.  Randstad is a limited partnership organized under the laws of the State of Delaware, with a nerve center located in Atlanta, Georgia.

4.  Randstad has multiple locations nationwide. I work in Randstad's Las Vegas, Nevada office.

5.  As part of my duties at Randstad, I work to place job candidates with our clients on temporary or project-based assignments or in some cases, permanent placements.

6.  One candidate whom I have placed is Joseph Frontiera ("Frontiera"), who I understand to be a co-Defendant in this proceeding.

7.  I first placed Frontiera as a temporary consultant with a Randstad client, the Finance Company. Frontiera has a background in accounting, so I placed him as a System Implementation consultant at the Finance Company.

8.  The owner of the Finance Company liked Frontiera so much they offered Frontiera a permanent position with the company.

9.  At the time the owner of the Finance Company decided to permanently hire Frontiera, I had a conversation with the owner about running a background check on Frontiera.

DECLARATION OF SCOTT KAPLAN IN SUPPORT OF DEFENDANT/COUNTERCLAIMANT RANDSTAD PROFESSIONALS US, LP's OPPOSITION TO PLAINTIFF/COUNTERDEFENDANT COUNT'S KUSTOMS, LLC'S MOTION TO STRIKE COUNTERCLAIM OR IN THE ALTERNATIVE, MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO AMEND ANSWER

- PAGE 1 OF 3 -

27016723v.2
27041317v.1

05-18-'16 07:08   FROM-Randstad F & A        702-734-7171        T-884  P002/003 F-932

10.     The owner of the Finance Company asked if I (on behalf of Randstad) had completed a background check on Frontiera.

11.     I told the owner that because she would be hiring Frontiera as a direct hire, it is common industry practice for the company hiring the employee to perform the background check.  I indicated that running a background check on a candidate is ultimately the client's choice and responsibility because as part of Randstad's vetting, Randstad does not conduct criminal background or other checks aside from employment reference checking for its own purposes.

12.     The owner of the Finance Company hired Frontiera as a full-time employee.

13.     Frontiera was with the Finance Company for approximately a year and a half when the opportunity at Count's Kustoms ("CK") materialized.

14.     Based on my previous experience placing Frontiera and the positive evaluations I received about Frontiera's performance from other Randstad's clients, I presented Frontiera for the CK opportunity.

15.     I learned of the CK opportunity through Theo Spyer ("Spyer"), who is the General Manager at a business affiliated with CK.

16.     Spyer was engaged as a consultant by a third-party television network to hire several consultants to work at CK for a year's time.

17.     Spyer contacted me, gave me an idea of the type of candidates he sought, and an estimated budget to hire the new consultants.

18.     Spyer interviewed Frontiera, took him and me to lunch, and decided to hire Frontiera on a consulting basis at CK thereafter.

19.     After the interview process was complete, Spyer asked me if CK should run a background check on Frontiera.

20.     I told Spyer that it was CK's decision whether it wanted to run a background

DECLARATION OF SCOTT KAPLAN IN SUPPORT OF DEFENDANT/COUNTERCLAIMANT RANDSTAD PROFESSIONALS US, LP's OPPOSITION TO PLAINTIFF/COUNTERDEFENDANT COUNT'S KUSTOMS, LLC'S MOTION TO STRIKE COUNTERCLAIM OR IN THE ALTERNATIVE, MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO AMEND ANSWER

- PAGE 2 OF 3 -

27016723v.2
27041317v.1

05-18-'16 07:08  FROM-Randstad P & A      702-734-7171      T-884  P0037003 F-932

1   check on Frontiera.  I made clear that Randstad had not run any background checks on Frontiera,

2   but that a previous client had hired him as a permanent employee after I had suggested the client

3   should perform a background check before hiring Frontiera directly.

4          21.     I further told Spyer I was not certain the previous client conducted a background

5   check on Frontiera, but based on the previous client's hiring of Frontiera in a more permanent

6   role, I believed perhaps that the client did conduct a background check.

7          22.     Spyer hired Frontiera as a temporary consultant at CK.

