STEVEN MACK, ESQ.
Nevada Bar No. 4000
**BLACK & LOBELLO**
10777 W. Twain Ave., 3rd Fl.
Las Vegas, Nevada 89135
(702) 869-8801
(702) 869-2669 (fax)
smack@blacklobellolaw.com
Attorneys for Plaintiff/Counterdefendant

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| COUNT'S KUSTOMS, LLC, a Nevada corporation,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>JOSEPH FRONTIERA, an individual, and RANDSTAD PROFESSIONALS US, LP a Delaware Corporation dba RANDSTAD PROFESSIONALS, DOES I-X and DOE CORPORATIONS XI – XX, inclusive, | Case No.: 2:16-CV-00910-JAD-GWF<br><br>**PLAINTIFF/COUNTERDEFENDANT'S REPLY TO RANDSTAD PROFESSIONALS US, LP'S OPPOSITION TO PLAINTIFF/ COUNTERDEFENDANT'S MOTION TO STRIKE COUNTERCLAIM OR IN THE ALTERNATIVE, MOTION TO DISMISS AND <u>NON-OPPOSITION</u> TO MOTION TO AMEND ANSWER** |
| RANDSTAD PROFESSIONALS US, LP,<br><br>　　　　　　Counterclaimant,<br><br>vs.<br><br>COUNT'S KUSTOMS, LLC,<br><br>　　　　　　Counterdefendant. | |
| RANDSTAD PROFESSIONALS US, LP,<br><br>　　　　　　Cross-Claimant,<br><br>vs.<br><br>JOSEPH FRONTIERA,<br><br>　　　　　　Cross-Defendant. | |

**PLAINTIFF/COUNTERDEFENDANT'S REPLY TO RANDSTAD PROFESSIONALS US, LP'S OPPOSITION TO PLAINTIFF/ COUNTERDEFENDANT'S MOTION TO STRIKE COUNTERCLAIM OR IN THE ALTERNATIVE, MOTION TO DISMISS AND <u>NON-OPPOSITION</u> TO MOTION TO AMEND ANSWER**

Plaintiff/Counter-Defendant, COUNT'S KUSTOMS, LLC, ("Plaintiff" or "CK"), by and through its attorney of record Steven Mack, Esq., of the law firm of Black & LoBello, hereby files this Plaintiff/Counterdefendant's Reply to Randstad Professionals US, LP's Opposition to Plaintiff/Counterdefendant's Motion to Strike Counterclaim or in The Alternative, Motion to Dismiss and *Non-Opposition* to Motion to Amend Answer ("Reply").

This Reply is made and based on the attached Memorandum of Points and Authorities, any exhibits attached hereto, the papers and pleadings on file herein, and any oral argument this Court may allow.

DATED this __25th__ day of May 2016.



BLACK & LOBELLO

STEVEN MACK, ESQ.
Nevada Bar No. 4000
10777 W. Twain Ave., Third Floor
Las Vegas, Nevada 89135
*Attorneys for Plaintiff*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

The parties have a basic disagreement as to what Randstad was to provide and perform. Randstad is an organization that professes to provide the best candidates for positions such as controller, etc., as was supposed to be provided in this case. Further, by virtue of their own representations on their own website, Randstad professes to "Vette" every candidate.[1]

---

[1] See, Plaintiff's Motion to Strike (Doc 25), Exhibit "2" attached thereto.

Further, the alleged agreement that Randstad continues to rely on, is wording in an hours worked verification form, that states very clearly below the signature, that this is a "verification of hours worked", not an agreement to new terms and conditions, most of which appear to solely protect Randstad against the very thing they are supposed to provide, a qualified and vetted candidate.[2]

Randstad, in its opposition, has provided two very interesting affidavits (Exhibits "D" of Scott Kaplan and "E" of Theo Sayer), which contain hearsay statements of third parties and references to unnamed third parties, and to that extent should be disregarded.

## II. FACTS

Suffice to say that the alleged facts as set out by the Defendant Randstad are disputed, and specifically that any agreement was entered into that waived the very basic premise for which they were even used as a provider of a qualified candidate for comptroller and general manager. The alleged agreement is a time card. Nothing more. The terms and conditions that Randstad attempts to have determined as enforceable, are not signed by Count's Kustoms, except under the guise of hours reporting.[3]

What *is* interesting is that Randstad admits that they performed reference checks and inquiries, but apparently did not disclose what they found to Count's Kustoms.[4] Any reference check would have provided the information that was found about Defendant Frontiera's past and prior criminal charges for the very actions Defendant Frontiera took in this instance, that is, embezzlement.

