AACC
MICHAEL C. MILLS, ESQ.
Nevada Bar No. 003534
BAUMAN LOEWE WITT & MAXWELL, PLLC
3650 N. Rancho Dr., Ste. 114
Las Vegas, Nevada 89130
Telephone No.: 702-240-6060
Fax No.: 702-240-4267

ERIC R. MCDONOUGH, ESQ.
(Pro Hac Vice Accepted)
AMY A. ABELOFF, ESQ.
(Pro Hac Vice Accepted)
SEYFARTH SHAW LLP
2029 Century Park East, Ste. 3500
Los Angeles, California 90067
Telephone No.: 310-277-7200
Fax No.: 310-201-5219

Attorney for Defendant/Cross-Claimant,
Randstad Professionals US, LP

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| COUNT'S KUSTOMS, LLC, a Nevada corporation, <br><br> Plaintiff, <br><br> vs. <br><br> JOSEPH FRONTIERA, an individual; RANDSTAD PROFESSIONALS; US, LP a Delaware limited partnership, d/b/a RANDSTAD PROFESSIONALS; DOES I through X, and DOE CORPORATIONS XI through XX, inclusive, <br><br> Defendants. | CASE NO: 2:126-CV-00910-JAD-GWF <br><br> **DEFENDANT/CROSS-CLAIMANT RANDSTAD PROFESSIONALS US, LP's FIRST AMENDED ANSWER AND CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA** |
| RANDSTAD PROFESSIONALS US, LP, <br><br> Cross-Claimant, <br><br> JOSEPH FRONTIERA, <br><br> Cross-Defendant. | |

DEFENDANT/CROSS-CLAIMANT RANDSTAD PROFESSIONALS US, LP's FIRST AMENDED ANSWER
AND CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA

- Page 1 of 15 -

27008289v.1
2587073v1

**DEFENDANT/CROSS-CLAIMANT RANDSTAD PROFESSIONALS US, LP's FIRST AMENDED ANSWER AND CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA**

COMES NOW Defendant/Cross-Claimant, Randstad Professionals US, LP ("Randstad"), by and through its counsel of record, Michael C. Mills, Esq., of the law firm of Bauman Loewe Witt & Maxwell, PLLC, and Eric R. McDonough, Esq. and Amy A. Abeloff, Esq., of the law firm of Seyfarth Shaw LLP, and files its First Amended Answer to Complaint and Cross-Claims Against Cross-Defendant Joseph Frontiera ("Frontiera") as follows:

## GENERAL ALLEGATIONS

1. Answering Paragraph 1 of Plaintiff's Complaint, this answering Defendant, Randstad admits the allegations contained therein.

2. Answering Paragraph 2 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to the truth or falsity of the allegations contained therein and upon said ground denies the same, and avers that Frontiera resided in the State of Nevada at the time of his employ with Plaintiff.

3. Answering Paragraph 3 of Plaintiff's Complaint, this answering Defendant Randstad denies the allegations contained therein, and avers that Defendant Randstad is a limited partnership organized under the laws of the State of Delaware.

4. Answering Paragraph 4 of Plaintiff's Complaint, this answering Defendant Randstad denies the allegations contained therein.

5. Answering Paragraph 5 of Plaintiff's Complaint, this answering Defendant Randstad denies the allegations contained therein, and avers that on or around June 17, 2013, Frontiera was hired by CK through the use of Randstad's services to serve as Controller on a temporary basis.

6. Answering Paragraph 6 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to the truth or falsity of the allegations contained therein and upon said ground denies the same.

DEFENDANT/CROSS-CLAIMANT RANDSTAD PROFESSIONALS US, LP's FIRST AMENDED ANSWER AND CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA
- Page 2 of 15 -

27008289v.1
2587073v1

7. Answering Paragraph 7 of Plaintiff's Complaint, this answering Defendant Randstad denies the allegations contained therein, except admits that CK paid to Randstad a fee, and avers that such fee was to compensate Randstad for services rendered to CK as described in the Randstad Finance & Accounting Service Agreement (the "Agreement") that Randstad prepared for CK's and Frontiera's signature.

