Theresa Mains, Esq.
Nevada Bar 13373
2251 N. Rampart Blvd. #102
Las Vegas, NV 89128
(702) 684-6163; Fax: (702)541-6743
Theresa@TheresaMainsPA.Com
*Attorney for Defendant/Cross Defendant*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| COUNT'S KUSTOMS, LLC<br><br>       Plaintiff,<br><br>vs.<br><br>JOSEPH FRONTIERA, an Individual, and RANDSTAD PROFESSIONALS, DOES I through X, and DOE CORPORATIONS XI through XX, inclusive,<br><br>       Defendants.<br><br>RANDSTAND PROFESSIONALS US, LP,<br><br>       Plaintiff in Counterclaim,<br><br>vs.<br><br>COUNT'S KUSTOMS, LLC,<br><br>       Defendant in Counterclaim,<br><br>RANDSTAND PROFESSIONALS US, LP,<br><br>       Cross Claimant<br><br>vs.<br><br>JOSEPH FRONTIERA,<br><br>       Cross Defendant | CASE NO.:   2:16-CV-00910-JAD-GWF<br><br><br><br>**JOINT MOTION TO REOPEN DISCOVERY AND EXTEND DEADLINES**<br>**(FIRST REQUEST)** |

## JOINT MOTION TO REOPEN DISCOVERY AND EXTEND DEADLINES
### (First Request)

Plaintiff Count's Kustoms, LLC, through its counsel, Steven Mack, Esq., and Defendant Joseph Frontiera, through his counsel Theresa Mains, Esq. jointly and respectfully move this Court to reopen and extend discovery deadlines. This Motion is based on the following memorandum of points and authorities, and pleadings and papers on file, and any further evidence the Court deems appropriate to consider.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   BACKGROUND

On June 23, 2016, the Discovery Plan and Scheduling Order was entered. (ECF 40). On July 22, 2016, all parties, through their respective Counselors filed a Joint Motion to Schedule a Pre-Discovery Settlement Conference with Honorable Magistrate Judge Foley with suggested dates in August 2016. (ECF 45). On July 25, 2016 Magistrate Judge Foley ordered the Settlement Conference for 9:00 a.m. on September 7, 2016. (ECF 46). On September 7, 2016, a Settlement Conference was conducted with Hon. George Foley. (ECF 52). A Settlement was reached between Plaintiff and Defendant Randstad Professionals US, LP. No Settlement was reached between Plaintiff and Defendant Frontiera and the Court found the case should be returned to the normal litigation track. (ECF 52).

Pursuant to the Discovery Plan and Scheduling Order all discovery was to be completed no later than November 21, 2016. (ECF 40). Dispositive motions were to be filed by December 21, 2016 and, if no Dispositive motions are filed then the parties joint pretrial order was to be filed by January 20, 2017. (ECF 40). An Interim Status Report was to be

filed on or before September 22, 2016, as required by LR 26-3 stating the time estimated for trial and whether or not in the opinion of counsel who will be trying the case, the trial will be eliminated or its length affected by substantive motions. (ECF 40).

The Parties file this Joint Motion to Reopen Discovery and Extend Deadlines and as demonstrated below the failure to act was due to good cause and excusable neglect.

## II. APPLICABLE LAW

Local Rule 26-4 provides:

> A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect. A motion or stipulation to extend a discovery deadline or to reopen discovery must include:
>
> (a) A statement specifying the discovery completed;
>
> (b) A specific description of the discovery that remains to be completed;
>
> (c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and
>
> (d) A proposed schedule for completing all remaining discovery.

## III. LEGAL ARGUMENT

The parties submit that there is good cause to reopen discovery and extend deadlines in this case and further they can demonstrate excusable neglect for not having filed this motion 21 days prior to the expiration of the deadlines. The parties here provide the following information related to their request.

### A. *Background Information*

### 1. Discovery completed

As of the filing of this motion, Plaintiffs have provided their initial discovery of a production of documents pursuant to FRCP 26. Neither party has served any written discovery to each other. Plaintiff sent Defendant a Notice of Taking Deposition of Joseph Frontiera scheduled for March 17, 2017.