8          I declare under penalty of perjury under the laws of the State of Nevada that the

9   foregoing is true and correct.

10         Executed this 18th day of May, 2016 at Las Vegas, Nevada.

11

12                                                    _____
                                                      Scott Kaplan

13

14

15

16

17

18

19

20

21

22

23

24

25

26         DECLARATION OF SCOTT KAPLAN IN SUPPORT OF DEFENDANT/COUNTERCLAIMANT
    RANDSTAD PROFESSIONALS US, LP's OPPOSITION TO PLAINTIFF/COUNTERDEFENDANT COUNT'S
27   KUSTOMS, LLC'S MOTION TO STRIKE COUNTERCLAIM OR IN THE ALTERNATIVE, MOTION TO
           DISMISS, OR IN THE ALTERNATIVE, MOTION TO AMEND ANSWER

28
                                        - PAGE 3 OF 3 -

27016723v.2
27041317v.1

# EXHIBIT "E"

# EXHIBIT "E"

## DECLARATION OF THEO SPYER

I, Theo Spyer, declare as follows:

1.  I have personal knowledge of the following facts stated in this declaration, except as to those matters which I state on information and belief, and as to those matters, I am informed and believe them to be true.  If called as a witness, I could and would competently testify to the facts stated herein.

2.  I make this declaration in support of Defendant/Counterclaimant Randstad Professionals US, LP's ("Randstad") Opposition to Plaintiff/Counterdefendant Count's Kustoms, LLC's Motion to Strike or in the Alternative, Motion to Dismiss, or in the Alternative, Motion for Leave to Amend Answer.

3.  On or around June 2013, I was recruited by a third-party to act as its consultant in hiring employee consultants for Count's Kustoms, LLC ("CK").

4.  CK is located in Las Vegas, Nevada.

5.  As part of this responsibility, I contacted Scott Kaplan ("Kaplan") at Randstad, with whom I have worked in the past.

6.  I told Kaplan about the type of consultants CK sought, and Kaplan suggested Joseph Frontiera ("Frontiera") for the role.

7.  Kaplan told me that Frontiera's previous employer loved him and that they were crushed when Frontiera resigned.

8.  I understood that if CK was not satisfied with Frontiera's work after 90 days, however, that CK could request a replacement candidate from Randstad without paying any additional fees.

9.  I hired Frontiera on behalf of CK and acted as his supervisor, until Frontiera proved himself to be capable and self-sufficient in carrying out his duties.

10.  As Frontiera's supervisor, I reviewed his time sheets and approved his hours.  I

DECLARATION OF THEO SPYER IN SUPPORT OF DEFENDANT/COUNTERCLAIMANT
RANDSTAD PROFESSIONALS US, LP's OPPOSITION TO PLAINTIFF/COUNTERDEFENDANT COUNT'S
KUSTOMS, LLC'S MOTION TO STRIKE COUNTERCLAIM OR IN THE ALTERNATIVE, MOTION TO
DISMISS, OR IN THE ALTERNATIVE, MOTION TO AMEND ANSWER

- PAGE 1 OF 2 -

27022298v.1
27034110v.3

signed these time sheets and sent them to Randstad on a weekly basis. My signature appears on the Randstad Finance & Accounting Service Agreement, which is attached hereto.

11.     Frontiera was hired to provide usual and ordinary accounting functions for CK. During the period I supervised Frontiera, there were no indications of any mismanagement of CK's cash or assets.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

Executed this 18th day of May, 2016 at Las Vegas, Nevada.

Theo Spyer

DECLARATION OF THEO SPYER IN SUPPORT OF DEFENDANT/COUNTERCLAIMANT RANDSTAD PROFESSIONALS US, LP's OPPOSITION TO PLAINTIFF/COUNTERDEFENDANT COUNT'S KUSTOMS, LLC'S MOTION TO STRIKE COUNTERCLAIM OR IN THE ALTERNATIVE, MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO AMEND ANSWER

- PAGE 2 OF 2 -

27022298v.1
27034110v.3