## III. NON-OPPOSITION TO MOTION FOR LEAVE TO AMEND

To the extent that Defendant Randstad desires to amend their answer, and submit the Answer/Crossclaim as attached to the Opposition and Motion to Amend, Plaintiff has no Opposition. With that being said, Plaintiff is not agreeing to anything contained within the answer, merely that it is proper form.

---

[2] See, Plaintiff's Motion to Strike (Doc 25), Exhibit "1" attached thereto, wherein below the signature it stated that the signature is for verification of hours worked.
[3] Id.
[4] See, Randstad Opposition, Document 27, Page 6:13-16

## IV. ARGUMENT

1. <u>Randstad's claims have no damages.</u>

Again, all of the claims in the counterclaim filed by Randstad are simply affirmative defenses. The only damages sought by Randstad in its counterclaims is for attorney fees.

Unless awarded as special damages under very limited circumstances not applicable here, attorney fees are, by nature, only allowed by Statute, rule or contract.[5]

Defendant Randstad is stating that it is entitled to attorney fees based upon a unilateral document that must be executed to verify a worker's hours. Notwithstanding that particular fact, assuming arguendo that some sort of an agreement does exist as to what Count's Kustoms must do, or not do, Defendant Randstad is not claiming any actual damages, just attorney fees. Attorney's fees are not damages.[6]

2. <u>Attorney's Fees are not Special Damages.</u>

First, attorney fees may be recovered as special damages if they are pleaded according to NRCP 9(g) and are a "natural and proximate consequence of the injurious conduct." And "As a practical matter, attorney fees are rarely awarded as damages simply because parties have a difficult time demonstrating that the fees were proximately and necessarily caused by the actions of the opposing party and that the fees were a reasonably foreseeable consequence of the breach or conduct. Because parties always know lawsuits are possible when disputes arise, the mere fact that a party was forced to file or defend a lawsuit is insufficient to support an award of attorney fees as damages."[7]

These claims should be made as affirmative defenses and nothing more. Again, the claims are retaliatory, vexatious, unnecessary and designed simply to intimidate the Plaintiff and cause unnecessary expense as evidenced by the submittal of a proposed Amended Answer. The claims do not meet the strict pleading requirements required by FRCP 9, and further, Defendant

---

[5] See, *Ace Truck v. Kahn*, 103 Nev. 503, 512 n. 4, 746 P.2d 132, 138 (1987).
[6] See, *Flamingo Realty, Inc. v. Midwest Development, Inc.*, 110 Nev. 984, 991-992, 879 P.2d 69, 73-74 (1994) (cites omitted).
[7] *Sandy Valley Associates v. Sky Ranch Estates Owners Ass'n.*, 117 Nev. 948, 956-957, 35 P.3d 964, 969-970 (2001), quoting *Id* (fees awarded as damages for filing a frivolous lawsuit vacated as fees were not damages tied to any cause of action and the action was not frivolous pursuant to NRS 18.010(2)(b)).

Randstad is unable to show that fees were a reasonably foreseeable consequence of the alleged breach or conduct by Plaintiff.

Essentially, Randstad is arguing that Plaintiff is in breach of contract because they filed a breach of contract claim against Randstad. Further, that somehow, due to an indemnity clause, the Plaintiff must pay to represent Randstad against Plaintiff. Further, that these clauses exist in a time sheet that must be signed to verify hours only, and that no mutual agreement exists regarding the same.

The attorney fees are a collateral matter handled by this court after the litigation has produced a judgment, assuming the attorney's fees are available by law, rule or contract. Not as damages to claims that are simply affirmative defenses.

As argued in the Plaintiff's Motion and now supported by the affidavit provided by Theo Spyer, the alleged agreement that Defendant Randstad is attempting to claim as enforceable, was, in fact, just the weekly time sheets that were necessary to be provided so that Defendant Frontiera was paid.[8]

3. <u>Randstad's Counterclaims are just Affirmative Defenses.</u>

Notwithstanding the fact that Randstad has provided an acceptable Amended Answer without a counterclaim, the reality is that they have no separate claim for damages. The court does not have to accept the counterclaim as filed.

The alleged agreement is not the original agreement entered into by the parties, but a unilateral document necessary for the submittal of the employee's time each week, attempting to add obligations by Count's Kustoms, without consideration. Again, Randstad appears to be bootstrapping the timesheets into some sort of overall governing agreement, even though they are signed *only to verify the hours of the employee*, as it states under the signature. Further, Defendant Randstad has failed to point to or even allege, any consideration given Count's Kustoms for these alleged obligations. On the other hand, Count's Kustoms *paid* Defendant Randstad to provide a vetted and qualified individual.