8. Answering Paragraph 8 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to the truth or falsity of the allegations contained therein as the substance of Paragraph 8 does not clearly designate to which of Frontiera's positions at CK Plaintiff refers, and upon said ground denies the same.

9. Answering Paragraph 9 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to the truth or falsity of the allegations contained therein as the substance of Paragraph 9 does not clearly designate to which of Frontiera's positions at CK Plaintiff refers and upon said ground denies the same, and avers that the Agreement describes the rights, expectations and obligations of all signatories.

10. Answering Paragraph 10 of Plaintiff's Complaint, this answering Defendant Randstad denies the allegations contained therein.

11. Answering Paragraph 11 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to the truth or falsity of the allegations contained therein and upon said ground denies the same.

12. Answering Paragraph 12 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to the truth or falsity of the allegations contained therein as the substance of Paragraph 12 does not clearly designate to which of Frontiera's positions at CK Plaintiff refers, and upon said ground denies the same.

13. Answering Paragraph 13 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to the truth or falsity of the allegations contained therein and upon said ground denies the same.

14. Answering Paragraph 14 of Plaintiff's Complaint, this answering Defendant

DEFENDANT/CROSS-CLAIMANT RANDSTAD PROFESSIONALS US, LP's FIRST AMENDED ANSWER AND CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA

- Page 3 of 15 -

27008289v.1
2587073v1

1. Randstad is without sufficient information upon which to base a belief as to the truth or falsity of the allegations contained therein and upon said ground denies the same.

15. Answering Paragraph 15 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to the truth or falsity of the allegations contained therein and upon said ground denies the same.

16. Answering Paragraph 16 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to the truth or falsity of the allegations contained therein and upon said ground denies the same.

17. Answering Paragraph 17 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to the truth or falsity of the allegations contained therein and upon said ground denies the same.

18. Answering Paragraph 18 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to the truth or falsity of the allegations contained therein and upon said ground denies the same.

19. Answering Paragraph 19 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to the truth or falsity of the allegations contained therein and upon said ground denies the same.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

### (Randstad)

20. Answering mislabeled Paragraph 17 of Plaintiff's Complaint, this answering Defendant Randstad repeats and re-alleges his answers as set forth in Paragraphs 1 through 19 above with the same force and effect as though fully set forth herein.

21. Answering mislabeled Paragraph 18 of Plaintiff's Complaint, this answering Defendant Randstad denies the allegations contained herein, and avers that on or around June 17, 2013, Frontiera was hired by CK through the use of Randstad's services to serve as Controller on a temporary basis.

DEFENDANT/CROSS-CLAIMANT RANDSTAD PROFESSIONALS US, LP's FIRST AMENDED ANSWER AND CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA

- Page 4 of 15 -

27008289v.1
2587073v1

22. Answering mislabeled Paragraph 19 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to the truth or falsity of the allegations contained therein and upon said ground denies the same.

23. Answering mislabeled Paragraph 20 of Plaintiff's Complaint, this answering Defendant Randstad denies the allegations contained therein, except admits that, per the terms and conditions outlined in the Agreement, Randstad conducted its own reference checks on Frontiera and took reasonable steps to verify the accuracy of such, and avers that it performed the contracted services described in the Agreement.

24. Answering mislabeled Paragraph 21 of Plaintiff's Complaint, this answering Defendant Randstad denies the allegations contained herein, and avers that Randstad performed the contracted services described in the Agreement.

25. Mislabeled Paragraph 22 of Plaintiff's Complaint calls for a legal conclusion to which no answer is required, and to the extent it is, this answering Defendant Randstad denies the same.

26. Answering mislabeled Paragraph 23 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to whether the retention of Black & LoBello's services were necessary, and upon said ground denies the same, and every other assertion set forth therein.

## SECOND CLAIM FOR RELIEF

**(Breach of Covenant of Good Faith & Fair Dealing)**

**(Randstad)**

27. Answering mislabeled Paragraph 24 of Plaintiff's Complaint, this answering Defendant Randstad repeats and re-alleges his answers as set forth in Paragraphs 1 through 26 above with the same force and effect as though fully set forth herein.