### 2. Discovery that remains to be completed

As of the filing of this motion, Counsel for the parties have conferred on what discovery each party will need given the scheduling difficulties explained below and the status of the missed deadlines. Plaintiff's counsel plans to conduct written discovery. Defendant's counsel will want to take a FRCP 30(b)(6) deposition of a representative of Plaintiff. Defendant will also seek written discovery requests as described in Defendant's FRCP 26(e) Initial Disclosures provided on June 29, 2016. The parties may use experts for accounting purposes, if the parties are unable to agree on the amounts in dispute.

### 3. Reasons why the deadlines were not satisfied

Since the Settlement Conference held on September 7, 2016, the parties have conferred and have been actively engaged in settlement negotiations in an effort to resolve the matter. However, to date no settlement has been reached however the parties are still in discussion.

In or around July 2015, Plaintiffs filed a police report with the Las Vegas Metro Police against Defendant and Defendant faces criminal charges in Clark County District Court for the same set of facts as alleged in the Plaintiff's Complaint. And in September 10, 2015 an arrest warrant was issued. Defendant nor Defendant's Counsel was made aware of the warrant until June 2016. Defendant lives in northern Florida. Counsel immediately filed

THERESA MAINS, ESQ., MACC, CFE
2251 N. Rampart Blvd., Suite 102
Las Vegas, Nevada 89128

Motion to Recall arrest and had Defendant travel from Florida to turn himself in to be released on own recognizance. Defendant has obtained separate counsel for the criminal case. Since this time a preliminary hearing has been reset several times and due to the preliminary hearing being reset within the criminal case it has not progressed, which was not in the control of the Counsels in this case. Defendant also had a major operation in September 2016 and has been undergoing a series of medical treatments. Defendant is waiting for the preliminary hearing to schedule another operation and to allow himself recovery time.

Defendant's counsel did not anticipate Defendant's preliminary hearing to be reset multiple times and anticipated in having a more concise forecast of scheduling and other logistics. Defense counsel conferred with Plaintiff's counsel in early November and again in January, both agreeing to request an extension from this Court as counsels are waiting to see the status of the criminal matter before deciding whether to file motion to stay discovery or extend. Both Parties' counsel has agreed to an extension based upon the status of the underlying criminal case.

The Parties have been in communication and Plaintiff's Counsel has accommodated Defendant, as to the criminal dates and with the deposition scheduling to occur while Defendant is in Las Vegas for the next Preliminary Hearing.

**4.    Proposed Schedule for Discovery Plan and Scheduling Order:**

1. The Discovery cut-off date should be **May 21, 2017**.

2. Dispositive motions should be filed no later than 30 days after discovery cut-off date and filed on or before **June 21, 2017**.

3. **Pretrial Order**. If no dispositive motions are filed, the joint pretrial order should

be filed by **July 20, 2017**. If dispositive motions are filed, the date for filing the joint pretrial order should be suspended until 30 days after the decision on the dispositive motion or by further order of the court.

4. **Interim Status Report.** On or before March 22, 2017, 60 days prior to the close of discovery, the parties should file an Interim Status Report as required by LR 26-3, stating the time estimated for trial, providing three alternative dates for trial, and stating whether or not in the opinion of counsel who will be trying the case, the trial will be eliminated or its length affected by substantive motions.

5. **Extensions or Modifications of the Discovery Plan and Scheduling Order**. In addition, in accordance with LR 26-4, any stipulation or motion for modification or extension of this discovery plan should be made no later than 20 days before the discovery cut-off date or no later than May 1, 2017.

### B.  *Good Cause Supports the Parties' Request to Reopen Discovery and Extend Deadlines*

The Parties submit there is good cause to reopen discovery and extend deadlines. In deciding whether to reopen discovery, courts consider the following factors: 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the

discovery will lead to relevant evidence.[1]  Whether to reopen discovery rests in the court's sound discretion.[2]

A trial in this matter is not imminent.  Since this is a joint motion, neither parties are opposed.  The parties have been conferring with each other and Plaintiff's counsel has been accommodating to Defendant's geographical and health challenges as well as the situation with the criminal case.  Both parties have been diligent considering they do not require much discovery or depositions.  An ability to schedule rested with the Defendant's ability to travel and the status of the criminal case.

In light of the time allowed for discovery, as proposed, the foreseeability for the need for additional discovery is minimal.  The discovery that Defendant seeks will lead to relevant evidence as it is primarily seeking only written discovery of the financial records of Plaintiff.  Plaintiff's discovery requests will be fairly typical of similar cases.