---

[8] See Exhibit "E" to Defendant Randstad's Opposition, Doc. 27, Page 1:25 and Page 2:1-2.

As stated in then Motion, after Defendant Frontiera has already been put in the position and after having been given the authority and job functions of a controller and general manager, the very position he was hired for and that Randstad provided him for, Randstad is attempting to rewrite the agreement with time sheets.

Of course, Randstad plays up a time sheet with alleged terms, and ignores the statement that the signature only verifies the hours. Randstad then plays down the representations on their website. But that does not change the fact that Randstad, a self-proclaimed expert in providing qualified and vetted individuals for accounting positions, is now attempting to state that they had no obligation to vette an individual and that the accounting, controller and general manager they provided for that specific position, should not have been able to perform the basic functions of that position. Somehow, Count's Kustoms is responsible for Randstad's own failures, and without any consideration.

Randstad's own employee, Scott Kaplan, admits in his affidavit that Randstad failed to vette Defendant Frontiera,[9] which is clearly in difference to the representations on Randstad's own website.[10]

Randstad seeks nothing but legal fees for having to defend the complaint, and indemnification of the same against the Plaintiff. While some support exists for such a claim against third parties, no separate cause of action exists in Nevada for attorney fees in such a case.[11]

Bottom-line, Randstad has not provided any other written agreement, except for the time sheets, because none exists which would limit the responsibility of Plaintiff or even propose that somehow, the Plaintiff has obligations to Defendant Randstad, in a unilateral document and without any consideration paid by Randstad to Plaintiff.

The Nevada Supreme Court has been very firm and clear on this point, that is, the mere fact that Randstad has to defend this lawsuit, or even bring a lawsuit (in the case of their

---

[9] See, Affidavit of Scott Kaplan, Exhibit "D" to Randstad's Opposition, Doc27, Page 3:1-3
[10] See, Exhibit "2" to Plaintiff's Motion to Strike (Doc 25)
[11] See, *Ace Truck,* Infra. And *Flamingo,* Infra.

attempted counterclaim), is insufficient to claim attorney's fees as damages.[12] And even in their opposition, Randstad fails to state any other damages they have other than claimed attorney fees, *if* they are successful.

## V. CONCLUSION

In accordance with the foregoing, Plaintiff respectfully requests that Defendant/Counter-Claimant Randstad's Counterclaim be stricken such that the claims remain only as affirmative defenses and that the court accept the Amended Answer as provided by Defendant Randstad.

DATED this __25th__ day of May 2016.

BLACK & LOBELLO



_____
STEVEN MACK, ESQ.
Nevada Bar No. 4000
10777 W. Twain Ave., Third Floor
Las Vegas, Nevada 89135
*Attorneys for Plaintiff*

---

[12] *Sandy Valley*, infra.

## CERTIFICATE OF MAILING

Pursuant to FRCP 5(b), I certify that I am an employee of BLACK & LOBELLO and that on the  25th  day of May 2016, I caused the above and foregoing document entitled **PLAINTIFF/COUNTERDEFENDANT'S REPLY TO RANDSTAD PROFESSIONALS US, LP'S OPPOSITION TO PLAINTIFF/ COUNTERDEFENDANT'S MOTION TO STRIKE COUNTERCLAIM OR IN THE ALTERNATIVE, MOTION TO DISMISS AND NON-OPPOSITION TO MOTION TO AMEND ANSWER** to be served as follows:

[ X ]   by electronic service through Wiznet, Clark County Eighth Judicial District Court's electronic filing/service system;

[ ]   pursuant to EDCR 7.26, to be sent via facsimile;

[ ]   hand delivered

to the party or their attorney(s) listed below at the address and/or facsimile number indicated below:

SEYFARTH SHAW LLP
AMY ABELOFF, ESQ. (CBN: 306093)
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Attorneys for Defendant
Randstad Professionals US, LP dba Randstad Professionals

THERESA MAINS, ESQ.
2251 N. Rampart Blvd. #102
Las Vegas, NV  89128
Attorneys for Defendant
Joseph Frontiera

MICHAEL C. MILLS, ESQ.
BAUMAN LOEWE WITT & MAXWELL, PLLC
3650 N. Rancho Dr. Ste 114
Las Vegas, NV  89130
Attorneys for Defendant
Randstad Professionals US, LP dba Randstad Professionals

_/s/ Shirley Blackburn_
An Employee of Black & LoBello