28. Mislabeled Paragraph 25 of Plaintiff's Complaint calls for a legal conclusion to which no answer is required, and to the extent it is, this answering Defendant Randstad denies the same.

DEFENDANT/CROSS-CLAIMANT RANDSTAD PROFESSIONALS US, LP's FIRST AMENDED ANSWER AND CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA

- Page 5 of 15 -

27008289v.1
2587073v1

29. Answering mislabeled Paragraph 26 of Plaintiff's Complaint, this answering Defendant Randstad denies the allegations contained therein.

30. Answering mislabeled Paragraph 27 of Plaintiff's Complaint, this answering Defendant Randstad denies the allegations contained therein.

31. Mislabeled Paragraph 28 of Plaintiff's Complaint calls for a legal conclusion to which no answer is required, and to the extent it is, this answering Defendant Randstad denies the same.

32. Answering mislabeled Paragraph 29 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to whether the retention of Black & LoBello's services were necessary, and upon said ground denies the same, and every other assertion set forth therein.

## THIRD CLAIM FOR RELIEF

### (Fraud)

### (Frontiera and Randstad)

33. Answering mislabeled Paragraph 30 of Plaintiff's Complaint, this answering Defendant Randstad repeats and re-alleges his answers as set forth in Paragraphs 1 through 32 above with the same force and effect as though fully set forth herein.

34. Answering mislabeled Paragraph 31 of Plaintiff's Complaint, this answering Defendant Randstad denies the allegations contained therein, and avers that on or around June 17, 2013, Frontiera was hired by CK through the use of Randstad's services to serve as Controller on a temporary basis, and further avers that it performed the contracted services described in the Agreement.

35. Answering mislabeled Paragraph 32 of Plaintiff's Complaint, this answering Defendant Randstad denies the allegations contained therein, except admits that it conducted reference checks on Frontiera as referenced in the Agreement.

36. Answering mislabeled Paragraph 33 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to the truth

DEFENDANT/CROSS-CLAIMANT RANDSTAD PROFESSIONALS US, LP's FIRST AMENDED ANSWER AND CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA

or falsity of the allegations contained therein and upon said ground denies the same.

37. Answering mislabeled Paragraph 34 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to the truth or falsity of the allegations contained therein and upon said ground denies the same.

38. Answering mislabeled Paragraph 35 of Plaintiff's Complaint, this answering Defendant Randstad denies the allegations contained therein.

39. Answering mislabeled Paragraph 36 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to the truth or falsity of the allegations contained therein and upon said ground denies the same.

40. Answering mislabeled Paragraph 37 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to the truth or falsity of the allegations contained therein and upon said ground denies the same.

41. Mislabeled Paragraph 38 of Plaintiff's Complaint calls for a legal conclusion to which no answer is required, and to the extent it is, this answering Defendant Randstad denies the same.

42. Mislabeled Paragraph 39 of Plaintiff's Complaint calls for a legal conclusion to which no answer is required, and to the extent it is, this answering Defendant Randstad denies the same.

43. Answering mislabeled Paragraph 40 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to whether the retention of Black & LoBello's services were necessary, and upon said ground denies the same, and every other assertion set forth therein.

### FOURTH CLAIM FOR RELIEF

**(Negligent Misrepresentation)**

**(Randstad)**

44. Answering mislabeled Paragraph 41 of Plaintiff's Complaint, this answering Defendant Randstad repeats and re-alleges his answers as set forth in Paragraphs 1 through 43

DEFENDANT/CROSS-CLAIMANT RANDSTAD PROFESSIONALS US, LP's FIRST AMENDED ANSWER AND CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA

- Page 7 of 15 -

27008289v.1
2587073v.1

above with the same force and effect as though fully set forth herein.

45. Mislabeled Paragraph 42 of Plaintiff's Complaint calls for a legal conclusion to which no answer is required, and to the extent that it is, this answering Defendant Randstad denies the same.

46. Answering mislabeled Paragraph 43 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to the truth or falsity of the allegations contained therein and upon said ground denies the same.

47. Mislabeled Paragraph 44 of Plaintiff's Complaint calls for a legal conclusion to which no answer is required, and to the extent it is, this answering Defendant Randstad denies the same.