### C.   *Excusable Neglect Supports the Parties' Failure to Act Earlier*

Local Rule 26-4 provides that a request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect.

Excusable neglect "encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence."[3]  Excusable neglect includes "omissions caused

---

[1] *U.S. ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir.1995), cert. granted in part, 519 U.S. 926, 117 S.Ct. 293, 136 L.Ed.2d 212, judgment vacated on other grounds, 520 U.S. 939, 117 S.Ct. 1871, 138 L.Ed.2d 135 (1997), citing, *Smith v. United States*, 834 F.2d 166, 169 (10th Cir.1987).
[2] *U.S. ex rel. Schumer*, 63 F.3d at 1526.
[3] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 394, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993),

by carelessness"[4] The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."[5] To determine when neglect is excusable, we conduct the equitable analysis specified in Pioneer by examining "at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." [6]

As stated in the factors considered for good faith, the parties are jointly filing this motion and there is no danger of prejudice to reopen and extend discovery. The next factor this Court should consider is that length of delay is minimal as well as the potential impact on the proceedings is also minimal. The reasons for the delay as explained above were unforeseeable for both counsel, as the criminal case has affected the continuity of this case. Defense counsel did not know until June 2016 that Defendant had an arrest warrant. Because Defendant lives in Florida and has been undergoing medical treatment, travel arrangements have been challenging. It also has not been foreseeable as to when the Defendant's criminal attorney and the District Attorney are resetting the preliminary hearing multiple times. In fact, the Defendant has not even had a preliminary hearing in the criminal matter. Because the criminal matter is based on the same set of facts Defense counsel was foreseeing more solidarity on the progression of the two cases to enable counsel to strategize and determine whether to stay discovery or advise her client accordingly with discovery open.

The delays were done in good faith. The parties have been actively discussing

---

[4] *Id.* at 388, 113 S.Ct. 1489.
[5] *Id.*
[6] *Bateman*, 231 F.3d at 1223–24 (citing *Pioneer,* 507 U.S. at 395, 113 S.Ct. 1489).

settlement and any delays and the reasons were communicated amongst counsel. Neither Counsel for the parties suggest or feel any bad faith delaying tactics were the cause of these delays.

## IV.   CONCLUSION

For the reason discussed the Plaintiff and Defendant respectfully ask this Court, in its discretion grant this Motion to Reopen Discovery and Extend the Deadlines.

**Proposed Schedule for Discovery Plan and Scheduling Order:**

1. The Discovery cut-off date should be **May 31, 2017**.

2. Dispositive motions should be filed no later than 30 days after discovery cut-off date and filed on or before **June 30, 2017**.

3. **Pretrial Order**. If no dispositive motions are filed, the joint pretrial order should be filed by **July 28, 2017**. If dispositive motions are filed, the date for filing the joint pretrial order should be suspended until 30 days after the decision on the dispositive motion or by further order of the court.

4. **Interim Status Report.** On or before March 31, 2017, 60 days prior to the close of discovery, the parties should file an Interim Status Report as required by LR 26-3, stating the time estimated for trial, providing three alternative dates for trial, and stating whether or not in the opinion of counsel who will be trying the case, the trial will be eliminated or its length affected by substantive motions.

5. **Extensions or Modifications of the Discovery Plan and Scheduling Order**. In addition, in accordance with LR 26-4, any stipulation or motion for modification or extension of this discovery plan should be made no later than 20 days before the discovery cut-off date or no later than May 11, 2017.

Dated: February 28, 2017.

/s/Theresa Mains
Theresa Mains, Esq. (Nevada Bar 13373)
2251 N. Rampart Blvd. #102
Las Vegas, NV 89128
(702) 684-6163; Fax: (702)541-6743
Theresa@TheresaMainsPA.Com
*Attorney for Defendant*

/s/ Steven Mack
Steven Mack
Black & LoBello
10777 West Twain Ave., Ste. 300
Las Vegas, NV 89135
702-869-8801/Fax: 702-869-2669
Email: Smack@BlackLobelloLaw.com
*Attorney for Plaintiff*

**ORDER**

IT IS SO ORDERED:

DATED: 03/06/2017

*[signature: George Foley Jr.]*

UNITED STATES MAGISTRATE JUDGE