48. Answering mislabeled Paragraph 45 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to whether the retention of Black & LoBello's services were necessary, and upon said ground denies the same, and every other assertion set forth therein.

## FIFTH CLAIM FOR RELIEF

### (Unjust Enrichment)

### (Frontiera and Randstad)

49. Answering mislabeled Paragraph 46 of Plaintiff's Complaint, this answering Defendant Randstad repeats and re-alleges his answers as set forth in Paragraphs 1 through 48 above with the same force and effect as though fully set forth herein.

50. Answering mislabeled Paragraph 47 of Plaintiff's Complaint, this answering Defendant Randstad denies the allegations contained therein.

51. Answering mislabeled Paragraph 48 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to the truth or falsity of the allegations contained therein and upon said ground denies the same.

52. Mislabeled Paragraph 49 of Plaintiff's Complaint calls for a legal conclusion to which no answer is required, and to the extent it is, this answering Defendant Randstad denies

DEFENDANT/CROSS-CLAIMANT RANDSTAD PROFESSIONALS US, LP's FIRST AMENDED ANSWER AND CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA

- Page 8 of 15 -

27008289v.1
2587073v1

the same.

53. Mislabeled Paragraph 50 of Plaintiff's Complaint calls for a legal conclusion to which no answer is required, and to the extent it is, this answering Defendant Randstad denies the same.

54. Answering mislabeled Paragraph 51 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to whether the retention of Black & LoBello's services were necessary, and upon said ground denies the same, and every other assertion set forth therein.

### SIXTH CLAIM FOR RELIEF

### (Conversion/Constructive Trust)

### (Frontiera)

55. Answering mislabeled Paragraph 52 of Plaintiff's Complaint, this answering Defendant Randstad repeats and re-alleges his answers as set forth in Paragraphs 1 through 54 above with the same force and effect as though fully set forth herein.

56. Answering mislabeled Paragraph 53 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to the truth or falsity of the allegations contained therein and upon said ground denies the same.

57. Answering mislabeled Paragraph 54 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to the truth or falsity of the allegations contained therein and upon said ground denies the same.

58. Mislabeled Paragraph 55 of Plaintiff's Complaint calls for a legal conclusion to which no answer is required, and to the extent it is, this answering Defendant Randstad denies the same.

59. Answering mislabeled Paragraph 56 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to whether the retention of Black & LoBello's services were necessary, and upon said ground denies the same, and every other assertion set forth therein.

DEFENDANT/CROSS-CLAIMANT RANDSTAD PROFESSIONALS US, LP's FIRST AMENDED ANSWER AND CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA

- Page 9 of 15 -

27008289v.1
2587073v1

## SEVENTH CLAIM FOR RELIEF

### (Embezzlement - Civil Theft)

### (Frontiera)

60. Answering mislabeled Paragraph 57 of Plaintiff's Complaint, this answering Defendant Randstad repeats and re-alleges his answers as set forth in Paragraphs 1 through 59 above with the same force and effect as though fully set forth herein.

61. Answering mislabeled Paragraph 58 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to the truth or falsity of the allegations contained therein and upon said ground denies the same.

62. Answering mislabeled Paragraph 59 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to the truth or falsity of the allegations contained therein and upon said ground denies the same.

63. Mislabeled Paragraph 60 of Plaintiff's Complaint calls for a legal conclusion to which no answer is required, and to the extent it is, this answering Defendant Randstad denies the same.

64. Mislabeled Paragraph 61 of Plaintiff's Complaint calls for a legal conclusion to which no answer is required, and to the extent it is, this answering Defendant Randstad denies the same.

65. Answering mislabeled Paragraph 62 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to whether the retention of Black & LoBello's services were necessary, and upon said ground denies the same, and every other assertion set forth therein.

## EIGHTH CLAIM FOR RELIEF

### (Negligent Supervision)

### (Randstad)

66. Answering mislabeled Paragraph 63 of Plaintiff's Complaint, this answering

DEFENDANT/CROSS-CLAIMANT RANDSTAD PROFESSIONALS US, LP's FIRST AMENDED ANSWER AND CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA

- Page 10 of 15 -

27008289v.1
2587073v1

Defendant Randstad repeats and re-alleges his answers as set forth in Paragraphs 1 through 65 above with the same force and effect as though fully set forth herein.

67. Answering mislabeled Paragraph 64 of Plaintiff's Complaint, this answering Defendant Randstad denies the allegations contained therein.

68. Answering mislabeled Paragraph 65 of Plaintiff's Complaint, this answering Defendant Randstad denies the allegations contained therein, and avers that it performed the contracted services described in the Agreement.

69. Mislabeled Paragraph 66 of Plaintiff's Complaint calls for a legal conclusion to which no answer is required, and to the extent it is, this answering Defendant Randstad denies the same.

70. Answering mislabeled Paragraph 67 of Plaintiff's Complaint, this answering Defendant Randstad is without sufficient information upon which to base a belief as to whether the retention of Black & LoBello's services were necessary, and upon said ground denies the same, and every other assertion set forth therein.

71. Mislabeled Paragraph 68 of Plaintiff's Complaint calls for a legal conclusion to which no answer is required, and to the extent it is, this answering Defendant Randstad denies the same.

## CONCLUDING ANSWER TO ALL ALLEGATIONS

All allegations not specifically addressed above due to the nature of the language and construction of the allegations, or for any other reason, are specifically denied.

## AFFIRMATIVE DEFENSES

FIRST:   Defendant alleges that the allegations contained in Plaintiff's Complaint fail to state causes of action against Defendant upon which relief can be granted.

SECOND:   Defendant alleges that Plaintiff's allegations are barred by the doctrine of laches.

THIRD:   Defendant alleges that Plaintiff's allegations are barred because Plaintiff had knowingly and voluntarily assumed any risks at issue.

FOURTH: It has been necessary for Defendant Randstad to employ the services of Mills & Associates and Seyfarth Shaw LLP to defend this action, and a reasonable sum should be allowed Defendant as and for attorney's fees, together with costs expended in this action.

FIFTH: Defendant alleges that the incidents alleged in the Complaint, and the alleged damages, if any, to Plaintiff were proximately caused or contributed to by Plaintiff's own negligence and such negligence was greater than any of the Defendant's negligence.

SIXTH: Defendant alleges that Plaintiff did not exercise ordinary care, caution, or prudence over the direction, supervision or control of Defendant Frontiera to avoid the alleged harm it suffered, and the alleged harm, if any, complained of was directly and proximately contributed to and caused by fault, carelessness, and negligence of Plaintiff.

SEVENTH: Defendant alleges that Plaintiff has failed, in whole or in part, to mitigate its alleged damages.

EIGHTH: Pursuant to NRCP 11, as amended, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendant's Answer, and therefore, this answering Defendant reserves the right to amend its Answer to allege additional Affirmative Defenses if subsequent investigation so warrants.

NINTH: Defendant alleges that Plaintiff breached its Agreement with Defendant, and that breach is the cause of the alleged harm to the Plaintiff.

TENTH: Defendant alleges that the alleged acts of Frontiera are an intervening and superseding cause of any alleged harm to the Plaintiff.

ELEVENTH: Defendant alleges that at diverse dates and times, Frontiera was an employee of CK, and Randstad cannot be held liable for CK's or Frontiera's acts, omissions, negligence or intentional acts.

WHEREFORE, this answering Defendant Randstad hereby pray for judgment as follows:

1. That Plaintiff takes nothing by reason of the Complaint on file herein;

DEFENDANT/CROSS-CLAIMANT RANDSTAD PROFESSIONALS US, LP's FIRST AMENDED ANSWER AND CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA

27008289v.1
2587073v1

2. That this answering Defendant be awarded reasonable attorney's fees and costs for the defense of this matter;

3. For such other and further relief as the Court deems just and proper.

DATED this 14th day of July 2016.

        BAUMAN LOEWE WITT & MAXWELL, PLLC

        */s/ Michael C. Mills*

        MICHAEL C. MILLS, ESQ.
        Nevada Bar No. 003534
        3650 N. Rancho Dr., Ste. 114
        Las Vegas, NV 89130

        ERIC R. MCDONOUGH, ESQ.
        (Pro Hac Vice Accepted)
        AMY A. ABELOFF, ESQ.
        (Pro Hac Vice Accepted)
        SEYFARTH SHAW LLP
        2029 Century Park East, Ste. 3500
        Los Angeles, California 90067
        Telephone No.: 310-277-7200
        Fax No.: 310-201-5219

        Attorneys for Defendant/Cross-Claimant
        Randstad Professionals US, LP

DEFENDANT/CROSS-CLAIMANT RANDSTAD PROFESSIONALS US, LP's FIRST AMENDED ANSWER AND CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA

- Page 13 of 15 -

27008289v.1
2587075v1

## DEFENDANT RANDSTAD'S CROSS-CLAIMS AGAINST CROSS-DEFENDANT FRONTIERA

COMES NOW, Cross-Claimaint, Randstad Professionals US, LP ("Defendant" or "Randstad") a Delaware limited partnership, by and through its attorneys of record, Michael C. Mills, Esq. of Bauman Loewe Witt & Maxwell, PLLC, and Eric R. McDonough, Esq. (pro hac vice pending) and Amy A. Abeloff, Esq. (pro hac vice accepted) of Seyfarth Shaw LLP, and hereby files these Cross-Claims against the above-named Cross-Defendant, and alleges as follows:

## CROSS-CLAIM AGAINST FRONTIERA

1. Cross-Defendant Joseph Frontiera at the time of the issues in question herein, resided in the State of Nevada.

2. It has become necessary for Cross-Claimant Randstad ("Randstad") to retain the services of an attorney to prosecute this Cross-Claim and, therefore, Randstad should be awarded attorney's fees and costs of suit that are incurred as a result of this litigation.

## CONTRIBUTION & INDEMNITY

3. Randstad alleges that in the event it is found to be liable to Plaintiff Count's Kustom's, LLC ("CK") or to any other party for any damages, or if payment is made by Randstad to CK or any other party as a result of the incidents or occurrences described in CK's Complaint, then Randstad's liability or payments is based upon the acts and/or omissions, including, without limitation, alleged negligence, breach of warranties (express and/or implied), breach of contract, and breach of fiduciary duties, of CK and/or Frontiera, and therefore Randstad is entitled to contribution and indemnity to the fullest extent permitted by law from Frontiera.

4. That is has become necessary for Randstad to retain the services of an attorney to prosecute this Cross-Claim and, therefore, said Randstad should be awarded attorney's fees and costs of suit that are incurred as a result of this litigation.

DEFENDANT/CROSS-CLAIMANT RANDSTAD PROFESSIONALS US. LP's FIRST AMENDED ANSWER AND CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA

- Page 14 of 15 -

27008289v.1
2587073v1

WHEREFORE, Cross-Claimant Randstad, prays as follows:

1. For judgment against Cross-Defendant Frontiera in amounts to be determined at the time of trial;
2. For costs, disbursements and attorneys' fees; and
3. For such other and further relief as the Court deems just and proper.

DATED this 14th day of July 2016.

BAUMAN LOEWE WITT & MAXWELL, PLLC

*/s/ Michael C. Mills*

MICHAEL C. MILLS, ESQ.
Nevada Bar No. 003534
3650 N. Rancho Dr., Ste. 114
Las Vegas, NV 89130

ERIC R. MCDONOUGH, ESQ.
(Pro Hac Vice Accepted)
AMY A. ABELOFF, ESQ.
(Pro Hac Vice Accepted)
SEYFARTH SHAW LLP
2029 Century Park East, Ste. 3500
Los Angeles, California 90067
Telephone No.: 310-277-7200
Fax No.: 310-201-5219

Attorneys for Defendant/Plaintiff-in-Counterclaim/Cross-Claimant Randstad Professionals US, LP

//
//
//
//

DEFENDANT/CROSS-CLAIMANT RANDSTAD PROFESSIONALS US, LP's FIRST AMENDED ANSWER AND CROSS-CLAIMS AGAINST CROSS-DEFENDANT JOSEPH FRONTIERA

- Page 15 of 15 -

27008289v.1
2587073v.1